# Chart of D.C. Board Adult Reparole Decisions Where Parole Was Directed to Serve Time in Jail/Prison After Revocation

| Ref No. | Name | Conviction Charge | Conviction Date | Revocation Basis | Revocation Date | First Parole Consideration Date | Release to Reparole Date | Time between revocation and release to reparole | Reason for Grant or Denial at First Reparole Consideration Date | If Not Released After First Reparole Consideration Date, Ultimate Reason for Grant of Reparole | Reparole after service of set-off contingent on Underlying Conviction/Revocation Conduct? |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 226 | [REDACTED] | Burglary II, Assault with a Deadly Weapon, Unauthorized Use of a Vehicle, Prison Breach | 12/3/1992 | Unauthorized Use of a Vehicle, Noncriminal | 2/24/1989 | 8/31/1989 | 9/6/1989 | 6 months | **Granted reparole: sufficient rehabilitative conduct** (C&P counseling, substance abuse counseling, work detail, vocational school, did not complete DAAPT "through no fault of his [own]," outstanding in all program areas, not management problem, see also BK06929 (Board Order), BK06945 (Board Document confirming release date) | n/a - Already released | No |
| 227 | [REDACTED] | Distribution of Cocaine | 6/30/1994 | Noncriminal | 6/30/1998 | 11/11/1998 | 1/22/1999 | 7 months | **Granted reparole: set-off served** (Revocation order imposed instructions/conditions: "narcotics surveillance, outpatient drug program" B#156328 (Board Order); B#156325 (Certificate of Parole) | n/a - Already released | No |
| 228 | [REDACTED] | Manslaughter Attempted Robbery/ Armed Robbery (2) | 7/24/1974 12/2/1981 3/2/1981 9/28/1981 | Noncriminal | 12/15/1997 | 3/19/1998 | 9/15/1998 | 9 months | **Granted reparole: sufficient rehabilitative conduct** (suitable also for inpatient drug treatment program, B#041377, see also B#041374 (Board Order); B#041372 (Certificate of Parole) | n/a - Already released | No |
| 229 | [REDACTED] | Burglary II, Taking Property without right | 8/19/1988 | Theft II | 7/18/1995 | 3/28/1996 | 7/5/1996 | 12 months | **Granted reparole: sufficient rehabilitative conduct** ("subject has has done what we asked of him no more no less, he has no adverse actions." B#299889, see also B#299883 (Board Order); B#299879 (Certificate of Parole) | n/a - Already released | No |
| 230 | [REDACTED] | Burglary II, Taking Property Without Right | 8/19/1988 | Noncriminal | 10/8/1993 | 3/28/1994 | 5/2/1994 | 7 months | **Granted reparole: set-off served** (Revocation order imposed conditions, narcotics surveillance, outpatient drug program, B#289882, see also B#299877 (Certificate of Parole) | n/a - Already released | No |
| 231 | [REDACTED] | Burglary II x 2 Unauthorized Use of a Vehicle | 11/14/1979 | Unlawful Entry | 3/13/1985 | 12/17/1985 | 6/30/1986 | 14 months | **Denied reparole: insufficient rehabilitative conduct** ("Institutional adjustment has been viewed as unsatisfactory." B#300543 (Board Order) | **Granted reparole: sufficient rehabilitative conduct** ("because of his positive [institutional] adjustment [he] has earned the right...for reparole consideration." B#300542, see also B#300538 (Board Order); B#300539 (Certificate of Parole) | No |
| 232 | [REDACTED] | Attempted Possession with Intent to Distribute Heroin, Distribution & Possession Heroin | 11/14/1985 3/20/1991 | Possession of Heroin, Possession of Cocaine, Possession of Drug Paraphernalia, Shoplifting | 8/29/1994 | 6/26/1996 | 11/15/1996 | 26 months | **Granted reparole: sufficient rehabilitative conduct** ("subject has satisfactorily completed available programming...no DRs," B#074687, see also B#074682 (Board Order); B#074680 (Certificate of Parole) | n/a - Already released | No |
| 233 | [REDACTED] | Attempted Possession with Intent to Distribute Heroin, Distribution & Possession Heroin | 11/14/1985 3/20/1991 | Possession with Intent to Distribute Cocaine | 7/24/1992 | 1/7/1993 | 3/19/1993 | 8 months | **Granted reparole because served set-off** (Revocation order imposed conditions narcotics anonymous and outpatient drug program, B#074806, see also B#074798 (Certificate of Parole) | n/a - Already released | No |
| 234 | [REDACTED] | Assault with a Dangerous Weapon | 10/18/1989 | Noncriminal | 1/8/1998 | 8/3/1998 | 8/5/1999 | 19 months | **Granted reparole: sufficient rehabilitative conduct** ("he has n/a complied with the Board's and the Institution's expectations." B#160646, see also B#160611 (Board Order), B#160610 (Certificate of Parole) | n/a - Already released | No |

# Chart of D.C. Board Adult Reparole Decisions Where Parolee Was Directed to Serve Time in Jail/Prison After Revocation

| Ref No. | Name | Conviction Charge | Conviction Date | Revocation Basis | Revocation Date | First Reparole Consideration Date | Release to Reparole Date | Time between revocation and release to reparole | Reason for Grant or Denial at First Reparole Consideration Date | If Not Released After First Reparole Consideration Date, Ultimate Reason for Grant of Reparole | Reparole after service of set-off contingent on Underlying Conviction/Revocation Conduct? |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 235 | [REDACTED] | Manslaughter; Armed robbery | 4/5/1985 | Theft | 12/8/1994 | 5/31/1995 | 2/26/1996 | 15 months | **Granted reparole: sufficient rehabilitative conduct** revocation hearing "ordered to address his drug addiction" completed SAP, attends NA. BK04239042, see also BK042387 (Board Order), BK042386 (Certificate of Parole) | (a) n/a Already released | No |
| 236 | [REDACTED] | Attempted Distribution of Cocaine; Attempted Distribution of Dilaudid | 12/11/1989 12/12/1989 | Noncriminal | 8/18/1994 | 5/16/1995 | 2/23/1997 | 30 months | **Granted reparole: set-off served.** BK357481-337484, see also BK337480 (Board Order) Subsequently rescinded337395 (Hearing Summary), see also BK337382 because "went on escape." BK337452; BK337447 (Board Order), BK337385 (Certificate of Parole) | n/a Already released | No |
| 237 | [REDACTED] | Distribution of Preludin, Distribution of Dilaudid | 10/23/1985 | Noncriminal | 4/29/1997 | 2/11/1998 | 4/13/1998 | 12 months | **Granted reparole: sufficient rehabilitative conduct** ("during this set-off period, subject has programmed. he has no DRs." BK042831, see also BK042826 (Board Order); BK042823 (Certificate of Parole) | n/a Already released | No |
| 238 | [REDACTED] | Distribution of Preludin, Distribution of Dilaudid | 10/23/1985 | no criminal | 11/9/1994 | 5/25/1995 | 6/19/1996 | 21 months | **Denied reparole: insufficient rehabilitative conduct** ("Subject's recent failure in the work release program indicates that he is not ready for reparole release." BK042904, see also BK042901 (Board Order)) | n/a Already released | No |
| 239 | [REDACTED] | Assault with Intent to Rob While Armed x 2; Carrying a Pistol Without a License; Attempted to Possession with intent to Distribute Heroin | 10/18/1980 10/27/1992 | Possession with Intent to Distribute Heroin | 5/26/1998 | 8/21/1998 | 2/25/1999 | 9 months | **Granted reparole: set-off served** (Revocation order imposed instructions narcotics anonymous, drug abstinence, complete substance abuse program. BK356997, see also BK356993 (Board Order), BK356887 (Certificate of Parole)) | n/a Already released | No |
| 240 | [REDACTED] | Distribution of Preludin x 2; Possession with Intent to Distribute | 11/19/1986 12/4/1986 | Issuing Worthless Checks, Possession of Cocaine | 4/30/1995 | 6/12/1995 | 12/20/1995 | 8 months | **Granted reparole: set-off served** (Revocation order imposed condition inpatient drug program. BK300692; see also BK300942 (Board Order); BK300937(Certificate of Parole)) | n/a Already released | No |
| 241 | [REDACTED] | Burglary II | 7/17/1980 | Manslaughter | 1/10/1990 | 6/19/1990 | 8/23/1990 | 7 months | **Granted reparole: sufficient rehabilitative conduct** ("has complied with everything requested of him and hasn't been a report problem." BK338035, see also BK338043 (Board Order), BK338085 (Certificate of Parole)) | n/a Already released | No |
| 242 | [REDACTED] | Murder II; Attempted Robbery while Armed | 2/26/1986 | Armed Robbery/Deadly Weapon Possession of Cocaine | 1/28/1994 | 12/1/1995 | 2/28/1996 | 15 months | **Granted reparole: sufficient rehabilitative conduct** ("No further purpose is served by more incarceration. He says he has learned his lesson." BK043754, see also BK043749 (Board Order); BK043745 (Certificate of Parole)) | n/a Already released | No |
| 243 | [REDACTED] | Burglary II/Bail Reform Act | 4/9/1987 | Housebreaking | 12/22/1997 | 5/11/1998 | 6/15/1998 | 6 months | **Granted reparole: sufficient rehabilitative conduct** ("he has excellent [work] reports from electrical squad" BK301855, see also BK301850 (Board Order), BK301848 (Certificate of Parole)) | ("he has/n/a Already released | No |

# Chart of D.C. Board Adult Reparole Decisions Where Parolee Was Directed to Serve Time in Jail/Prison After Revocation

| Ref No. | Name | Conviction Charge | Conviction Date | Revocation Basis | Revocation Date | First Reparole Consideration Date | Release to Reparole Date | Time between revocation and release to reparole | Reason for Grant or Denial at First Reparole Consideration Date | If Not Released After First Reparole Consideration Date, Ultimate Reason for Grant of Reparole | Reparole after service of set-off contingent on Underlying Conviction/Revocation Conduct? |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 244 | [REDACTED] | Murder II | 5/29/1974 | Assault with a Dangerous Weapon (Hammer); Possession Marijuana x 2; Distribution of Marijuana; Distribution of Cocaine; Illegal Possession of a Controlled Substance x 11 | 10/27/1997 | 3/11/1998 | 6/8/1998 | 8 months | **Granted reparole: sufficient rehabilitative conduct** ("Subject has acquired skill in sheet metal vocation...he didn't involve himself in any negative behavior." BH163109; see also BH163103 (Board Order); BH163209 (Certificate of Parole) | n/a Already released | No |
| 245 | [REDACTED] | Armed Robbery | 9/7/1989 | Noncriminal | 3/27/1995 | 8/21/1995 | 9/13/1995 | 6 months | **Granted reparole: set-off served** (Revocation order imposed conditions "narcotics surveillance and outpatient drug program, BH163740 (Board Order); BH163736 (Certificate of Parole) | n/a Already released | No |
| 246 | [REDACTED] | Armed Robbery; Simple Assault; Carrying a Deadly Weapon | 11/2/1974 9/6/1974 | Noncriminal | 3/4/1992 | 8/12/1992 | 8/18/2007 | 5 months | **Granted reparole: set-off served** (Revocation order imposed conditions "narcotics surveillance and outpatient drug program, BH164929; see also BH164924 (Certificate of Parole) | n/a Already released | No |
| 247 | [REDACTED] | Manslaughter, Carrying a Pistol Without a License | 2/1/1973 4/18/1978 | False Pretenses, Bail Reform Act | 1/6/1982 | 1/6/1983 | 1/6/1983 | 12 months | **Granted reparole: set-off served**, BH04461(Board Order); see also BH044609 (Certificate of Parole) | n/a Already released | No |
| 248 | [REDACTED] | Armed Robbery, Murder II | 7/18/1974 1/22/1986 | Possession with Intent to Distribute Cocaine | 6/28/1995 | 5/24/1996 | 4/2/1997 | 22 months | **Granted reparole: sufficient rehabilitative conduct** ("no outstanding problems during this period of set-off." BH302356; see also BH302349 (Board Order); BH302342 (Board Document)) | n/a Already released | No |
| 249 | [REDACTED] | Theft II; Possession of Cocaine; Prison Breach; Destruction of Property; Bail Reform Act | 4/26/1991 11/18/1992 10/4/1991 4/29/1991 | Noncriminal | 2/11/1998 | 6/12/1998 | 8/13/1998 | 6 months | **Granted reparole: sufficient rehabilitative conduct** ("served the set-off prescribed by the Board. No DRs and participated in addiction education and worked." BH165279; see also BH165278 (Board Order), BH165277 (Certificate of Parole) | n/a Already released | No |
| 250 | [REDACTED] | Armed Robbery | 5/22/1986 | Theft, Receipt of Stolen Property, Shoplifting | 1/21/1998 | 6/5/1998 | 8/21/1998 | 7 months | **Granted reparole: sufficient rehabilitative conduct** (suitable for drug treatment program. BH303174; see also BH303173 (Board Order); BH303172 (Certificate of Parole) | n/a Already released | No |
| 251 | [REDACTED] | Burglary II; Unauthorized Use of a Vehicle | 2/7/1979 7/2/1983 | Burglary II | 3/4/1987 | 7/7/1987 | 7/23/1987 | 4 months | **Granted reparole: sufficient rehabilitative conduct** ("he has/n/a benefited from this most recent period of incarceration, and is demonstrating some behavioral and personal growth." BH04765; see also BH04762 (Board Order); BH04763 (Certificate of Parole) | n/a Already released | No |
| 252 | [REDACTED] | Armed Robbery; Burglary II x 2 | 3/26/1980 12/13/1984 6/25/1984 | Carrying a Pistol Without a License | 6/6/1989 | 12/13/1989 | 12/18/1989 | 6 months | **Granted reparole: sufficient rehabilitative conduct** ("[REDACTED] has complied with program recommendations... He is not a management problem." BH165929; see also BH165900 (Board Order), BH165931 (Certificate of Parole) | n/a Already released | No |

## Chart of D.C. Board Adult Reparole Decisions Where Parolee Was Directed to Serve Time in Jail/Prison After Revocation

| Ref No. | Name | Conviction Charge | Conviction Date | Revocation Basis | Revocation Date | First Reparole Consideration Date | Release to Reparole Date | Time between revocation and release to reparole | Reason for Grant or Denial at First Reparole Consideration Date | If Not Released After First Reparole Consideration Date, Ultimate Reason for Grant of Reparole | Reparole after service of set-off contingent on Underlying "Conviction/Revocation Conduct? |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 253 | [REDACTED] | Manslaughter While Armed | 2/21/1980 | Noncriminal | 3/31/1994 | 9/29/1994 | 10/31/1995 | 19 months | Denied reparole: insufficient rehabilitative conduct (escaped from halfway house twice and urine tested positive for Cocaine twice - "subject does not appear to be ready for release to the community." BK344304; see also BK344299 (Board Order) | Granted reparole: sufficient rehabilitative conduct ("During this set-off period subject has attempted to comply with the Board's special instructions" BK 344292, see also BK344285 (Board Order); BK344281 (Certificate of Parole) | No |
| 254 | [REDACTED] | Burglary II x 3; Attempted Theft I; Destruction of Property | 12/18/1989 | Noncriminal | 2/1/1995 | 12/21/1995 | 3/18/1997 | 26 months | Denied reparole: insufficient rehabilitative conduct (escaped and upon return urine tested positive for drugs BK338752, see also BK338749 (Addendum to Board Order) | Granted reparole: sufficient rehabilitative conduct ("has abided by the Board's special instructions." BK338739, see also BK338736 (Board Order); BK338733 (Certificate of Parole) | No |
| 255 | [REDACTED] | Armed Robbery | 12/15/1980 | Attempted Distribution of Heroin, Possession of Heroin | 10/31/1994 | 8/1/1996 | 11/14/1996 | 24 months | Granted reparole: sufficient rehabilitative conduct ("since appearance for revocation hearing, subject has done outstandingly well and has earned favorable consideration." BK048238, see also BK048233 (Board Order); BK048229 (Certificate of Parole) | n/a Already released | No |
| 256 | [REDACTED] | Armed Robbery | 12/15/1980 | Noncriminal | 3/11/1998 | 7/21/1998 | 10/29/1998 | 8 months | Granted reparole: sufficient rehabilitative conduct (suitable for inpatient drug treatment program. BK048173, see also BK048169 (Board Order); BK048165 (Certificate of Parole) | n/a Already released | No |
| 257 | [REDACTED] | Rape While Armed, Burglary I, Armed Robbery, Assault with a Dangerous Weapon | 8/30/1972 | Noncriminal | 9/5/1990 | 5/30/1991 | 4/9/1993 | 31 months | Granted reparole: sufficient rehabilitative conduct ("Subject is attending [Alcoholics Anonymous]." BK166795, see also BK166790 (Board Order). Subsequently rescinded because "escaped was arrested for USCA (Poss. Cocaine)" Order), BK166791; BK166779 (Board Order) | Granted reparole: sufficient rehabilitative conduct (suitable for inpatient alcohol treatment program BK166760, see also BK166754 (Board Order); BK166747 (Certificate of Parole) | No |
| 258 | [REDACTED] | Burglary II Grand Larceny | 9/13/1978 | Noncriminal | 2/19/1987 | 6/23/1987 | 8/14/1987 | 6 months | Granted reparole: sufficient rehabilitative conduct ("any further period of incarceration would be adverse to the rehabilitative process of this individual." BK304757; see also BK304755 (Board Order); BK304749 (Certificate of Parole) | n/a Already released | No |
| 259 | [REDACTED] | Burglary II Grand Larceny | 9/13/1978 | Possession of Cocaine | 1/29/1992 | 4/28/1992 | 11/25/1994 | 46 months | Granted reparole: sufficient rehabilitative conduct ("he has not incurred any new convictions. Subject has applied. for a training program." BK304704, see also BK304699 (Board Order). Subsequently rescinded because "subject was proven to be a disciplinary problem during this escape. 23 days." BK304692; BK304691 (Board Order) | Granted reparole: sufficient rehabilitative conduct ("Subject reports completion of Graphic Arts and the Bricklaying trade. he has not proven to be a disciplinary problem during this period." BK304681; see also BK304676 (Board Order); BK304665 (Certificate of Parole) | No |
| 260 | [REDACTED] | Armed Robbery x 2 | 8/24/1977 | Noncriminal | 1/19/1990 | 5/2/1990 | 10/16/1990 | 9 months | Granted reparole: sufficient rehabilitative conduct ("[REDACTED] has maintained a clear conduct record...a work detail...and has been attending Narcotics Anonymous." BK208381, see also BK208372 (Board Order); BK208361 (Certificate of Parole) | n/a Already released | No |
| 261 | [REDACTED] | Petty Larceny, Burglary II | 4/30/1981 | Noncriminal | 10/5/1990 | 8/22/1991 | 7/18/1996 | n/a Reparole process interrupted by new criminal conduct | Denied reparole: insufficient rehabilitative conduct (removed from halfway house - "subject has not earned parole at this juncture" BK167398, see also BK167396; BK167357, see also BK167352 (Board Order) | n/a Reparole process interrupted by new criminal conduct (criminal conduct; BK167025 (Board Document) | No |
| 262 | [REDACTED] | Petty Larceny, Burglary II | 4/30/1981 | Simple Assault | 9/3/1987 | 7/8/1988 | 7/22/1988 | 11 months | Granted reparole: sufficient rehabilitative conduct ("positive institutional adjustment" since last hearing; "[REDACTED] has undergone significant behavioral and personal growth. [he] has earned the right to be granted parole." BK167398, see also BK167357 (Board Order); BK167052 (Certificate of Parole) | n/a Already released | No |

# Chart of D.C. Board Adult Reparole Decisions Where Parolee Was Directed to Serve Time in Jail/Prison After Revocation

| Ref No. | Name | Conviction Charge | Conviction Date | Revocation Basis | Revocation Date | First Reparole Consideration Date | Release to Reparole Date | Time between revocation and release to reparole | Reason for Grant or Denial at First Reparole Consideration Date | If Not Released After First Reparole Consideration Date, Ultimate Reason for Grant of Reparole | Reparole after service of set-off contingent on Underlying Conviction/Revocation Conduct? |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 263 | [REDACTED] | Burglary II; Unauthorized Use of a Vehicle | 11/10/1980; 12/18/1980 | Attempted Unauthorized Use of a Vehicle, Destruction of Property | 9/24/1986 | 6/23/1987 | 5/24/1988 | 20 months | **Denied reparole: Insufficient rehabilitative conduct** ("subject ...did not participate in any of the [recommended] programs ...and he maintained a lackadaisical attitude regarding extremely positive institutional profile." B#167590, see also B#167588 (Board Order); B#167578 (Board Document)) | | No |
| 264 | [REDACTED] | Uniform Controlled Substance Act (Distribution); Uniform Controlled Substance Act (Possession with intent to distribute); Uniform Controlled Substance Act (Prelun) | 11/18/1986; 12/18/1986 | Possession with intent to Distribute Cocaine | 7/10/1990 | 10/9/1990 | 10/9/1990 | 3 months | **Granted reparole: sufficient rehabilitative conduct** ("subject has complied w/ Board's recommendations." B#127661, see also B#127657 (Board Order); B#127655 (Certificate of Parole)) | n/a Already released | No |
| 265 | [REDACTED] | Distribution of Cocaine | 3/11/1992 | Possession with Intent to Distribute Cocaine, Possession of Cocaine | 9/12/1995 | 12/1/1995 | 12/29/1995 | 4 months | **Granted reparole: set-off served** (Revocation order imposed condition "narcotics surveillance." B#209440, B#209436 (Certificate of Parole)) | n/a Already released | No |
| 266 | [REDACTED] | Receipt of Stolen Property x 2 | 1/28/1992 | Noncriminal | 6/16/1997 | 11/12/1997 | 5/22/1998 | 11 months | **Granted reparole: sufficient rehabilitative conduct** ("completed the 30 day substance abuse program ...and is attending the weekly meetings for NA"; maintained work detail and "clear conduct." B#167964, see also B#167961 (Board Order); B#167960 (Certificate of Parole)) | n/a Already released | No |
| 267 | [REDACTED] | Burglary I; Rape | 1/4/1985 | Theft II; Theft I; Shoplifting | 7/7/1995 | 4/4/1996 | 6/24/1996 | 12 months | **Granted reparole: sufficient rehabilitative conduct** ("subject has been working in individual counseling w/ the psychologist and is not a management problem." B#168834, see also B#168823 (Board Order); B#168826 (Certificate of Parole)) | n/a Already released | No |
| 268 | [REDACTED] | Assault with Intent to Rob x 2 | 10/31/1991 | Simple Assault | 11/20/1996 | 11/12/1997 | 1/12/1998 | 14 months | **Granted reparole: sufficient rehabilitative conduct** ("has adhered to the Board's special instructions" B#168956, see also B#168954 (Certificate of Parole)) | n/a Already released | No |
| 269 | [REDACTED] | Armed Robbery; Unlawful Entry | 5/16/1977; 2/8/1977 | Noncriminal | 5/6/1996 | 2/20/1997 | 5/22/1998 | 25 months | **Granted reparole: sufficient rehabilitative conduct** ("has incurred 2 DRs [but], institution recommends that...grant be confirmed ("completed [intensive self study confirmed." B#170519 Subsequently rescinded "due to program] attends NA works on dorm squad and negative institutional behavior." B#170504, see also B#170523 (Board Order); B#170489 (Certificate of Parole)) | **Granted reparole: sufficient rehabilitative conduct** ("has [bad]...to program) attends NA works on dorm squad and DR free." B#170504, see also B#170523 (Board Order); B#170475 (Certificate of Parole)) | No |
| 270 | [REDACTED] | Armed Robbery; Unlawful Entry | 5/16/1977; 2/8/1977 | Noncriminal | 11/17/1986 | 4/21/1987 | 9/11/1990 | 46 months | **Denied reparole: Insufficient rehabilitative conduct** (violated the rules of the halfway house ... "is in need of further involvement in institutional programs." B#170795, see also B#170709 (Board Order); B#170718 (Board Order); B#170796 (Board Order)) | **Granted reparole: sufficient rehabilitative conduct** ("fully participated" in programs ...in programs. B#170716 (Certificate of Parole)) | No |

**Chart of D.C. Board Adult Reparole Decisions Where Parolee Was Directed to Serve Time in Jail/Prison After Revocation**

| Ref No. | Name | Conviction Charge | Conviction Date | Revocation Basis | Revocation Date | First Reparole Consideration Date | Release to Reparole Date | Time between revocation and release to reparole | Reason for Grant or Denial at First Reparole Consideration Date | If Not Released After First Reparole Consideration Date, Ultimate Reason for Grant of Reparole | Reparole after service of sentence contingent on Underlying Conviction/Revocation Conduct? |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 271 | [REDACTED] | Kidnaping; Armed Robbery; Prison Breach Contraband in Institution | 6/26/1975 2/26/1975 9/22/1977 | Petty Larceny | 11/9/1997 | 2/4/1998 | 9/17/1998 | 11 months | **Granted reparole: sufficient rehabilitative conduct** (suitable for residential drug treatment. BH171553; see also BH171550 (Board Order); BH171525 (Certificate of Parole) | n/a Already released | No |
| 272 | [REDACTED] | Attempted Possession with Intent to Distribute Cocaine | 1/31/1991 | Noncriminal | 4/30/1995 | 5/14/1996 | 6/17/1998 | 14 months | **Granted reparole: sufficient rehabilitative conduct** ("has/no programs have been available." BH172678; see also BH172673 (Board Order), BH172669 (Certificate of Parole) | n/a Already released | No |
| 273 | [REDACTED] | Conspiracy, Bank Robbery x 2, Bank Larceny, Rape | 4/1/1986 | Armed Robbery | 3/26/1991 | 3/31/1993 | 7/16/1996 | 64 months | **Denied reparole: insufficient rehabilitative conduct** ("subject was on escape from 8/12/91 through 12/28/92." BH173100, BH173108 (Board Order) | **Granted reparole: sufficient rehabilitative conduct** ("he continuously participated in programs." BH173064; see also BH173069 (Board Order) BH173065 (Certificate of Parole)) | No |
| 274 | [REDACTED] | Possession with Intent to Distribute Heroin, Possession with Intent to Distribute Cocaine | 2/1/1991 | Noncriminal | 5/29/1997 | 10/17/1997 | 11/20/1998 | 18 months | **Granted reparole: sufficient rehabilitative conduct** ("satisfactory institutional adjustment is noted as well as adherence to special instructions." BH173484; see also BH173479 (Board Order), BH173476 (Certificate of Parole)) | n/a Already released | No |
| 275 | [REDACTED] | Murder II While Armed; Armed Robbery | 6/4/1984 | Possession with Intent to Distribute Cocaine | 6/8/1992 | 2/22/1994 | 9/25/1995 | 38 months | **Denied reparole: insufficient rehabilitative conduct** (reparole recommended "upon confirmation of subjects completion of (substance abuse program)" BH211623; see also BH211615 (Board Order) | **Granted reparole: sufficient rehabilitative conduct** ("she has completed the (substance abuse program), her adjustment is considered good." BH211601; see also BH211598 (Board Order), BH211573 (Board Document)) | No |
| 276 | [REDACTED] | Armed Robbery; Robbery x2; Attempted Unauthorized Use of a Vehicle, Carrying a Pistol Without a License, Bail Reform Act | 12/22/1982 12/23/1982 12/03/1985 | Noncriminal | 11/26/1996 | 10/7/1997 | 1/2/1998 | 14 months | **Granted reparole: sufficient rehabilitative conduct** ("no/a purpose is served by further reincarceration" BH128893, see also BH128887 (Board Order), BH128884 (Certificate of Parole) | n/a Already released | No |
| 277 | [REDACTED] | Rape While Armed | 12/9/1975 | Possession of PCP | 6/9/1986 | 10/13/1987 | 5/12/1988 | 23 months | **Denied reparole: insufficient rehabilitative conduct** ("subject arrested for assault w/ intent to rape while housed at (halfway house)." BH175647 (Board Order) | **Granted reparole: sufficient rehabilitative conduct** ("ever since (REDACTED) was arrested for assault w/ intent to rape while housed at the institution, he has maintained a good institutional adjustment." BH175644; see also BH175643 (Board Order), BH175641 (Certificate of Parole)) | No |
| 278 | [REDACTED] | Distribution Heroin, Possession with Intent to Distribute, Morphine | 2/11/1988 | Shoplifting | 3/11/1994 | 4/28/1995 | 10/30/1995 | 20 months | **Granted reparole: sufficient rehabilitative conduct** ("intensive drug treatment program was unavailable...he took what was available." BH214042; see also BH214036 (Board Order), BH214027 (Certificate of Parole)) | n/a Already released | No |

# Chart of D.C. Board Adult Reparole Decisions Where Parolee Was Directed to Serve Time in Jail/Prison After Revocation

| Ref No. | Name | Conviction Charge | Conviction Date | Revocation Basis | Revocation Date | First Parole Consideration Date | Release to Reparole Date | Time between revocation and release to reparole | Reason for Grant or Denial at First Reparole Consideration Date | If Not Released After First Reparole Consideration Date, Ultimate Reason for Grant of Reparole | Reparole after service of set-off contingent on Underlying Conviction/Revocation Conduct? |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 279 | [REDACTED] | Armed Robbery, Receipt of Stolen Property, Possession with Intent to Distribute Marijuana | 12/1/1975 01/14/1988 | Uttering | 11/29/1993 | 6/2/1995 | 2/14/1997 | 39 months | **Denied reparole: Insufficient rehabilitative conduct** (tested positive for drugs twice - "subject admitted that he was smoking THC while in custody." B#176746, see also B#176735; see also B#176741 (Board Order) | **Granted reparole: sufficient rehabilitative conduct** ("he has remained DR free and all urines have been clean." B#176730 (Board Order); B#176728 (Certificate of Parole)) | No |
| 280 | [REDACTED] | Armed Robbery, Reckless Driving | 7/3/1985 9/4/1984 | Theft II | 6/16/1994 | 8/9/1995 | 12/20/1995 | 18 months | **Granted reparole: sufficient rehabilitative conduct** ("Unable/n/a. Already released to participate in the intensive drug program...due to a physical disability...to his credit, [REDACTED] has taken advantage of the 30 day substance abuse education program." B#215094, see also B#215066 (Board Order); B#215067 (Certificate of Parole)) | | No |
| 281 | [REDACTED] | Armed Robbery, Attempted Robbery | 5/7/1981 | Armed Robbery | 10/2/1984 | 7/xx/85 | 9/5/1985 | 12 months | **Granted reparole: set-off served.** B#215211, see also B#215204 (Board Order); B#215202 (Certificate of Parole) | n/a. Already released | No |
| 282 | [REDACTED] | Attempted Robbery x 2, Prison Breach, Possession of Preludin | 3/2/1978 1/2/1981 6/26/1987 | Robbery, Forgery | 10/28/1985 | 10/2/1986 | 10/2/1986 | 12 months | **Granted reparole: sufficient rehabilitative conduct** ("satisfactorily served...parole violator time." B#130381; see also B#130379 (Board Order); B#130376 (Certificate of Parole)) | n/a. Already released | No |
| 283 | [REDACTED] | Attempted Robbery; Robbery; Prison Breach | 3/2/1978 1/21/1981 | Attempted Robbery, Rob | 4/1/1981 | 10/22/1981 | 5/13/1982 | 13 months | **Denied reparole: Insufficient rehabilitative conduct** (two disciplinary reports and negative recommendation from institutional staff. B#130458-59, see also B#130460 (Board Order)) | **Granted reparole: sufficient rehabilitative conduct** ("marginal candidate" for reparole because of multiple Drs, but he "has made an earnest effort to address some of [his] problems" through programming. B#130447; see also B#130457 (Board Order); B#130454 (Certificate of Parole)) | No |
| 284 | [REDACTED] | Attempted Robbery x 2; Robbery; Prison Breach | 3/2/1978 1/21/1981 | Possession of Preludin | 2/14/1983 | 11/10/1983 | 5/31/1984 | 15 months | **Denied reparole: Insufficient rehabilitative conduct** (5 DRs - "very unsatisfactory" institutional conduct - he "has not attempted true rehabilitation at this point." B#130416) | **Granted reparole: sufficient rehabilitative conduct** (received only "one disciplinary action of a rather major nature since last hearing...programmed." B#130413, see also B#130416 (Board Order); B#130414 (Certificate of Parole)) | No |
| 285 | [REDACTED] | Kidnapping; Armed Robbery; Simple Assault; Assault with a Dangerous Weapon, Assault with Intent to Commit Rape, Threats | 6/18/1979 7/12/1979 | Noncriminal | 5/1/1989 | 3/20/1990 | 6/15/1990 | 13 months | **Granted reparole: sufficient rehabilitative conduct** ("he has made good use of his time since his last hearing." B#131320, see also B#131308 (Board Order); B#131301 (Certificate of Parole)) | n/a. Already released | No |

# Chart of D.C. Board Adult Reparole Decisions Where Parolee Was Directed to Serve Time in Jail/Prison After Revocation

| Ref No. | Name | Conviction Charge | Conviction Date | Revocation Basis | Revocation Date | First Reparole Consideration Date | Release to Reparole Date | Time between revocation and release to reparole | Reason for Grant or Denial at First Reparole Consideration Date | If Not Released After First Reparole Consideration Date, Ultimate Reason for Grant of Reparole | Reparole after service of set-off contingent on Underlying Conviction/Revocation Conduct? |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 286 | [REDACTED] | Kidnapping; Armed Robbery; Simple Assault; Assault with a Dangerous Weapon; Assault with Intent to Commit Rape; Threats | 6/18/1979 7/12/1979 | Noncriminal | 6/18/1991 | 9/30/1991 | 10/2/1991 | 3 months | **Granted reparole: set-off served** (Revocation order imposing condition "narcotics surveillance". BH131269, BH131267 (Certificate of Parole)) | n/a Already released | No |
| 287 | [REDACTED] | Kidnapping; Armed Robbery; Simple Assault; Assault with a Dangerous Weapon; Assault with Intent to Commit Rape; Threats | 6/18/1979 7/12/1979 | Robbery | 10/31/1994 | 8/23/1996 | 12/10/1996 | 26 months | **Granted reparole: sufficient rehabilitative conduct** ("he has n/a been recommended for reparole by the Department of Corrections)." BH131202; see also BH131197 (Board Order); BH131195 (Certificate of Parole)) | n/a Already released | No |
| 288 | [REDACTED] | Attempt to Distribute Heroin | 1/18/1989 | Noncriminal | 9/22/1994 | 1/17/1996 | 4/5/1996 | 19 months | **Granted reparole: sufficient rehabilitative conduct** ("completed programming and no DRs - "no purpose is served by further reincarceration." BH179196; see also BH179191 (Board Order); BH179187 (Certificate of Parole)) | n/a Already released | No |
| 289 | [REDACTED] | Burglary II/Attempted Theft; Unauthorized Use of a Vehicle; Prison Breach | 5/5/1988 10/18/1990 | Theft II, Destruction of Property | 12/22/1995 | 9/25/1996 | 1/22/1997 | 13 months | **Granted reparole: sufficient rehabilitative conduct** ("he has n/a completed the programs ordered by the Board and is not a management problem." BH216653; see also BH216648 (Board Order); BH216643 (Board Document)) | n/a Already released | No |
| 290 | [REDACTED] | Burglary II/Attempted Theft; Unauthorized Use of a Vehicle; Prison Breach | 5/5/1988 10/18/1990 | Shoplifting | 7/11/1997 | 10/22/1997 | 1/26/1998 | 6 months | **Granted reparole: sufficient rehabilitative conduct** ("Institution states that subject did participate in available programs and his adjustment was satisfactory." BH216594; see also BH216589 (Board Order); BH216586 (Certificate of Parole)) | n/a Already released | No |
| 291 | [REDACTED] | Possession with Intent to Distribute Heroin; Bail Reform Act | 6/5/1987 | Noncriminal | 6/19/1991 | 10/21/1995 | 11/1/1995 | 5 months | **Granted reparole: set-off served** (Revocation order imposing condition "outpatient drug treatment." BH180018; see also BH180014 (Certificate of Parole)) | n/a Already released | No |
| 292 | [REDACTED] | Armed Robbery | 6/1/1978 | Noncriminal | 7/27/1981 | 2/25/1982 | 4/5/1982 | | **Granted reparole: sufficient rehabilitative conduct** ("participated in individual therapy - "appears to have been addressing his problems" during the set-off. BH076888; see also BH076993 (Board Order); BH076989 (Certificate of Parole)) | n/a Already released | No |

# Chart of D.C. Board Adult Reparole Decisions Where Parolee Was Directed to Serve Time in Jail/Prison After Revocation

| Ref No. | Name | Conviction Charge | Conviction Date | Revocation Basis | Revocation Date | First Reparole Consideration Date | Release to Reparole Date | Time between revocation and release to reparole | Reason for Grant or Denial at First Reparole Consideration Date | If Not Released After First Reparole Consideration Date, Ultimate Reason for Grant of Reparole | Reparole after service of cut-off contingent on Underlying Conviction/Revocation Conduct? |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 293 | [REDACTED] | Burglary I, Burglary II, Theft I, Failure to Appear | 11/16/1984 | Noncriminal | 6/12/1996 | 8/22/1996 | 1/21/1997 | 7 months | **Granted reparole: sufficient rehabilitative conduct** ("he/n/a Board ordered completion of substance abuse program and NA. He has complied. There are no DRs." BH218438, see also BH218433 (Board Order); BH218402 (Certificate of Parole) | n/a Already released | No |
| 294 | [REDACTED] | Armed Robbery, Assault with a Dangerous Weapon; Burglary II | 4/17/1969 | Noncriminal | 3/11/1994 | 8/15/1994 | 2/13/1995 | 12 months | **Granted reparole: sufficient rehabilitative conduct** ("subject/n/a reports compliance w/ the Board's instructions imposed at set-off... no DRs, no positive urine screenings." BH339373, see also BH339368 (Board Order); BH339423 (Certificate of Parole) | n/a Already released | No |
| 295 | [REDACTED] | Armed Robbery, Unauthorized Use of a Vehicle, /Grand Larceny | 3/9/1981 4/23/81 | Noncriminal | 11/4/1997 | 4/30/1998 | 6/18/1998 | 8 months | **Granted reparole: sufficient rehabilitative conduct** ("since last/n/a hearing, subject has attempted to address Board's special instructions." BH219697, see also BH219692 (Board Order); BH219663 (Certificate of Parole) | n/a Already released | No |
| 296 | [REDACTED] | Burglary II x 2, Theft II x 2 | 4/12/1984 11/24/1986 | Possession with Intent to Distribute Cocaine | 3/21/1996 | 8/31/1996 | 10/9/1996 | n/a MR | **Granted reparole: set-off served** (Revocation order imposed/n/a condition "narcotics surveillance" and "outpatient drug treatment," BH182645, see also BH182626 (Board Document) | n/a Already released | No |
| 297 | [REDACTED] | Robbery | 1/16/1987 | Noncriminal | 2/1/1995 | 4/24/1998 | 6/18/1998 | 41 months | **Granted reparole: sufficient rehabilitative conduct** ("he has/n/a complied with the Board's special instruction of intensive drug program." BH134969, see also BH134961 (Board Order); BH134969 (Certificate of Parole) | n/a Already released | No |
| 298 | [REDACTED] | Attempted Robbery | 10/20/1977 | Robbery | 7/10/1979 | 3/20/1980 | 3/20/1980 | 8 months | **Granted reparole: sufficient rehabilitative conduct** ("he/n/a classification. Board has recommended [REDACTED] be reparoled." BH135077, see also BH135079 (Board Order); BH135068 (Certificate of Parole) | n/a Already released | No |
| 299 | [REDACTED] | Robbery | 7/19/1979 | Robbery | 10/16/1986 | 8/5/1987 | 8/27/1987 | 10 months | **Granted reparole: sufficient rehabilitative conduct** (service/n/a of "additional [parole violator] time would serve no meaningful purpose." BH135311, see also BH135308 (Board Order); BH135309 (Certificate of Parole) | n/a Already released | No |
| 300 | [REDACTED] | Distribution of Cocaine, Attempted Distribution | 10/20/1988 4/1/1993 | Possession of Heroin | 1/10/1997 | 8/13/1997 | 2/19/1998 | 13 months | **Granted reparole: sufficient rehabilitative conduct** (working/n/a detail, completed ETAP and SAP. BH077222, see also BH077218 (Board Order); BH077212 (Certificate of Parole) | n/a Already released | No |
| 301 | [REDACTED] | Kidnapping | 12/30/1986 | Noncriminal | 12/6/1994 | 1/9/1995 | 2/22/1995 | 2 months | **Granted reparole: set-off served** (Revocation order imposed/n/a condition "narcotics surveillance" and "alcohol abstinence," BH135489, see also BH135487 (Certificate of Parole) | n/a Already released | No |
| 302 | [REDACTED] | Burglary I | 1/24/1984 | Noncriminal | 7/17/1986 | 1/29/1987 | 2/10/1987 | 5 months | **Granted reparole: set-off served.** BH221760 (Board Order/n/a release) BH221753 (Board Document) | n/a Already released | No |
| 303 | [REDACTED] | Burglary I | 1/24/1984 | Rape II, Child Abuse | 6/29/1994 | 9/30/1996 | 3/18/1997 | 33 months | **Granted reparole: sufficient rehabilitative conduct** (no/n/a [psychological evaluation conducted...no evidence or gross symptom of psychopathy that would preclude work training or parole." BH221703, see also BH221700 (Board Order); BH221696 (Certificate of Parole) | n/a Already released | No |
| 304 | [REDACTED] | Burglary II | 11/9/1984 | Noncriminal | 9/26/1994 | 1/29/1997 | 3/26/1997 | 6 months | **Granted reparole: sufficient rehabilitative conduct** (suitable/n/a for outpatient mental health treatment, BH078320, see also BH078317 (Board Order); BH078315 (Certificate of Parole) | n/a Already released | No |
| 305 | [REDACTED] | Burglary II | 11/9/1984 | Possession of Prohibited Weapon | 11/3/1989 | 6/12/1990 | 12/31/1990 | 23 months | **Granted reparole: sufficient rehabilitative conduct** ("subject's mental condition appears to be stable and intact." BH078365, see also BH078365 (Board Order), BH078363 (Certificate of Parole) | n/a Already released | No |

**Chart of D.C. Board Adult Reparole Decisions Where Parolee Was Directed to Serve Time in Jail/Prison After Revocation**

| Ref No. | Name | Conviction Charge | Conviction Date | Revocation Basis | Revocation Date | First Reparole Consideration Date | Release to Reparole Date | Time between revocation and release to reparole | Reason for Grant or Denial at First Reparole Consideration Date | If Not Released After First Reparole Consideration Date, Ultimate Reason for Grant of Reparole | Reparole after service of set-off contingent on Underlying Conviction/Revocation Conduct? |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 306 | [REDACTED] | Attempted Distribution of Cocaine, Distribution of Cocaine | 3/24/1992 6/11/1992 | Noncriminal | 6/23/1998 | 9/15/1998 | 3/9/1999 | 9 months | **Granted reparole: set-off served** (Revocation order imposed conditions "narcotics surveillance" and "narcotics anonymous," BK359045, see also BK359042 (Certificate of Parole) | n/a Already released | No |
| 307 | [REDACTED] | Murder II While Armed, Burglary I | 3/20/1986 | Burglary II | 9/18/1996 | 3/14/1997 | 4/10/1997 | 7 months | **Granted reparole: set-off served**, BK223350, see also BK223346 (Board Order); BK223343 (Certificate of Parole) | n/a Already released | No |
| 308 | [REDACTED] | Armed Robbery; Possession with Intent to Distribute Cocaine | 5/17/1984 | Burglary II; Concealment | 2/5/1997 | 4/8/1998 | 7/15/1998 | 17 months | **Granted reparole: sufficient rehabilitative conduct** ("appears to be much more mature" since last hearing BK078905, see also BK078900 (Board Order); BK078898 (Certificate of Parole) | n/a Already released | No |
| 309 | [REDACTED] | Distribution PCP, Possession PCP | 7/28/1989 | Noncriminal | 10/21/1997 | 5/6/1998 | 3/17/1999 | 17 months | **Granted reparole: sufficient rehabilitative conduct** (he did not complete one recommended program but "he should be given credit for accomplishing his other goals." BK186581, see also BK186576 (Board Order); BK186574 (Certificate of Parole) | n/a Already released | No |
| 310 | [REDACTED] | Armed with a Dangerous Weapon, Attempted Possession of Cocaine | 8/20/1991 | Drugs | 8/31/1994 | 5/15/1996 | 8/29/1996 | 24 months | **Granted reparole: sufficient rehabilitative conduct** ("made a good effort towards self-improvement...has made every attempt to follow the Board of Parole's special instructions." BK223802, see also BK223797 (Board Order); BK223793 (Certificate of Parole) | n/a Already released | No |
| 311 | [REDACTED] | Attempted Distribution of Dilaudid | 9/30/1992 | Noncriminal | 10/24/1994 | 2/21/1995 | 2/6/1995 | 4 months | **Granted reparole: set-off served** (Revocation order imposed instructions/conditions "narcotics anonymous" and "intensive drug treatment," BK225801 (Board Order), see also BK225795 (Certificate of Parole) | n/a Already released | No |
| 312 | [REDACTED] | Burglary II | 2/15/1977 | Failure to Appear, Distribution Controlled Substance | 12/11/1985 | 7/2/1987 | 7/2/1987 | 19 months | **Granted reparole: sufficient rehabilitative conduct** (as a result of participation in programming "he appears to have progressed significantly." BK075683, see also BK075580 (Board Order); BK075578 (Certificate of Parole) | n/a Already released | No |
| 313 | [REDACTED] | Burglary II | 2/14/1977 | Noncriminal | 4/5/1982 | 12/2/1982 | 1/3/1983 | 9 months | **Granted reparole: sufficient rehabilitative conduct** (he has "made acceptable adjustment and therefore meets the Board's criteria for reparole." BK079636, see also BK079624 (Board Order); BK079622 (Certificate of Parole) | n/a Already released | No |
| 314 | [REDACTED] | Armed Robbery, Kidnapping | 9/24/1986 | Noncriminal | 4/28/1993 | 12/15/1993 | 12/8/1995 | 32 months | **Denied reparole: insufficient rehabilitative conduct** ("he has not adhered to the orders specified by the Board at the [revocation] hearing." BK227209, see also BK227203 (Board Order) | **Granted reparole: sufficient rehabilitative conduct** ("appears to have made an excellent effort" to deal with drug problem. BK227165, see also BK227165 (Board Order); BK227156 (Certificate of Parole) | No |
| 315 | [REDACTED] | Armed Bank Robbery, Prison Breach | 11/26/1969 1/16/1997 | Noncriminal | 2/10/1989 | 3/28/1990 | 12/12/1995 | 83 months | **Granted reparole: sufficient rehabilitative conduct** ("subject's adjustment has been satisfactory." BK347116, see also BK347114 (Board Order) | **Granted reparole: sufficient rehabilitative conduct** ("he has maintained a clear conduct record." Subsequently, because "subject was placed on escape." BK347101; see also BK347030 (Board Order); BK346899 (Certificate of Parole) | No |
| 316 | [REDACTED] | Armed Bank Robbery, Prison Breach | 11/26/1969 1/16/1997 | Noncriminal | 2/12/1988 | 6/7/1988 | 7/18/1988 | 5 months | **Granted reparole: set-off served**, BK347173, see also BK347169 (Certificate of Parole) | n/a Already released | No |

# Chart of D.C. Board Adult Reparole Decisions Where Parolee Was Directed to Serve Time in Jail/Prison After Revocation

| Ref No. | Name | Conviction Charge | Conviction Date | Revocation Basis | Revocation Date | First Reparole Consideration Date | Release to Reparole Date | Time between revocation and release to reparole | Reason for Grant or Denial at First Reparole Consideration Date | If Not Released After First Reparole Consideration Date, Ultimate Reason for Grant of Reparole | Reparole after service of as of/if contingent on Underlying Conviction/Revocation Conduct? |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 317 | [REDACTED] | Unauthorized Use of a Vehicle, Distribution of Property.; Prison Breach | 10/24/1985 | Distribution of Cocaine, Carrying a Pistol Without a License | 3/3/1989 | 1/26/1990 | 1/26/1990 | 11 months | **Granted reparole: sufficient rehabilitative conduct** ("[REDACTED] has complied with all institutional program recommendations. He has not been a management problem." BK227783; see also BK227767 (Board Order); BK227771 (Certificate of Parole)) | n/a: Already released | No |
| 318 | [REDACTED] | Unauthorized Use of a Vehicle; Destruction of Property.; Prison Breach Attempted Distribution of Cocaine, Carrying a Pistol Without a License | 05/02/1989 01/26/1990 02/05/1993 | Simple Assault | 3/10/1997 | 8/13/1997 | 11/18/1997 | 8 months | **Granted reparole: sufficient rehabilitative conduct** ("subject has complied with all of the requirements of his set-off and has not been a management problem." BK227635; see also BK227630 (Board Order); BK227627 (Certificate of Parole)) | n/a: Already released | No |
| 319 | [REDACTED] | Carrying a Dangerous Weapon, Robbery | 3/6/1985 4/24/1985 | Noncriminal | 8/10/1990 | 12/19/1990 | 12/19/1990 | 4 months | **Granted reparole: sufficient rehabilitative conduct** (one/n/a disciplinary report, but "complied with the requirements of the Board made at the revocation hearing." BK080254, see also BK080249 (Board Order); BK080246 (Certificate of Parole)) | n/a: Already released | No |
| 320 | [REDACTED] | Armed Burglary I.; Armed Robbery x 2; Assault with a Dangerous Weapon, Possession of a Prohibited Weapon | 11/12/1976 11/18/1977 | Theft II | 7/24/1992 | 3/11/1993 | 9/1/1993 | 14 months | **Granted reparole: sufficient rehabilitative conduct** ("he/n/a attends NA on a regular basis.. maintains a detail.. no DRs nor are there any positive urines." BK231387, see also BK231391 (Board's Decision); BK231359 (Board Document)) | n/a: Already released | No |
| 321 | [REDACTED] | Armed Burglary I.; Armed Robbery x 2; Assault with a Dangerous Weapon, Possession of a Prohibited Weapon | 11/12/1976 11/18/1977 | Noncriminal | 8/6/1997 | 3/13/1998 | 5/12/1998 | 10 months | **Granted reparole: sufficient rehabilitative conduct** ("subject has presented certificates to verify his participation in programs related to his special instructions.. His adjustment has been satisfactory." BK231314; see also BK231334 (Board Order); BK231332 (Certificate of Parole)) | n/a: Already released | No |
| 322 | [REDACTED] | Armed Burg I.; Armed Robbery x 2; Armed with a Dangerous Weapon, Possession of a Prohibited Weapon | 11/12/1976 11/18/1977 | Noncriminal | 4/7/1988 | 2/2/1989 | 9/21/1989 | 17 months | **Denied reparole: insufficient rehabilitative conduct** ("need to complete vocational trade school, participate in a work detail, conduct ("since his last hearing subject appears to have matured and participated in programs." BK231413; see also BK231455 (Board Order); BK231475 (Certificate of Parole)) | **Granted reparole: sufficient rehabilitative conduct** remain DR free." BK231457, see also BK231458 (Board Order)) | No |

Page 40

**Chart of D.C. Board Adult Reparole Decisions Where Parolee Was Directed to Serve Time in Jail/Prison After Revocation**

| Ref No. | Name | Conviction Charge | Conviction Date | Revocation Basis | Revocation Date | First Reparole Consideration Date | Release to Reparole Date | Time between revocation and release to reparole | Reason for Grant or Denial at First Reparole Consideration Date | If Not Released After First Reparole Consideration Date, Ultimate Reason for Grant of Reparole | Reparole after service of set-off contingent on Underlying Conviction/Revocation Conduct? |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 323 | [REDACTED] | Robbery, Armed Robbery | 10/20/1983 | Noncriminal | 6/26/1989 | 12/11/1989 | 3/7/1990 | 8 months | **Granted reparole: sufficient rehabilitative conduct** ("no/a positive urines" while resident at halfway house. BW233065; see also BW233058 (Board Order), BW233055 (Certificate of Parole) | n/a Already released | No |
| 324 | [REDACTED] | Armed Robbery, Robbery | 1/25/1983 | Possession of Heron | 12/8/1997 | 7/29/1998 | 10/29/1998 | 10 months | **Granted reparole: sufficient rehabilitative conduct** ("found/n/a acceptable for a residential treatment program." BW187735; see also BW187731 (Board Order), BW187729 (Certificate of Parole) | n/a Already released | No |
| 325 | [REDACTED] | Possession with Intent to Distribute Freudn | 6/20/1984 | Noncriminal | 6/15/1998 | 9/11/1998 | 2/2/1999 | 8 months | **Granted reparole: set-off served** (Revocation order imposed instructions/conditions "narcotics surveillance" and "outpatient drug treatment.", BW233863; see also BW233860 (Certificate of Parole) | n/a Already released | No |
| 326 | [REDACTED] | Burglary I While Armed, Assault with Intent to Rob While Armed, Armed Robbery | 3/29/1983 | Destruction of Property | 3/12/1996 | 10/21/1997 | 3/25/1998 | 24 months | **Granted reparole: sufficient rehabilitative conduct** (suitable for outpatient drug treatment. BW081937; see also BW081939 (Board Order), BW081915 (Certificate of Parole)). At an interim hearing the Board confused [REDACTED] with another parolee by the same name and took the unusual step of recalculating [REDACTED] set-off at the conclusion of the originally-imposed 9 month set-off period, because it was under the mistaken impression that it had incorrectly calculated the length of his set off at the revocation hearing. BW081951-BW081962 (Board Document). The Board shortly thereafter determined that it had been right all along with respect to [REDACTED] criminal history, cancelled the disposition reflecting the mistaken re-calculation of the set-off, and granted reparole. BW081940-BW081947 (Board Document) | n/a Already released | No |
| 327 | [REDACTED] | Distribution of Heroin, Attempted Possession of Heroin | 6/16/1988 | Noncriminal | 1/23/1995 | 4/1/1995 | 7/26/1995 | 6 months | **Granted reparole: set-off served** (Revocation order imposed instructions/conditions "narcotics surveillance" and "outpatient drug treatment.", BW234915; see also BW234908 (Certificate of Parole) | n/a Already released | No |
| 328 | [REDACTED] | Distribution of PCP, Distribution of Marijuana, Possession of PCP | 7/25/1988 | Possession of Cocaine | 12/15/1994 | 5/3/1995 | 9/1/1995 | 9 months | **Granted reparole: sufficient rehabilitative conduct** ("he has completed SAP and works...he is not a management problem" BW235883. see also BW235877 (Board Order), BW235870 (Certificate of Parole) | n/a Already released | No |
| 329 | [REDACTED] | Armed Robbery | 2/4/1972 | Carrying a Dangerous Weapon | 5/11/1979 | 5/22/1980 | 5/22/1980 | 12 months | **Granted reparole: set-off served.** BK083118 (Board Order), BK082584 (Board Order) | n/a Already released | No |
| 330 | [REDACTED] | Armed Robbery | 2/4/1972 | Murder II | 2/27/1987 | 11/5/1987 | 11/5/1987 | 8 months | **Granted reparole: set-off served.** BK083073 (Board Order), BK083071(Certificate of Parole) | n/a Already released | No |
| 331 | [REDACTED] | Attempted Distribution of Cocaine, Bail Reform Act | 4/20/1992 | Noncriminal | 12/22/1997 | 4/29/1998 | 10/15/1998 | 10 months | **Granted reparole: sufficient rehabilitative conduct** for residential drug treatment. BW236836; see also BW236833 (Board Order), BW236843 (Certificate of Parole) | n/a Already released | No |
| 332 | [REDACTED] | Possession with Intent to Distribute Heroin, Destruction of Property, Possession of Cocaine | 11/14/1986 08/22/1991 12/5/1991 | Destruction of Property, Armed with a Dangerous Weapon, Shoplifting, Attempted Theft | 7/31/1995 | 12/5/1995 | 1/3/1996 | 5 months | **Granted reparole: sufficient rehabilitative conduct** (suitable for placement in outpatient drug program. BW228605; see also BW228598 (Board Order), BW228596 (Certificate of Parole) | n/a Already released | No |

# Chart of D.C. Board Adult Reparole Decisions Where Parolee Was Directed to Serve Time in Jail/Prison After Revocation

| Ref No. | Name | Conviction Charge | Conviction Date | Revocation Basis | Revocation Date | First Reparole Consideration Date | Release to Reparole Date | Time between revocation and release to reparole | Reason for Grant or Denial at First Reparole Consideration Date | If Not Released After First Reparole Consideration Date, Ultimate Reason for Grant of Reparole | Reparole after service of a sentence contingent on Underlying Conviction/Revocation Conduct? |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 333 | [REDACTED] | Robbery, Bail Reform Act | 9/26/1983, 4/27/1983 | Attempted Burglary, Theft II | 4/20/1989 | 9/28/1989 | 10/1/1989 | 6 months | **Granted reparole: sufficient rehabilitative conduct** ("excellent progress report", no DRs and no positive drug tests. BK238353; see also BK238347 (Board Order); BK238345 (Certificate of Parole) | n/a Already released | No |
| 334 | [REDACTED] | Possession with Intent to Distribute Cocaine, Attempted Distribution of Cocaine | 3/19/1990, 6/14/1990 | Distribution of Heroin, Distribution of Cocaine | 10/4/1996 | 9/4/1997 | 12/18/1997 | 15 months | **Granted reparole: sufficient rehabilitative conduct** ("completed all of the Board's special instructions." BK239084, see also BK239078 (Board Order), BK239075 (Certificate of Parole) | n/a Already released | No |
| 335 | [REDACTED] | Manslaughter While Armed | 4/25/1986 | Theft II | 1/18/1994 | 3/16/1995 | 10/11/1995 | 21 months | **Granted reparole: sufficient rehabilitative conduct** ("he/va complied with special instructions by completing substance abuse treatment, NA, AA, and individual self-study." BK083455, see also BK083450 (Board Order), BK083444 (Board Document)) | n/a Already released | No |
| 336 | [REDACTED] | Burglary I, Unlawful Entry | 3/17/1986 | Burglary II, Prison Breach | 1/5/1988 | 10/5/1988 | 10/17/1988 | 9 months | **Granted reparole: sufficient rehabilitative conduct** (he is "motivated to comply with the [programming] recommendations that have been set forth...in order to better prepare himself for a successful reentry into the community." BK240718, see also BK240716 (Board Order), BK240715 (Certificate of Parole)) | n/a Already released | No |
| 337 | [REDACTED] | Possession with Intent to Distribute PCP | 5/13/1987 | Attempted Possession Cocaine | 4/8/1990 | 1/25/1991 | 3/5/1991 | 11 months | **Granted reparole: sufficient rehabilitative conduct** ("has complied with all halfway house requirements." BK241375, see also BK241371 (Certificate of Parole)) | n/a Already released | No |
| 338 | [REDACTED] | Attempted Distribution of Cocaine, Bail Reform Act | 12/13/1989 | Shoplifting, Theft | 4/30/1993 | 5/11/1994 | 11/18/1994 | 19 months | **Granted reparole: sufficient rehabilitative conduct** (completed programming and work detail - "subject states that he has benefited from this re-incarceration." BK243153, see also BK243145 (Board Order), BK243143 (Certificate of Parole)) | n/a Already released | No |
| 339 | [REDACTED] | Attempted Distribution of Heroin, Attempted Distribution of PCP | 3/4/1987 | Noncriminal | 8/28/1992 | 7/6/1993 | 9/14/1993 | 12 months | **Granted reparole: sufficient rehabilitative conduct** ("served this set-off without problems." BK243660, see also BK243655 (Board Order), BK243648 (Certificate of Parole)) | n/a Already released | No |
| 340 | [REDACTED] | Burglary II, Robbery | 5/30/1990 | Burglary | 6/3/1998 | 5/5/1999 | 10/1/1999 | 17 months | **Granted reparole: sufficient rehabilitative conduct** (suitable for drug treatment program. BK244908; see also BK244905 (Board Order), BK244903 (Certificate of Parole)) | n/a Already released | No |
| 341 | [REDACTED] | Armed Robbery, Bail Reform Act | 3/13/1987 | Noncriminal | 8/4/1993 | 11/16/1993 | 6/30/1995 | 23 months | **Denied reparole: insufficient rehabilitative conduct** ("subject reports completion of urine screenings." BK083859; ... there are no DRs and no positive urine screenings." BK083638, see also BK083833 (Board Order); BK083828 (Certificate of Parole)) | n/a Already released | No |

.

# Exhibit 3

**This exhibit has been redacted in its entirety.**

# Exhibit 4

This exhibit has been redacted in its entirety.

# Exhibit 5



GOVERNMENT OF THE DISTRICT OF COLUMBIA
# BOARD OF PAROLE
717-14TH STREET, N.W., SUITE 300
WASHINGTON, D.C. 20005

## POLICY GUIDELINE

**SUBJECT:**   Rehablitation and Treatment of Offenders

I.   **AUTHORITY:** D.C. Code Title 24, Sections 201.2(a) and (d), and 24-204(a), (1989 Repl. Vol.)

II.   **PURPOSE:** To clarify the rehabilitative and treatment goals of the Board in both parole decisionmaking and supervision of parolees in the community.

III.   **APPLICABILITY:** All District of Columbia inmates and parolees under the jurisdiction of the D.C. Board of Parole.

IV.   **REFERENCES:** DCMR Title 28, Chapters 1, 2 and 3 (May 1987 ed., as amended)

V.   **RATIONALE:** The D.C. Board of Parole has a statutory mandate to make parole release and revocation decisions, and to provide parole supervision services in the community, that are consistent with the best interests of both the community and the offender. The Board believes that these interests are best served by incorporating the goals of rehabilitation and treatment of offenders in its decisionmaking and community supervision programs.

Relatively few offenders remain incarcerated for the rest of their lives. Therefore, one of the primary goals of parole in the District of Columbia is to enable offenders to return to and remain in the community crime-free. Rehabilitation and treatment-oriented programs and services, both in prison and the community, are key stepping stones toward achieving this goal.

VI.   **DEFINITIONS:** None.

VII.   **POLICY:** Consistent with the Board's mission to protect the public interest, promote rehabilitation of offenders and protect individual rights, the rehabilitation and/or treatment needs of offenders shall be considered in both the parole decisionmaking and supervision programs.

Adopted by the D.C. Board of Parole on _May 8, 1945_

Polly J. Nelson, Board Member
for Margaret Quick, Chairperson

# Exhibit 6

# DECLARATION OF GLADYS MACK

Pursuant to 28 U.S.C. § 1746(1), I, Gladys Mack, do declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1.  I am currently the Chief Operating Officer of the United Planning Organization in Washington, D.C.

2.  I served as Chair of the D.C. Board of Parole ("the Board") from 1986 until 1991.

3.  I am coming forward voluntarily to tell the Court about the practices of the Board based on my five years of experience as Chair. I volunteered to be a witness in this case. I was not pressured in any way to provide this declaration to the Court or to speak to plaintiff's counsel.

## MY EXPERIENCE AS CHAIR OF THE BOARD

### My Responsibilities as Chair of the Board

4.  I was appointed as Chair of the Board in 1986 by then Mayor Marion Barry. I left the Board in 1991 and am currently working for the United Planning Organization.

5.  As Chair of the Board, I was responsible for managing the "reorganization" of the oversight of parole that took place in 1987 through 1988. The reorganization was prompted by Mayor Barry's decision to transfer the responsibility for supervising D.C. parolees from the Department of Corrections to the Board. Prior to the reorganization, the Board had decision-making authority but no supervisory authority for parole supervision. As a result of this broadening of responsibilities, the Board expanded from three to five Board members.

6.  During my tenure as Chair, one of my most significant contributions was clarifying the Board's policies and procedures. I worked with the Board's Program Analysis Officer to develop some of the language used in the guidelines codified at Title 28 of the D.C. Municipal Regulations ("the Regulations"). We also worked together to draft policy guidelines by which the Board executed the rules and duties in the Regulations. The main purpose of the Regulations and the related policy guidelines was to ensure consistency and equity in the parole decision-making process.

7.  In addition to clarifying the Board's policies and procedures, I also led the initiative to automate the Board's parole system. The result was an electronic case management system called PARIS.

8.  During the first two years of my tenure with the Board, I conducted hearings on a regular basis. After the reorganization, my responsibilities were primarily administrative, as the entire staff, which had grown to 60 people, began reporting to

me. While I no longer conducted hearings, I continued reviewing initial parole, revocation, and reparole decisions made by the other Board members. I reviewed these decisions about three days per week. Each decision had to be reviewed and approved by three Board members before it could be finalized. I reviewed and signed approximately 20-25% of all parole, revocation, and reparole decisions that were made during my tenure as Chair of the Board.

## *The Board's Reparole Practice*

9.     If an offender was alleged to have violated his/her parole, the Board would conduct a revocation hearing. At the revocation hearing, the Board determined whether or not a violation had occurred. If it was determined that an offender had violated his/her parole, the Board decided whether or not to revoke the offender's parole. If an offender's parole was revoked, the Board then determined if the offender should be reparoled immediately or re-incarcerated.

10.    If the Board ordered an offender's re-incarceration, the Board would impose a "set-off" period, during which the offender would remain incarcerated. The Board used guidelines to determine the length of the set-off period.

11.    I believe that the guidelines used during my tenure at the Board to establish the set-off period are the guidelines that are codified in the Regulations. The Board used the salient factor score only at initial parole hearings, not at the revocation or reparole stages.

12.    The Board could depart from the guidelines in determining the length of an offender's set-off period if the Board identified specific reasons for the departure. However, the Board typically gave a set-off period within the guidelines' standard of up to two years. When an offender's parole was revoked based a new conviction for a major offense, the Board occasionally imposed a set-off of up to three years.

13.    The Board typically reparoled offenders at the end of their set-off periods. The most important factor in determining whether or not an offender would be reparoled was the offender's institutional conduct during the set-off period. The imposition of a set-off period was the punishment for violating the parole conditions. Therefore, if an offender served the set-off period without disciplinary infractions, he/she was reparoled.

14.    Evidence of rehabilitation was important to the Board and influenced the Board's parole and reparole decisions. It was part of the Board's practice to give an offender special instructions at his/her revocation hearing and the special instructions often suggested programs that would promote the offender's rehabilitation. However, the Board typically reparoled all offenders who served their set-off periods without major disciplinary infractions regardless of their rehabilitation efforts.

15.    Few inmates were denied reparole after serving their set-off period, so it was unusual for the Board to order a second set-off period after the re-hearing date.  It was contrary to the Board's practice to deny reparole to an offender who had maintained good institutional conduct during his/her set-off period.

Dated:  1/31/07

_____
Gladys Mack

# Exhibit 7



# DECLARATION OF HOWARD CROFT

Pursuant to 28 U.S.C. § 1746(1), I, Howard Croft, do declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1. I am currently the Assistant Director of the Long Term Care Division at the Service Employees' International Union.

2. I served as a Board member on the D.C. Board of Parole ("the Board") from 1984 or 1985 until 1991.

3. I am coming forward voluntarily to tell the Court about the practices of the Board based on my six to seven years of experience as a board member. I volunteered to be a witness in this case. I was not pressured in any way to provide this declaration to the Court or to speak to plaintiff's counsel.

## MY EXPERIENCE AS A BOARD MEMBER

### *My Responsibilities as a member of the Board*

4. I was appointed to the Board in 1984 or 1985 by then Mayor Marion Barry. I left the Board in 1991 to return to the position I previously held at the University of the District of Columbia as the Chair of the Urban Studies Program and Director of the Lorton Prison College.

5. As a Board member, I conducted hearings three days a week. Typically, I conducted two days of initial parole hearings and one day of revocation hearings per week. On each of those days, I conducted between four and five hearings. In addition to conducting hearings, I was responsible for reviewing the decisions of hearing examiners and other Board members.

### *The Board's Reparole Practice*

6. If an offender was alleged to have violated his/her parole, the Board would conduct a revocation hearing. At the revocation hearing, the Board determined whether or not a violation had occurred. If it was determined that an offender had violated his/her parole, the Board decided whether or not to revoke the offender's parole. If an offender's parole was revoked, the Board would then determine if the offender should be reparoled immediately, released to work release or a halfway house, reparoled to his/her new sentence, or re-incarcerated.



7.      If the Board ordered an offender's re-incarceration, the Board would impose a "set-off" date to establish how long the offender should remain incarcerated. The Board used guidelines to determine the length of the set-off period. I believe that the guidelines used during my tenure at the Board to establish the set-off period are the guidelines that are codified in Title 28 of the D.C. Municipal Regulations.

8.      The Board could depart from the guidelines in determining the length of an offender's set-off period only if the Board identified specific reasons for the departure and formed a convincing argument that the departure was appropriate.

9.      A set-off period of four or five years was fairly unusual and, in my opinion, unreasonable. The only circumstances under which the Board would give an offender such a long set-off period would be where the offender had had his/her parole revoked multiple times, thus demonstrating the offender's inability to adhere to conditions of parole, or where the Board felt that the grant of initial parole was a mistake. I do not remember giving offender a set-off period longer than five years.

10.     If an offender had already served a sentence in another jurisdiction for the offense of which his/her parole was revoked, the Board would generally give the offender a set-off period within the guidelines, unless there was a specific reason to depart from the guidelines.

11.     I believe the salient factor score was not used at the revocation or reparole stage. I believe it was only used at the initial parole stage.

12.     As a Board member, I considered the set-off period to be the amount of time that an offender must presumptively serve as a result of his/her violation behavior. I would consider the offender's post-incarceration conduct when determining whether or not an offender should be reparoled at the end of the set-off period. If an offender served his/her entire set-off without receiving disciplinary infractions, the offender was entitled to reparole at the end of the set-off period.

13.     Other Board members took a slightly different approach. These Board members also felt that post-incarceration conduct was an important factor when considering an offender for reparole at the first hearing following the set-off. However, in addition to requiring that the offender serve his/her time without receiving disciplinary infractions, these Board members also expected an offender to participate in programming in order to be reparoled.

14.     If an offender served his/her set-off period, did not get disciplinary reports while incarcerated, and participated in some programming, the Board would grant the offender reparole at the end of the set-off period. The Board members recognized that it was very difficult to serve time in prison and not receive a single infraction, so the Board would usually grant reparole even if an offender committed minor infractions. It was contrary to Board practice to deny reparole to an offender who had

maintained good institutional conduct and participated in programming during the set-off period.

_____
Signature

11-21-06
_____
Date

# Exhibit 8

Form No. PB-1
Rev. 9/80

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
## BOARD OF PAROLE

ROOM 503
614 H STREET, N.W.
WASHINGTON, D.C. 20001



### (Summary Transcript)

Case of:
D.C.D.C. #: ████████████
Institution: Correctional Complex
Date: April 21, 1983
Present: Rev. H. Albion Ferrell
Mr. Warren H. Moore

MR. MOORE:

████████████ appeared before the Board on this date for a rehearing on his application for a parole grant from the 8679 days which he owes on 30 years.

█████████ has a long history with the Board. He was granted an application for reduction in minimum sentence on two previous occasions. On the first occasion, after he had been paroled following the reduction in minimum sentence, he was in the community for only six months before he picked up the 30 year sentence for the offense of Armed Robbery and CDW. While in the service of that sentence, and as on the previous occasion, because of his excellent adjustment in the institution, and after much trepidation by the Board, he was granted another reduction in minimum sentence with reference to the 30 year sentence. On this occasion he remained in the community for only a period of about eight months when he resorted to the same kinds of behavior that resulted in his being returned to custody. The Board need not go into all the details and ramifications of this case. Because of some apparent manipulations on the part of ████ in an effort to reduce the weight of the penalties that were about to be imposed as a result of his latest indiscretion he had become involved in drugs again. Because of his poor adjustment in the community, the Board found it necessary eventually to issue a warrant for his arrest. He had been arrested on a felony drug charge. However, that charge, as a part of a plea bargaining process, was finally reduced to a misdemeanant offense, and it was on the basis of that offense that the Board finally revoked his parole, waived its guidelines, and set him off for a period of one year. The guidelines called for a maximum setoff of nine months in this case.

-2- ██████████████████  Correctional Complex, April 21, 1983

The record reflects that since the last hearing ██████████
has picked up his usual excellent adjustment in the insti-
tution   and comes before the Board in pretty much
the same stance that he has always come before the
Board, and that is while in institutional custody he
makes an ideal prisoner.  The Board, however, has
serious questions as to whether his past adjustment
prophesizes to any degree what is going to happen to
him in the future, when his past behavior is taken
into consideration.  The Board does feel, however,
that it has to be true to its general guidelines
with reference to setoffs and denials.  The Board's
usual  policy is that the person is penalized at
the time of the revocation hearing for all past indis-
cretions, leaving over the matter to be viewed between
the revocation and the next hearing to be his adjustment
during the interim period.  With this taken into con-
sideration, the Board feels at this time obligated to
grant ██████████ parole, although it recognizes because
of deep personal considerations the Board is not
encouraged to feel that ██████████ has really come to
grips and dealt with those factors that cause him to
continue to get into difficulty with the law.  This
was discussed with ██████████ in detail, indicating
what the Board's general policy is.  The Board also
let him know that should the Board grant him parole
and should there be any further violation of his
parole, whether technical or through law violations,
the Board would feel obligated to require a substantial
portion of his remaining sentence be served, calling
attention to the fact that on at least two previous
occasions he has made a wreck of the Board's trust
in him when it granted him a request for a reduction
in minimum sentence.

The Board, in noting that ██████████ adjustment since
the revocation hearing has been above reproach, feels
obligated at this time to grant him reparole.  However,
in taking this action the Board cannot totally ignore
██████████ past record with the Board, and therefore
in granting parole it enters into a commitment with
██████████ that should he again resort to any kind
of illegal behavior resulting in his parole being
violated, either as a result of new law violations
or on technical grounds, the Board would require,
upon a finding of involvement, that he serve a sub-
stantial part, if not all, of his remaining 30 year
sentence. ██████████ indicated that he understood this
and had already prepared a memorandum to the Board
specifying that should he resort to further violations
of parole, if granted parole, that he would be willing
to serve a period of five years on his parole violator
time.

I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE
AND ACCURATE TRANSCRIPT OF MY SUMMARY NOTES,
TAKEN AT THE TIME, PLACE, AND ON THE OCCASION
INDICATED

# Exhibit 9

RE: _____          _____     _____
       **Subject's Name**                              **DCDC#**      **PDID#**

HO: _____

_____

_____

PERFORMANCE DURING LAST RELEASE ON PAROLE: _____

_____

_____

_____

_____

HO: _____

_____

_____

PERFORMANCE UNDER ANY PREVIOUS COMMUNITY SUPERVISION: _____

_____

_____

_____

## ANALYST'S REMARKS

_____

_____

_____

_____

_____

_____

_____

## SETOFF GUIDELINE RECOMMENDATIONS

<u>Noncriminal Violation</u>
    less than 5 yrs remain    within 6 mos.
    5 or more years remain   within 6-9 mos.
<u>Misdemeanor Charge or Conviction</u>
    less than 5 yrs remain    within 6-9 mos.
    5 or more years remain   within 9-15 mos.
<u>Felony Charge or Conviction</u>
    less than 5 yrs remain    within 9-15 mos.
    5 or more years remain   within 15-24 mos.

PDS.202 1/21/93                          3

# Exhibit 10

RE:_____

      **Subject's .me**           **DCDC₁**          **PDID#**

## SPECIAL INSTRUCTIONS FOR NEXT CONSIDERATION

| Anl | HQ | | Anl | HQ | |
|-----|----|--|-----|----|--|
| 17 | 17 | Complete Adult Basic Ed. | 15 | 15 | Maintain Alcohol Abstinence |
| 01 | 01 | Complete GED | 14 | 14 | Attend Alcoholics Anonymous |
| 03 | 03 | Complete College Course | 04 | 04 | Complete 30-Day DAAPT |
| 02 | 02 | Complete Vocational Program | 13 | 13 | Maintain Drug Abstinence |
| 18 | 18 | Complete ETAP | 12 | 12 | Attend Narcotics Anonymous |
| 06 | 06 | Work Detail | 20 | 20 | Intensive Drug Program |
| 23 | 23 | Work Training | 26 | 26 | Substance Abuse Program |
| 05 | 05 | Program Participation | | | |
| 07 | 07 | No New Disciplinary Infractions | 19 | 19 | Psychological Evaluation |
| 11 | 11 | Notify Board of Disposition of Pending Charges | 09 | 09 | Psychological Counseling |
| 08 | 08 | Pay VVCC of $_____ | 21 | 21 | Sex Offender Therapy |
| 22 | 22 | Electronic Monitoring | 49 | 49 | No Special Instructions |
| XX | XX | Other:_____ | | | |

## SPECIAL CONDITIONS OF PAROLE

| Anl | HQ | | Anl | HQ | |
|-----|----|--|-----|----|--|
| 63 | 63 | Intensive Supervision | 53 | 53 | Alcohol Abstinence |
| 67 | 67 | Voc Rehab.--Community Based | 71 | 71 | Alcoholics Anonymous |
| 68 | 68 | Voc Rehab.--Residential | 54 | 54 | Alcohol Trtmt--Outpatient |
| 65 | 65 | Special Needs--Community Prog. | 55 | 55 | Alcohol Trtmt--Inpatient |
| 66 | 66 | Special Needs--Residential | 50 | 50 | Narcotics Surveillance |
| 59 | 59 | Halfway Back | 71 | 71 | Narcotics Anonymous |
| 60 | 60 | Parole Initiative #1: PPRC | 51 | 51 | Drug Trtmt--Outpatient |
| 61 | 61 | Parole Initiative #2:_____ | 52 | 52 | Drug Trtmt--Inpatient |
| 62 | 62 | Parole Initiative #3:_____ | 58 | 58 | FPO |
| 64 | 64 | Pay VVCC $_____ | 56 | 56 | Mental Health--Outpatient |
| 99 | 99 | No Special Conditions | 57 | 57 | Mental Health--Inpatient |
| XX | XX | Other:_____ | 69 | 69 | Sex Offender Therapy |
| | | | 72 | 72 | Shoplifters Anonymous |

**PDS.202 1/21/93**          **5**

# Exhibit 11

*Low Risk/low score = grantable*
*0-2 at initials*
*0-3 at rehearings*
*point subtracted for sustained achievement*
*good conduct*

# Memorandum



**Subject**

Special Procedures for District of Columbia Code Offenders

**Date**

August 21, 1992

**To**

Jasper R. Clay, Jr.
Acting Chairman
U.S. Parole Commission

**From**

Michael A. Stover          *Michael Stover by RC*
General Counsel
and                        *Rockne Chickinell*
Rockne Chickinell
Deputy General Counsel
U.S. Parole Commission

## I. INTRODUCTION

The U.S. Parole Commission is now required to apply District of Columbia parole laws and guidelines to all D.C. Code offenders in federal prisons, both male and female inmates. The following memorandum explains the D.C. guidelines and other relevant regulations and policies of the D.C. Board of Parole. It provides our legal advice for compliance with the court order in Cosgrove v. Thornburgh. Civ. No. 80-0516 (D.D.C. 1989)(which applies to federally-housed male D.C. Code inmates). Female D.C. Code inmates can continue to apply for a transfer and a hearing before the D.C. Board, but if they elect to appear before the Commission, a hearing must be held under D.C. procedures.

This memorandum also contains our policy for mixed sentence (U.S. and D.C.) cases, which is published at 28 C.F.R. §2.68. Due to the decision in Thomas v. Brennan, 961 F.2d 612 (7th Cir. 1992), which was recently adopted by the district court in the Cosgrove class action case, the Commission has passed an amendment to this regulation which requires the advancement of any D.C. guideline hearing that was scheduled for a date after the expiration of a mixed sentence prisoner's "federal time". This amended version of the mixed sentence policy should be implemented immediately, as the Commission determined at its July, 1992 business meeting, and it should be applied retroactively as previously decided cases come before Commissioners and staff for a review or hearing.

**Note:** For purposes of applying D.C. parole laws and guidelines, a prisoner sentenced in a U.S. District Court for a D.C. Code offense is a "D.C. Code offender" and must be heard under the D.C. guidelines, not the guidelines of the Parole Commission.

# D.C. POLICY GUIDELINES

We have attached to this memorandum two Policy Guidelines from the D.C. Board of Parole which explain the use of various terms used by the Board in applying its guidelines. The first Policy Guideline covers decisions to override the guidelines (i.e., to grant or deny parole despite the point score). The second Policy Guideline covers rehearing dates that depart from the schedule for ordinary cases. The Policy Guidelines are more particularly described in the later sections of this memorandum.

The Policy Guidelines are not intended to cover every situation which may come before the Board. Therefore, the Board may employ, in an unusual case, a reason for overriding a favorable point score, or for setting a longer-than-ordinary rehearing date, which is **not** listed as one of the "countervailing factors" generally used for this purpose. The Commission has the discretion to follow the same practice.

But where the Policy Guideline **does** address a situation that is present in a particular case (e.g., when to add a point to the total score for "negative institutional behavior," or when to override the point score for "unusually extensive or serious prior criminal record"), we recommend that the Commission use the same criteria and terminology in its own decisionmaking.

## ELIGIBILITY, INITIAL HEARING, AND SETTING A PAROLE DATE

Under the D.C. Good Time Credits Act of 1986 (as amended in 1991), all D.C. prisoners (wherever confined) have good time deducted from their eligibility dates at the same rate applicable to the maximum term. They are eligible on the date calculated by the Bureau of Prisons.

All D.C. Code offenders must receive an initial hearing four months in advance of their eligibility dates. After the initial hearing is held, parole may be granted up to six months after the eligibility date (or up to six months after the date of a rehearing) if pre-release CCC placement (work release) is found appropriate. Otherwise, parole must be granted for the earliest date that the release plan can be reviewed and approved by the U.S. Probation Office (but not before the eligibility date).

## GUIDELINE APPLICATION IN GENERAL

The D.C. parole guidelines (copy attached) are straightforwardly written and relatively simple to apply with the aid of the D.C. Board's worksheets. The guidelines need not be restated in full in this memorandum. However, a few words of introduction are in order.

The D.C. parole guidelines employ a salient factor score virtually identical to that contained in the federal guidelines; therefore, the federal salient factor score instructions should be used. However, the D.C. guidelines do not contain an offense severity dimension, nor do they prescribe ranges of months to be served. Rather, the D.C. guidelines use the minimum term of the sentence (less good time) as the basic measure of accountability for

2

the offense, and apply a point score system (which includes the salient factor score and other readily ascertainable items) to determine whether or not the prisoner is suitable for parole upon the completion of the minimum term. Hence, a D.C. Code prisoner has satisfied offense accountability at eligibility, unless unusual offense factors are present (discussed below). His point score will then determine his presumptive suitability for release.

A point score of 0 to 2 points indicates that parole should ordinarily be granted at the initial hearing, and a point score of 3 to 5 points indicates that parole should ordinarily be denied at the initial hearing and a rehearing scheduled. A "rehearing" is a full reconsideration hearing, unlike a federal "statutory interim hearing," and the point score may well change at that point. At a rehearing, a point may be subtracted for "sustained program achievement" or added for institutional misconduct based on the prisoner's conduct and achievements since the last consideration.

One of the "point score" factors is negative institutional behavior and refers to infractions adjudicated under due process procedures. This means a DHO type of hearing. "Negative institutional behavior" is defined in the attached Policy Guideline on "Definitions of Terms Used in Parole Guidelines." Negative institutional behavior will, of course, raise the point score at a rehearing. In the Policy Guideline the D.C. Board identifies with some specificity the type of violations that ordinarily result in a finding of negative institutional behavior. Furthermore, this Policy Guideline also states that violations committed only within a certain time period before the hearing are normally considered in adding a point for negative behavior.

At a rehearing, a point score of 0 to 3 points indicates that parole should be granted at the rehearing, and a point score of 4 to 5 points indicates that parole should continue to be denied and another rehearing scheduled. The guidelines appear to favor granting parole for many cases at the initial hearing or the first rehearing. However, departures from the guidelines are permitted based upon individual factors, including risk of recidivism, lack of programming,[1] and unusual seriousness of the offense (i.e., factors making the offense a significantly more aggravated version of its type). Examples of reasons for departures are provided in the Policy Guideline on "Definitions of Terms Used in Parole Guidelines." The reasons for deviating from a decision indicated by the total point score should be stated on the notice of action.

Since the D.C. guidelines are written in terms of a simple decision to grant or deny parole, two critical operational differences from the federal guidelines become apparent. First, presumptive parole dates are not set. No parole date can be set more than six months in the future. Second, if parole is denied at a given hearing, the timing of the next rehearing becomes critical because the inmate's total point score may be improved, and

---

[1]   In accordance with Congressional intent, the Commission has, in federal cases, avoided using parole denials to coerce participation in institutional programs. However, the D.C. Parole Board's regulations and practices permit--but do not require--parole denials for this reason.

may call for parole to be granted at the next hearing.

*REHEARING — TIMING*

The D.C. regulations set out the following general policy on the ordinary timing of rehearings: six months in the case of a maximum sentence less than five years and one year in the case of a longer maximum sentence. However, longer (or shorter) continuances are scheduled, for the same types of reasons set forth in the Policy Guideline on factors countervailing a recommendation to grant or deny parole. See 28 DCMR §104.11 (". . . the Board may order a parole reconsideration date it determines to be appropriate."). The Board has published a separate Policy Guideline entitled "Reconsideration Hearings -- Establishing Dates". (See attached.)

The D.C. Board does not observe any limit to the length of time an inmate may be continued for a rehearing, and continuances have been ordered for rehearing dates up to nine years in the future. Use individualized discretion in determining the actual rehearing date (e.g., a hearing after 18, 24, or 36 months may be the most appropriate disposition depending on the nature of the case). Although the D.C. Board has not adopted any limit to the permissible length of a set-off, the Commission's approved practice will be not to exceed five years except for the most serious and dangerous offenders in the prison system (e.g., aggravated first-degree murderers and offenders of like seriousness). However, no presumption in favor of parole is implied in the setting of any rehearing date. For those prisoners who are found to have unusual factors warranting a rehearing beyond the "ordinary" schedule by five years or less, the rehearing date should reflect a decision that all aggravating factors identified in the decision will have been fully accounted for at that time. The reasons for deviating from the ordinary rehearing schedule should be stated on the notice of action.

For example, a longer continuance than indicated by the D.C. regulations would be appropriate for any case involving a lengthy or serious criminal history, a case with exceptional seriousness of the instant offense, cases of particularly serious or frequent institutional misconduct, and cases of substantial drug or alcohol problems. It must be emphasized that "seriousness of the offense," under the D.C. regulations, typically concerns "unusual cruelty to the victim," a case of "vulnerable victims," or a "leadership role in an organized criminal venture." (See the Policy Guidelines.) The D.C. Board does not focus upon considerations of quantity (e.g., the amount of drugs or money involved in the crime or the number of multiple separate offenses) as the U.S. Parole Commission does. The D.C. Board appears to consider such factors as already accounted for by the minimum term or terms. "Seriousness of the offense" is a concept which, for the D.C. Board, is closely related to "seriousness of risk," and should be applied by the Commission with that limitation in mind. When considering reasons for a departure from the point score or rehearing guidelines, always consult the Policy Guidelines.

Therefore, a decision "outside the guidelines" could consist of a decision to override a point score that indicates parole at the initial or rehearing stage, or to override the normal six-month or one-year rehearing schedule, or both. It could also consist of a decision to grant parole where the point score indicates no parole at an initial hearing or rehearing. A good example of an actual case decision involving aggravating factors may be found in the attached court decision in Rookard v. District of Columbia Board of Parole,

4

C.A. No. 86-3238 (January 21, 1988).  The case involves a decision above the guidelines based on "unusual cruelty to the victim."

## TRANSFER TO DISTRICT OF COLUMBIA

If a D.C. Code offender who has already received a decision from the U.S. Parole Commission is transferred to a District facility, the Commission's file is to be promptly transferred to the D.C. Board of Parole, which thereafter assumes jurisdiction and treats all USPC decisions as decisions of the D.C. Board.  (A complete record must be kept of this transfer so the file can be located if needed.)

## RESCISSION HEARINGS

Once a parole date is granted on a D.C. Code sentence, the date may be rescinded for a disciplinary rule violation or new criminal conduct.  A rescission hearing should be scheduled to consider the new information and determine whether a point should be added to the prisoner's previous point score for "negative institutional behavior".  This point should not be added at the rescission hearing if a point for negative behavior was added at the prisoner's last parole consideration (the consideration which led to the setting of the parole date).  A decision notwithstanding the point score resulting from the rescission hearing may be made for countervailing factors, as discussed in the Policy Guidelines.  A short retardation of the parole date may be made for a rule violation, without a rescission hearing.  Such retardation of the date on the record should not exceed sixty days.

## REVOCATION CASES

Revocation hearings are the same as under the federal system except (1) street time forfeiture is automatic under D.C. Code §24-206(a) and (2) there are no reparole guidelines, only a rehearing schedule to which the same policies described above apply.  See 28 DCMR §104.4 to §104.10 and Policy Guideline on "Reconsideration Hearings."  This rehearing schedule must be followed unless aggravating or mitigating factors are found to warrant otherwise.  The case of the repeat parole violator is perhaps the most frequent example of a decision to override the rehearing schedule and establish a longer set-off.

Sections 104.4 to 104.10 of the D.C. Board's regulations set the following general policy for the scheduling of rehearings after the revocation decision:

| Most Serious Violation | Time Remaining on Sentence | |
|---|---|---|
| | Less than 5 years | 5 years or more |
| Technical | 0-6 months | 6 to 9 months |
| Misdemeanor | 6 to 9 months | 9 to 15 months |
| Felony | 9 to 15 months | 15 to 24 months |

Note:   These categories apply whether or not the offender was convicted of the

5

misdemeanor or felony in question.  <u>The rehearing date is set from the date the violator warrant is executed, not the date of the revocation hearing</u>.

Although it has been the practice of the D.C. Board to grant reparole at the rehearing if the violator has a good institutional record, and has participated in institutional programs, that practice creates no rights or obligations and does not set a rule or policy.  There are no guidelines to structure the reparole decision itself.  Therefore, the Commission's discretion on whether to grant reparole is unstructured.  (<u>This does not mean the Commission may refer to federal guidelines</u>.)  Reparole may be denied at the rehearing for any permissible reason (see the Policy Guidelines) and another rehearing is then scheduled.

## HEARING PROCEDURES IN GENERAL

Although the District of Columbia Parole Board's regulations provide for somewhat different hearing procedures from those used by the Commission, the Commission should, for the sake of simplicity, continue to apply its own hearing procedures, including representation, disclosure, etc.  As far as we are able to determine, this will not prejudice the prisoner's opportunities for a fair parole consideration.  Therefore, in any situation not covered by these special procedures, the regular federal procedures will be applicable. Revocation hearings are, of course, governed by the same due process rules.

## VOTING QUORUM AND APPEAL

### Prisoners Serving D.C. Code Offenses Only:

In order to match the D.C. Parole Board's three-member concurrence requirement, the Regional Commissioner should refer these cases to the National Commissioners under the procedure of 28 C.F.R. §2.24(a).  The release determinations are not appealable, since the D.C. Parole Board does not provide an appeal procedure.

### For mixed U.S. and D.C. Code sentences:

The consideration of the federal sentence block and the setting of the D.C. initial hearing date should be handled under the Commission's normal regulations on voting quorums.  The prisoner may appeal both the federal time imposed, and the Commission's determination as to the date the D.C. initial hearing should be held.  But the consideration under the D.C. guidelines at the D.C. initial hearing and subsequent hearings is handled by the procedure discussed above, i.e., referral to the National Commissioners.)

## DETAINERS

If a D.C. Code parole violator is sentenced for a new crime, and incarcerated in a facility <u>not</u> operated by the District of Columbia, the Commission may place a detainer, which must be reviewed every six months until the warrant is executed.  **Dispositional**

6

revocation hearings are not held. NOTE: If the offender is designated for a D.C. facility, the case is immediately transferred to the D.C. Board, using the standard transfer letter.

## II. STEP-BY-STEP PROCEDURES -- D.C. CODE SENTENCES ONLY

For purposes of applying the D.C. guidelines to offenders currently incarcerated in federal institutions, we suggest that they be divided into three groups: prisoners serving exclusively D.C. Code sentences who are just approaching eligibility for parole, prisoners serving exclusively D.C. Code sentences who are already beyond the eligibility date, and prisoners serving mixed D.C. Code and U.S. Code sentences. We recommend that the Commission proceed as outlined below.

## ONLY D.C. CODE SENTENCES--NOT YET ELIGIBLE

1. Conduct the hearing at the scheduled time (four months before the eligibility date) and consider the case using the D.C. Parole Board's guidelines.

2. If a parole date is found to be warranted on the basis of that consideration, grant that parole date, with or without CCC placement. Otherwise, issue a decision denying parole, schedule a rehearing according to the rehearing policy described above, and give reasons for the decision on the Notice of Action.[2] This includes the reason for a departure from the point score, and/or the reason for a longer continuance.

## ONLY D.C. CODE SENTENCES--ALREADY ELIGIBLE

Some prisoners (including female D.C. Code offenders) may have received decisions under the federal parole guidelines and have not yet been reheard. Such prisoners may have already passed not only their parole eligibility dates but also the dates when they would have received rehearings, by the time they appear for a hearing under the D.C. guidelines. Thus, to give them the benefit of the D.C. guidelines at this time, it may be necessary to conduct a hearing which applies the guidelines for both initial and review considerations.

1. Vacate all actions already taken and schedule the case for a D.C. initial hearing as soon as possible. [D.C. regulations do not permit parole on the record. Therefore in-person hearings are required in all cases.]

2. Conduct the hearing applying the D.C. initial guidelines.

3. If a parole effective date is warranted on the basis of that consideration, grant it.

---

[2] The D.C. Board does not supply reasons for parole denials, except when the Board is departing from the guidelines. 28 DCMR 204.22. However, the reasons for all its decisions are carefully recorded in the file.

Otherwise, determine how long a set-off is warranted.

**If that set-off time has not passed,** issue a decision denying parole, scheduling a rehearing at the appropriate time, giving reasons for the decision.

**If the set-off time has already passed,** consider the case with the D.C. Parole Board's rehearing guidelines at the present consideration *i.e.,* with the point score recalculated for the rehearing. If a parole grant is warranted on the basis of that consideration, grant it. If a parole grant is not warranted, issue a decision denying parole, and schedule a rehearing at the appropriate time, giving reasons for the decision.

## ONLY D.C. CODE SENTENCES -- ELIGIBILITY DATE ADVANCED BY GOOD TIME

Due to the Good Time Credits Act of 1991, which authorizes the reduction of the minimum term by good time, some prisoners who have yet to be heard under the D.C. guidelines may have already passed the point when they are eligible for an initial consideration. In such cases, schedule the prisoner for an initial hearing as soon as feasible and apply steps 2 and 3 outlined in the previous section for "Exclusively D.C. Code Sentences -- Already Eligible."

If the prisoner has already been given an initial hearing under the D.C. guidelines, the case should be re-evaluated at the regularly scheduled rehearing date. At the rehearing the case should be evaluated under the initial and rehearing guidelines as if the initial hearing had been held four months prior to the parole eligibility date advanced by good time deductions.

## REVOCATION CASES ALREADY HEARD UNDER USPC GUIDELINES

1. Vacate previous reparole date (not the revocation decision).

2. Schedule for a new hearing to determine reparole, or a new combined initial/reparole hearing if the parole violation term is combined with a new sentence (D.C. or Federal).

## III. STEP-BY-STEP PROCEDURES FOR MIXED U.S. CODE AND D.C. CODE SENTENCES -- 28 C.F.R. §2.66(c)-(f).

### INITIAL CONSIDERATIONS

This is the most complex group of all because it calls for the application of two different sets of guidelines in relation to different components of the overall sentence. The Bureau of Prisons will continue to aggregate the sentences for purposes of establishing a single parole eligibility date and a single mandatory release date, and the Commission will continue to treat the sentences as fully aggregated. However, **for its internal decision-making analysis only,** the Commission should hypothetically de-aggregate the sentence and arrange them into two separate blocks of sentences--federal and D.C.--with the federal

block of sentences being the first in order. (The actual order of imposition is irrelevant.) Then proceed as follows:

## STEP 1 -- Setting the Federal Date

The federal sentence block will be considered first regardless of the actual chronology of sentence imposition. Apply the federal parole guidelines to the U.S. Code offense behavior. **The offense severity rating may not include the District of Columbia conviction.** At this stage, if the D.C. conviction (as opposed to the D.C. offense) was sustained before the U.S. Code crime was committed, the D.C. conviction should be counted in Item A of the salient factor score. Furthermore, if the D.C. prison sentence began before the federal crime was committed, count this period of confinement in Item B. This consideration should result in the setting of the "federal date". **(Note: This is not an actual parole date.)**

Rescission behavior should be considered under the rescission guidelines (28 C.F.R. §2.36) in setting the "federal date" unless such behavior results in a new D.C. Code conviction. (If rescission behavior is used to set the "federal date", this does not preclude use of the same behavior to later add a point for the post-incarceration risk factor of "negative institutional behavior" when the D.C. guidelines are subsequently applied.)

The "federal date" may exceed the guideline range, but it may be no later than the hypothetical statutory release date of the federal sentence block if it is less than five years, or the hypothetical two-thirds date if the federal sentence block is five years or more. These limits cannot be exceeded even if the inmate has forfeited good time, or would not qualify for mandatory parole by reason of his prison misconduct or the seriousness of the risk. However, any factor (except accountability for the D.C. crimes) can be considered in exceeding the federal guideline range up to the limits described above. (Risk factors not adequately accounted for in the federal decision can be used to override the D.C. guidelines.)

## STEP 2 -- Setting the D.C. Hearing Date

If the "federal date" exceeds the parole eligibility date on the aggregate term, the date of the D.C. guideline hearing should be set four months prior to the "federal date". If the "federal date" is the same or less than the parole eligibility date, the date of the D.C. guideline hearing should be set four months prior to the parole eligibility date on the aggregate sentence.

## STEP 3 -- Applying the D.C. Guidelines at the D.C. Hearing

At the D.C. guideline hearing, the examiners should consider the prisoner for parole with regard to his D.C. Code offense and apply the D.C. guidelines. For salient factor scoring purposes, the D.C. Code offense should be considered as the "current offense". The U.S. Code conviction should be counted as a prior conviction if the U.S. Code conviction (as opposed to the federal offense) occurred prior to the commission of the D.C. Code offense.

9

If the U.S. Code prison sentence began before the D.C. crime was committed, this period of confinement should be counted as a prior commitment.

**Note:** The prisoner's overall offense behavior (including U.S. and D.C. Code offenses) **may** be considered for the purpose of determining whether the prisoner poses an unusual risk to the public welfare. For example, the overall offense behavior may reveal a pattern of sustained, or repeatedly violent, criminality that warrants a finding of "unusually serious risk" and a decision to override a favorable D.C. point score.

## RETROACTIVE APPLICATION OF REVISED MIXED SENTENCE POLICY

If the prisoner has already had a hearing at which the former mixed sentence policy at 28 C.F.R. §2.66 was applied, the case should be re-evaluated at the next hearing or record review under the revised mixed sentence policy. If application of the new policy indicates that the D.C. guideline hearing should have already been conducted by the date of the present consideration (and such hearing has not been held), the prisoner should be promptly given a D.C. guideline hearing. **This hearing should be conducted as if it were being held on the date indicated by the new policy.** If it appears that a rehearing (or rehearings) should have also been held once the new policy is applied, the case should also be evaluated under the D.C. rehearing guidelines. If parole is denied, the timing of the rehearing should be set according to the date the initial (and subsequent hearing(s) should have been held.

If the prisoner has already been given a D.C. guideline hearing, the case should be evaluated under the new policy to determine whether this hearing should have been held earlier. If so, the D.C. rehearing schedule and guidelines should be applied as if the D.C. guideline hearing had been held on the date indicated by the new policy.

## THE D.C. GUIDELINE HEARING AND GRANTING PAROLE

The D.C. guideline hearing on a "mixed sentence" is always scheduled four months prior to the date on which the Commission commences the application of the D.C. guidelines. Parole will not, however, be granted for a date earlier than the commencement date except that if there is superior program achievement, parole could be set for a date during the four months preceding the federal date. A D.C. guideline hearing is otherwise to be treated as a D.C. initial parole hearing, except that any grant of parole is from the aggregate sentence.

## MANDATORY PAROLE IN MIXED SENTENCE CASES

In a case where the federal sentence block is five years or more, do <u>not</u> grant a separate mandatory parole date on the federal sentence(s). The mandatory parole law will be satisfied by observing the procedure described above for setting the federal date.

## MIXED SENTENCE REPAROLE POLICY -- 28 C.F.R. §2.66(h)

**Note: See next section for advice on specific situations when the parolee**

has been convicted of a new U.S. Code or D.C. Code offense while on parole.

A violation of the conditions of parole on a mixed sentence is deemed to be a simultaneous federal and D.C. parole violation. Therefore, the warrant is always issued on the aggregate sentence, regardless of when the component terms were imposed.

With respect to reparole decisions in these mixed federal and D.C. cases, federal reparole guidelines should be applied, but the D.C. rehearing schedule should be followed.

With respect to street time forfeiture, forfeit all street time if forfeiture is required by 28 C.F.R. §2.52(c) for a new conviction. If not, then divide the street time according to the proportional relationship of the D.C. sentence block to the federal sentence block, and forfeit only the D.C. portion of that time. (By our interpretation, D.C. law continues to require forfeiture in all revocations.) For example, if the parolee is serving a 10-year D.C. sentence and a 5-year federal sentence (total aggregate term of 15 years), the D.C. sentence block is two-thirds of the aggregate term, and only two-thirds of the total street time is forfeited. (In the case of an absconder, the Commission would also forfeit the total time in absconder status from the federal portion of the parolee's street time.) Measure "street time" from date of release on parole to warrant execution, or confinement on other charges.

## IV. DETAINERS AND REPAROLE DECISIONS FOR PAROLEES WITH NEW CONVICTIONS -- STEP-BY-STEP PROCEDURES

These instructions are based on the premise that the prisoner is eligible for parole on any new U.S. Code sentence imposed by the court.

## D.C. CODE SENTENCE PAROLE VIOLATORS

### Parole Violator on a D.C. Code Sentence Serving a New D.C. Code Sentence and Returned to a D.C. Facility.

Transfer the case to the D.C. Board of Parole, which acquires jurisdiction as soon as the prisoner is designated for service of his new D.C. Code sentence in a D.C. facility. There is a standard-form transfer letter.

### Parole Violator on a D.C. Code Sentence Serving a New D.C. Code Sentence in a BOP Facility.

If the warrant has not yet been executed, the Commission should conduct a dispositional review on the record within six months of notice that the warrant has been lodged as a detainer. The Commission should decide whether (a) to let the detainer stand, (b) to execute the warrant and schedule a revocation hearing, or (c) to withdraw the warrant and close the case. If the decision is to let the detainer stand, conduct a record review every six months, and consider the prisoner for parole on the new D.C. sentence

11

four months prior to completion of the minimum term pursuant to the D.C. initial parole guidelines. The warrant should be executed when the prisoner is paroled or mandatorily released to the violator term on his original D.C. sentence.

Once the warrant is executed, conduct a revocation hearing, but continue to apply the D.C. initial parole guidelines and the rehearing schedule included therein (not the D.C./reparole rehearing schedule). If there are parole violations in addition to the crime for which the new D.C. sentence was imposed, those violations may warrant a denial of parole on the aggregate sentence, notwithstanding a point score indicating that parole is appropriate.

If the warrant has already been executed before the prisoner is received in a federal facility, but the prisoner has yet to reach his eligibility date on the new D.C. sentence, conduct a revocation hearing to enter a revocation and street time forfeiture order, but continue the prisoner for an initial hearing four months prior to completion of the minimum term. If he is already at that point, conduct a combined initial/revocation hearing, and employ the D.C. initial guidelines as described above.

**Parole Violator on a D.C. Code Sentence Serving a New U.S. Code Sentence in a BOP Facility.**

If the warrant has not been executed, consider the prisoner for parole only on the new U.S. Code sentence pursuant to the federal guidelines. Conduct a dispositional record review within six months of notice of the detainer to determine whether (a) to let the detainer stand, (b) to execute the warrant and schedule a revocation hearing, or (c) to withdraw the warrant and close the case.

When the warrant is executed upon parole or mandatory release from the federal sentence, conduct a revocation hearing and apply the D.C. rehearing schedule for reparole cases.

If the warrant has been executed before release from the U.S. Code sentence, conduct a combined initial/revocation hearing and apply the federal reparole guidelines and the D.C. rehearing schedule for parole violators, taking into consideration time already served on the new U.S. Code sentence that relates to the parole violation charges.

**Parole Violator on a D.C. Sentence Serving a New Mixed U.S./D.C. Code Sentence.**

If the warrant has not been executed, the prisoner should be considered for parole on the new mixed sentence under the policy at 28 C.F.R. §2.66 (c)-(f). Within six months of notice of the detainer, conduct a dispositional record review to determine whether (a) to let the detainer stand, (b) to execute the warrant and schedule a revocation hearing, or (c) to withdraw the warrant and close the case.

When the warrant is executed upon parole or mandatory release from the (new) mixed sentence, conduct a revocation hearing on the D.C. violator term using the D.C. rehearing schedule in reparole cases. Take into consideration time already served on the

12

new sentence that relates to the parole violation charges.

If the warrant is executed before consideration on the mixed sentence, the D.C. parole violator term is aggregated with the mixed sentence. Conduct a combined initial/revocation hearing, applying the policy at §2.66(c)-(f) for mixed sentence initial parole determinations. Parole violations not already accounted for in the new mixed sentence may be considered as a possible reason for denying parole notwithstanding a D.C. point score that indicates parole should be granted.

## MIXED SENTENCE PAROLE VIOLATORS

### Parole Violator on a Mixed Sentence Serving a New D.C. Sentence in a BOP Facility.

If the warrant has not been executed, the prisoner should be considered for parole on the new D.C. sentence pursuant to D.C. initial parole guidelines. The outstanding detainer from the mixed sentence is to be reviewed pursuant to 28 C.F.R. §2.47. When the warrant is executed after parole or mandatory release from the new D.C. sentence, conduct a revocation hearing and make the reparole decision in accordance with the mixed sentence reparole policy (28 C.F.R. §2.66(h), with credit toward the federal reparole guidelines being given for the time served on the new D.C. sentence. If a rehearing is ordered under the D.C. rehearing schedule for reparole cases, the date the rehearing is calculated from the date the warrant was executed.

If the warrant has already been executed, conduct a combined initial/revocation hearing, and consider the prisoner for parole on the aggregate sentence according to the standard D.C. initial guidelines. However, this hearing will be delayed until completion of the minimum term of the new D.C. Code sentence. The Commission may take into consideration the fact that the prisoner is a parole violator in deciding whether or not to exceed the D.C. point score.

### Parole Violator on a Mixed Sentence Serving a New U.S. Code Sentence.

If the warrant has not been executed, conduct an initial parole hearing on the new U.S. Code sentence and apply 28 C.F.R. §2.47 to the detainer. When the warrant is executed upon release from the U.S. Code sentence, apply the mixed sentence reparole policy (§2.66(h)), with guideline credit for time served on the new U.S. Code sentence.

If the warrant has been executed, conduct a combined initial/revocation hearing, and apply the mixed sentence reparole policy.

### Parole Violator on a Mixed Sentence Serving a New Mixed Sentence.

If the warrant has not been executed, conduct an initial hearing on the new mixed sentence using the mixed sentence initial parole policy (§2.66(c)-(f)). Review the detainer pursuant to 28 C.F.R. §2.47. When the warrant is executed upon release from the new mixed sentence, conduct a revocation hearing applying the mixed sentence reparole policy

13

(§2.66(h)), with credit for time served on the new sentence.

If the warrant has already been executed, conduct an initial/revocation hearing, using the mixed sentence reparole policy.

## U.S. CODE SENTENCE PAROLE VIOLATORS

**Parole Violator on a U.S. Code Sentence Serving a New D.C. Sentence in a D.C. Prison.**

Transfer this case to the jurisdiction of the D.C. Board of Parole.

**Parole Violator on a U.S. Code Sentence Serving a New D.C. Sentence in a BOP Facility.**

If the warrant has not been executed, apply D.C. initial release guidelines to the new D.C. sentence and use §2.47 to determine when to execute the federal warrant. When the federal warrant is executed upon parole or mandatory release from the D.C. sentence, apply federal reparole guidelines with credit for time served on the D.C. sentence.

If the violator warrant has been executed, the prisoner is serving a mixed sentence. Conduct a combined initial/revocation hearing, and apply the mixed sentence initial parole policy (§2.66(c)-(f)), with the federal violator term acting as "the federal sentence block".

**Parole Violator on a U.S. Code Sentence Serving a New Mixed Sentence.**

If the warrant has not been executed, apply the initial release mixed sentence parole policy (28 C.F.R. §2.66 (c)-(f)) to the new mixed sentence. Review the warrant pursuant to 28 C.F.R. §2.47. When the warrant is executed upon release from the new mixed sentence, conduct a revocation hearing and apply the federal reparole guidelines, with credit for time served on the new mixed sentence.

If the warrant has already been executed, the prisoner is now serving an aggregate mixed sentence, based on the combination of the new mixed sentence and the violator term. Conduct an initial/revocation hearing and apply the mixed sentence initial parole policy (§2.66(c)-(f)), with the federal violator term aggregated with the new U.S. Code sentence to form the "federal sentence block".

# V. SAMPLE WORDING FOR ORDERS AND NOTICES OF ACTION

1.   Cancellation of prior actions [one vote]:

ORDER:   Reopen and vacate previous decision(s) of the U.S. Parole Commission on the establishment of the parole release date. [Schedule new initial hearing for _____.]

NOTICE OF ACTION: Reopen and vacate previous decision(s) of the U.S. Parole

14

Commission on the establishment of the parole release date. [Schedule new initial hearing for _____.]

2.     Exclusively D.C. Code Sentence [three concurring votes]:

a. Denial of parole:

ORDER: Continue for a review hearing in _____.

NOTICE OF ACTION: Continue for a review hearing in _____.

> REASONS: You have a score of _____ points under the District of Columbia parole guidelines. See attached point assignment grid. Those guidelines indicate that parole should be denied at this time. After consideration of all factors and information presented, a departure from the guidelines is not found to be warranted.

> [Above D.C. guidelines]: You have a score of _____ points under the Those guidelines indicate that parole should be granted at this time. However, a decision notwithstanding the favorable point score is warranted because: [give conclusion and facts in support]. [Add, if applicable]: Your case warrants a longer rehearing date than the ordinary case for the same unusual factors noted for the decision to deny parole nothwithstanding your favorable point score.

> [The statement of reasons for a D.C. parole denial should be accompanied by a completed point assignment grid for initial hearing (PB 48) or review hearings (PB51), as appropriate.]

b. Grant of parole [three concurring votes]:

ORDER AND NOTICE OF ACTION:     Parole effective
_____19_____.

[Reasons need not be given for parole grants.]

3.     Mixed U.S. and D.C. sentences. [One vote for setting the federal date and date for commencing D.C. guidelines; three votes to grant or deny parole under the D.C. guidelines]:

a. Parole on both.

ORDER: Commence application of the District of Columbia parole guidelines on _____ after service of ___ months for your federal offense(s) and an additional _____ months for your D.C. Code offenses. Parole effective