NOTICE OF ACTION: Commence application of the District of Columbia parole guidelines on _____ 19_____, after service of ___ months for your federal offense(s) and an additional _____ months for your D.C. Code offenses. Parole effective _____ 19___. [Give the customary guideline reasons to explain the federal guideline date. Reasons for the District of Columbia guideline calculation and decision are not required when parole is granted.]

b. <u>Parole denied -- D.C. guidelines commenced after "federal date" or parole eligibility date, whichever comes later.</u>

ORDER: Commence application of the District of Columbia parole guidelines on _____ 19___, [insert either: "after service of _____ months for your federal offense(s)" or "upon your eligibility for parole".] Your D.C. guideline hearing will be held in _____, 19___ [four months prior to the federal date, or parole eligibility date, whichever comes later].

NOTICE OF ACTION: Commence application of the District of Columbia parole guidelines on _____ 19___, [insert either: "after service of ___ months for your federal offense(s)" or "upon your eligibility for parole".] Your D.C. guideline hearing will be held in _____, 19___. [Give the customary federal guideline reasons, then add the following:]

The above federal guideline decision was made strictly on the basis of your federal crimes and sentences. A D.C. guideline hearing will be conducted for you four months before the date determined appropriate to satisfy your U.S. Code offenses, or upon your parole eligibility, whichever is later. At that time, the U.S. Parole Commission will determine, pursuant to District of Columbia parole guidelines, whether you should be released to the community.

## VI. MAKING RECOMMENDATIONS TO SENTENCING COURT FOR REDUCTION IN MINIMUM TERMS.

The Parole Commission also has the responsibility to consider the requests of D.C. offenders in BOP prisons for recommendations to the D.C. Superior Court regarding the reduction of minimum terms. We have included as an appendix a memorandum from Mr. Chickinell to Commissioner Lopez dated October 6, 1988 which outlines the proposed procedures for making such recommendations.

## CONCLUSION

Compliance with the court decisions will doubtless present more problems that we have covered here. As questions arise please call the Legal Office for further assistance, where Mr. Chickinell (301-492-5959) will take the lead in providing advice on these matters. Recommendations to improve these procedures are invited from Commissioners and staff.

# WORKSHEET FOR DETERMINING WHEN TO COMENCE APPLICATION OF D.C. GUIDELINES ON A MIXED U.S./D.C. CODE SENTENCE

Inmate's Name: _____   Date: _____

Reg. No.: _____   Institution: _____

Note: Use this worksheet after the federal date has been established in accordance with Commission procedures.

## [Federal Sentence Block]

1.    Your federal sentence block is _____ months.  The hypothetical statutory release/two-thirds date is after _____ months.

2.    Your basic federal guideline range has been established at _____ to _____ months.

3.    Your federal time has been set at _____ months.  This time will be satisfied on _____, 19___ (your federal date).*

## [D.C. Sentence Block]

4.    Your D.C. sentence block is _____ to _____ months.

5.    Your D.C. minimum time is therefore _____ months.  The highest guideline range for a prisoner (with your salient factor score) that would be satisfied by service of your D.C. minimum time is _____ to _____ months.

## [Decision on Commencement of D.C. Time and When D.C. Guidelines Should be Used.]

6.    Accordingly, your D.C. equivalent offense severity rating is Category _____.  Applying the Multiple Separate

_____

*  This decision will have been made by reference to the aggregate, not the basic, federal guideline range if there are escapes, rescission behavior, etc., that resulted in additional guideline ranges added to the basic federal guideline range. These additional behaviors are accounted for in setting the federal date; they are not considered in this determination.

31.

Offenses Table to your basic federal offense (or to each of your basic federal offenses if there were multiple separate federal offenses), combined with your D.C. equivalent offense severity rating, the resulting guideline range is _____ to _____ months.

7.   The difference between the minimum of the above guideline range and the minimum of your basic federal guideline range is _____ months. [Enter zero if, under the Multiple Separate Offenses Table, the basic federal guideline range would not be increased by the addition of the D.C. equivalent offense severity rating.]

8.   Adding this difference to your federal time requires you to serve a total of _____ months before application of the D.C. guidelines. [Add the result in no. 7 to no. 3.] This period of time will be satisfied on _____, 19___.

9.   Schedule a D.C. guideline hearing for _____, 19___. The instructions for setting this hearing date are as follows:

A.   Set a hearing date four months in advance of the federal date in no. 3 if there is no increase in the guideline ranges and the prisoner is eligible for parole on the aggregate sentence. [Parole will not be granted for a date prior to the federal date, unless the Superior Program Achievement criteria at 28 C.F.R. § 2.60 are satisfied.]

B.   Set a hearing date four months before the date entered in no. 8, if that date is beyond the federal date and the prisoner is eligible for parole on the aggregate sentence. [Parole will not be granted for a date prior to the date entered in no. 8, because of minimum accountability for the D.C. offense(s).]

C.   Set a hearing date four months before eligibility on the aggregate sentence if the prisoner is not eligible for parole until after the federal time and any additional time for the D.C. offense(s) has expired. [Parole will not be granted for a date before eligibility.]

ATTACH THIS WORKSHEET TO THE NOTICE OF ACTION, AFTER MAKING ANY CORRECTIONS FOUND NECESSARY AFTER COMPLETION OF THE INITIAL PAROLE HEARING.

32



GOVERNMENT OF THE DISTRICT OF COLUMBIA

# BOARD OF PAROLE

717-14TH STREET NW   SUITE 300
WASHINGTON DC 20005

---

## POLICY GUIDELINE

**SUBJECT:** Definitions of Terms Used in Parole Guidelines

I. **AUTHORITY:** DCMR Title 28, Section 204 and Appendices 2-1 and 2-2, May 1987

II. **PURPOSE:** To define criteria and parameters for determining the applicability of descriptive terminology used in the Parole Guidelines for release decisionmaking, and to facilitate consistency in Guideline application.

III. **APPLICABILITY:** All cases requiring Board action in which the Parole Guidelines are applied.

IV. **REFERENCES:** D.C. Department of Corrections Rules published at 28 DCMR Sections 502 and 503, May 1987 (copy attached); Board of Parole Policy Guideline regarding the establishment of dates for parole reconsideration, adopted on December 16, 1991.

V. **RATIONALE:**

Many of the descriptive terms used in the Parole Guidelines criteria are judgmental and subjective. As such, they lend themselves to disparate interpretations and applications by Guideline users. To ensure equitable treatment of similarly-situated offenders, these terms require definitions that facilitate equitable application across affected cases, while preserving sufficient discretion to accommodate individual circumstances.

VI. **POLICY:**

The following definitions shall apply to Parole Guidelines terminology in the release decisionmaking process; however, the weight accorded to any applicable countervailing factor shall be at the discretion of the Board.

2

A.    POST-INCARCERATION FACTORS:

1.    Negative Institutional Behavior consists of serious or repeated major disciplinary infractions as described below that are sanctioned under Department of Corrections due process procedures.

a.    In INITIAL PAROLE CONSIDERATION cases, the following disciplinary infractions shall ordinarily be considered as negative institutional behavior:

(1)   One Class I Offense for murder, manslaughter, kidnapping, armed robbery or first degree burglary at any time during the minimum sentence (see DCMR 28-502.3, May 1987); OR

(2)   One Class I Offense as defined at DCMR 28-502.4 through 502.17 (May 1987) during the 12 months preceding the hearing OR during the last half of the minimum sentence up to a period of three years, whichever is longer; OR

(3)   Two Class II Offenses as defined at DCMR 28-503.2 through 503.12 (May 1987) during the 12 months preceding the hearing OR during the last half of the minimum sentence up to a period of three years, whichever is longer.

b.    In PAROLE RECONSIDERATION cases, the following disciplinary infractions occurring since the preceding release consideration on the sentence shall ordinarily be considered as negative institutional behavior:

(1)   One Class I Offense (see DCMR 28-502.3 through 502.17, May 1987); OR

(2)   Two Class II Offenses (see DCMR 28-503.2 through 503.12, May 1987).

c.    In RESCISSION CONSIDERATION cases, the following disciplinary infraction shall ordinarily considered as negative institutional behavior:

(1)   Removal from Work Release for one or more rule violations without subsequent reinstatement, EXCEPT WHERE REMOVAL WAS AT THE EXPRESS REQUEST OF THE OFFENDER; AND

(2)   No point for negative institutional behavior was assessed in the most recent Parole Guideline computation.

2. **Sustained Program or Work Assignment Achievement** consists of completion of (a) program OR work assignment as described below that shall ordinarily be documented by a certificate, a diploma, a report from an institutional teacher, counselor or work supervisor, OR other documentary evidence.

   a. In INITIAL PAROLE CONSIDERATION cases, the following accomplishments shall ordinarily be considered as sustained program or work assignment achievement during the period of incarceration:

   (1) Successful completion of one or two educational or vocational programs, or program levels, each of which enabled the offender to develop an academic or job-related skill, OR enabled the offender to progress to a higher level of difficulty or skill in the program area; OR

   (2) Award of a GED where the offender possessed the prerequisite skills for participation in the GED program at the time of incarceration on the sentence; OR

   (3) Successful completion of the requirements and award of an Associate's or Bachelor's degree; OR

   (4) Successful completion of one or more short-term special needs programs, such as drug treatment or psychological counseling, to address the offender's identified problems;

   NOTE: Completion of the 2-day DAAP program alone does NOT qualify as sustained program achievement.

   OR

   (5) Satisfactory participation in one or more work details for at least one-third of the period of incarceration.

   b. In PAROLE RECONSIDERATION cases, the accomplishments set forth in Section VI-A-2(a) of this policy shall ordinarily be considered as sustained program or work assignment achievement where completion occurred since the preceding consideration for release on the sentence.

**B.    FACTORS COUNTERVAILING A RECOMMENDATION TO DENY PAROLE:**

1.    **Exceptional Program or Work Assignment Achievement** consists of completion of a program or work assignment described below that shall ordinarily be documented by a certificate, a diploma, a report from an institutional teacher, counselor or work supervisor, OR other documentary evidence.

a.  In INITIAL PAROLE CONSIDERATION cases, the following accomplishments shall ordinarily be considered as exceptional program or work assignment achievement during the period of incarceration on the sentence:

(1)    Successful completion of three or more educational or vocational programs, or program levels, each of which enabled the offender to develop an academic or job-related skill, OR enabled the offender to progress to a higher level of difficulty or skill in the program area; OR

(2)  Award of a GED where more than six (6) months of study were necessary to meet the requirements, i.e., the offender began academic courses of study without the prerequisite skills for participation in the GED program and successfully completed the coursework necessary to earn a GED while incarcerated; OR

(3)  Award of an Associate's or Bachelor's degree where the offender needed 18 or more credits to fulfill the requirements for the degree; OR

(4)  Participation at a better than satisfactory level in one or more work details as evidenced by three or more promotions or formal increases in levels of responsibility.

b.  In PAROLE RECONSIDERATION cases, the accomplishments set forth in Section VI-B-1(a) of this policy shall ordinarily be considered as exceptional program or work assignment achievement where completion occurred since the preceding consideration for release on the sentence.

2.    **Record of Exclusively Trivial Offenses** consists of misdemeanor offenses, ordinarily excluding offenses involving:

a.  Possession, use, sale, attempted sale, distribution or attempted distribution of narcotics, controlled dangerous substances, or related paraphernalia;

5

    b.   Possession, use, sale or control of dangerous or deadly weapons;

    c.   Infliction or attempted infliction of bodily injury or harm; or

    d.   Destruction of public or private property.

3. **Substantial Crime-Free Period** is a period of at least five (5) years prior to commission of the instant offense(s) during which the offender was in the community, was not on escape, active parole or probation, and was not committed for more than thirty (30) days on any offense.

4.   **Substantial Previous Period in Custody on Other Sentence(s) or Additional Committed Sentences** consists of:

    a.   A continuous period of at least five (5) years in custody on other sentence(s) immediately preceding the date the sentence for the instant offense(s) began; OR

    b.   A continuous period of at least five (5) years to be served on one or more additional sentences to incarceration which are consecutive to the instant sentence.

5.   **Substantial Cooperation with the Government that Has Not Been Otherwise Rewarded** consists of documented special or unusual assistance to the Department of Corrections or another governmental agency during the period of incarceration which made an exceptional contribution to the health, welfare or safety of persons or property.

6.   **Change in Availability of Community Resources Leading to Better Parole Prognosis** may apply when there is an opening or opportunity for an offender to participate in a program, service or other accommodation in the community that will meet the offender's identified need(s) and lead to reduced risk to the community and/or any other person.  For example, a drug-dependent offender is accepted into an in-patient, residential or other highly structured program of drug treatment or rehabilitation.

7.   **Poor Medical Prognosis** may occur when an offender has been diagnosed as terminally ill and/or is sufficiently debilitated that the likelihood of repeated criminal involvement, or risk to the community and/or any other person is minimal.

8.   **Other Change in Circumstances** may occur when the capabilities or characteristics of an offender are altered or modified in ways that minimize the likelihood of repeated

6

criminal involvement, or risk to the community and/or any
other person.

C.  **FACTORS COUNTERVAILING A RECOMMENDATION TO GRANT PAROLE:**

1.  **Repeated Failure Under Parole Supervision** consists of two
(2) or more revocations of parole on the current sentence, OR
three (3) or more revocations of parole on any sentence within
the preceding five years.   The term "parole supervision" as
used in the Parole Guidelines is inclusive of other forms of
conditional release including probation, bail, diversion
programs or other community supervision.

2.  **Ongoing Criminal Behavior** consists of:

a.  Poor community adjustment as evidenced by failure to
remain free of criminal activity over sustained periods
of time; or

b.  Acting in a leadership role in an organized, criminal
venture, such as an organized drug distribution
operation; or

c.  A criminal record where the current conviction is at
least the third (3rd) conviction for substantially
similar offenses, OR at least the fourth (4th) conviction
for dissimilar offenses.

3.  **Lengthy History of Criminally-Related Alcohol Abuse**
consists of at least five (5) convictions, including the
current conviction, for criminal activity committed while
under the influence of alcohol.

4.  **History of Repetitive Sophisticated Criminal Behavior**
consists of three (3) or more convictions, including the
current conviction, for:

a.  Serious crimes involving premeditation or methodical
planning; or

b.  Assaultive or fraudulent criminal behavior.

5.  **Unusually Extensive or Serious Prior Record** consists of at
least five (5) felony convictions for commission, or attempted
commission, of any one or any combination of the following
"crimes of violence ... notwithstanding that the offender
lacked the capacity to commit the crime by reason of infancy,
insanity, intoxication, or otherwise" (D.C. Code 3-401(3)):

a.  Arson;

7

b. Assault, OR maliciously disfiguring another person, OR mayhem, OR manslaughter, OR murder;

c. Forcible sodomy, OR sodomy of a child less than 16 years of age, OR rape;

d. Kidnapping;

e. Riot;

f. Robbery;

g. Unlawful use of explosives.

6. **Instant Offense Involved Unusual Cruelty to Victims** may apply where the offense involved:

a. Physical, mental or emotional abuse beyond the degree needed to sustain a conviction on the instant offense; OR

b. Especially vulnerable victims, e.g., children or elderly persons were the victims of assaultive or fraudulent behavior.

7. **Repeated or Extremely Serious Negative Institutional Behavior** consists of one or more extremely serious disciplinary infractions, or multiple disciplinary infractions as described below that are sanctioned under Department of Corrections due process procedures.

a. In INITIAL PAROLE CONSIDERATION CASES, the following offenses shall ordinarily be considered as repeated or extremely serious negative institutional behavior:

(1) One or more Class I Offenses for murder, manslaughter, kidnapping, armed robbery, or first degree burglary at any time during the minimum sentence (see DCMR 28-502.3, May 1987); OR

(2) Two or more Class I Offenses as defined at DCMR 28-502.4 through 502.17 (May 1987) during the 12 months preceding the hearing OR during the last half of the minimum sentence up to a period of three years, whichever is longer; OR

(3) One Class I Offense plus two Class II Offenses as defined respectively at DCMR 28-502.4 through 502.17, and 503.2 through 503.12 (May 1987) during the 12 months preceding the hearing OR during the last half of the minimum sentence up to a period of three years, whichever is longer; OR

8

(4)  Three or more Class II Offenses as defined at DCMR 28-503.2 through 503.12 (May 1987) during the 12 months preceding the hearing OR during the last half of the minimum sentence up to a period of three years, whichever is longer; OR

(5)  Open charge(s) for new crime(s) committed during this sentence; OR

(6)  New conviction(s) for crime(s) committed during this sentence.

b.   In PAROLE RECONSIDERATION cases, the following offenses occurring since the preceding release consideration on the sentence shall ordinarily be considered as repeated or extremely serious negative institutional behavior:

(1)  One Class I Offense for murder, manslaughter, kidnapping, armed robbery, or first degree burglary (see DCMR 28-502.3, May 1987); OR

(2)  Two or more Class I Offenses as defined at DCMR 28-502.4 through 502.17 (May 1987); OR

(3)  One Class I Offense plus two Class II Offenses as defined respectively at DCMR 28-502.4 through 502.17, and 503.2 through 503.12 (May 1987); OR

(4)  Three or more Class II Offenses as defined at DCMR 28-503.2 through 503.12 (May 1987); OR

(5)  Open charge(s) for new crime(s) committed during this sentence; OR

(6)  New conviction(s) for crime(s) committed during this sentence.

c.  In RESCISSION CONSIDERATION cases, a recommendation to grant parole may be countervailed for repeated or extremely serious negative institutional behavior where a point for negative institutional behavior was assessed in the most recent Parole Guideline computation.

8.  Lengthy History of Criminally-Related Substance Abuse consists of at least five (5) convictions, including the current conviction, for criminal activity committed:

a.  While under the influence of illegal substances, or illegal use of controlled substances; OR

b.  Involving the illegal sale, distribution, purchase or possession of any narcotic drug, controlled dangerous substance or related paraphernalia.

9.  **Absence of Community Resources Which Ensure Safety of the Community** consists of the unavailability of services necessary to support an offender's personal or community adjustment, and to minimize the risk to the community, any other person or the offender, e.g., the opportunity is not currently available to participate in an appropriate program to treat the offender's diagnosed emotional, mental or physiological disability or dependency.

Adopted by the Board of Parole on December 16, 1991.

Erias A. Hyman
Chairman



GOVERNMENT OF THE DISTRICT OF COLUMBIA
BOARD OF PAROLE
717-14TH STREET, N.W., SUITE 300
WASHINGTON, D.C. 20005

May 7, 1992

Carol Pavileck Getty, Chair
U.S. Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815

Dear Mrs. Getty:

Enclosed is an amended Policy Guideline on establishing dates for reconsideration hearings that was adopted by the Board at its monthly public meeting on April 27, 1992.  This Guideline replaces the policy on the same subject that was adopted by the Board last December.

The Guideline was amended to eliminate any interpretation that the Board is restricted to using the specific aggravating and mitigating factors listed in the document.  Specifically, the amendments stipulate that the "factors considered by the Board include but are not limited to..." those listed in the Guideline.  The amended language is found in section VI, paragraphs A-2 and A-3, and paragraphs B-2 and B-3.

Please contact me, if you have any questions or need additional information.  Thank you for your continuing cooperation and support.

Sincerely,

Erias A. Hyman
Chairman

Enclosure

JR/jr



**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**B O A R D   O F   P A R O L E**
717·14TH STREET, N.W., SUITE 300
WASHINGTON, D.C. 20005

---

## POLICY GUIDELINE

**SUBJECT:**  Reconsideration Hearings --- Establishing Dates
AS AMENDED BY THE BOARD ON APRIL 27, 1992

**I.   AUTHORITY:**  D.C. Code Section 24-201.2 and 28 DCMR Section 104, May 1987.

**II.   PURPOSE:**  To ensure consistency and equity in the establishment of parole reconsideration dates.

**III.   APPLICABILITY:**  An offender who has been denied parole or an offender whose parole has been revoked.

**IV.   REFERENCES:**  Board of Parole Policy Guideline, adopted on December 16, 1991, regarding definitions of terms used in Parole Guidelines

**V.   DEFINITIONS:**

**A.   RECONSIDERATION HEARING:**  a hearing conducted by the Board to consider whether an offender should be released on parole after the offender was denied parole, or after the offender was reincarcerated when parole was revoked.

**B.   SET-OFF:**  a period of time ordered by the Board that an offender must remain incarcerated before being reconsidered for parole by the Board.

**C.   PRESCRIBED SET-OFFS:**  a period of time specified in the rules that an offender may remain incarcerated before being considered for parole.

**D.   AGGRAVATING FACTOR:**  factor(s) considered by the Board for guidance in determining whether to establish a reconsideration hearing date later than the prescribed set-off.

**E.   MITIGATING FACTOR:**  factor(s) considered by the Board for guidance in determining whether to establish a reconsideration hearing date earlier than the prescribed set-off.

2

**F.** **TECHNICAL VIOLATION:** a violation of parole that is noncriminal in nature, _i.e._, that does not consist of new criminal activity or involvement.

**V.** **RATIONALE:**

The rules provide prescribed set-offs for the purpose of establishing reconsideration hearing dates when parole is denied or revoked. The Board, in its discretion, may establish a reconsideration date outside of the prescribed set-offs where certain factors exist.

**VI.** **POLICY:**

A. Set-offs When Parole is Denied:

1. When the Board denies parole for any offender, it shall ordinarily schedule a reconsideration date within the prescribed set-offs unless certain factors support imposition of an alternative set-off. The length of a set-off is based on the term of the sentence imposed by the courts, and may not exceed the date on which release from incarceration becomes mandatory.

2. The Board, in its discretion, may schedule a reconsideration date later than the prescribed set-off if one or more aggravating factors are present. The aggravating factors considered by the Board include but are not limited to the following:

a. There has been repeated failure under any form of community supervision (probation, parole, bail, diversion programs).

b. The instant offense involved ongoing criminal behavior or leadership role in an organized, criminal venture (e.g., an organized drug distribution operation).

c. There is a lengthy history of criminally-related alcohol and/or substance abuse.

d. There is a history of repetitive sophisticated, assaultive, or fraudulent criminal behavior (including the current offense).

e. There is an unusually extensive or serious prior record (at least five felony convictions).

f. The instant offense involved unusual cruelty to victim(s) or involved especially vulnerable victims (e.g., children or elderly victims of assaultive or fraudulent behavior).

g. There has been repeated or extremely serious negative institutional behavior.

h. There has been opportunity but little/no effort made toward rehabilitation/preparation for remaining crime-free if returned to the community.

i. The offender poses a serious threat to self or others and adequate resources are not available in the community.

3. The Board, in its discretion, may schedule a reconsideration hearing date prior to the prescribed set-off if one or more mitigating factors are present. The mitigating factors considered by the Board include but are not limited to the following:

a. There has been exceptional program achievement.

b. There is a record of exclusively trivial offenses.

c. There has been a substantial crime-free period since the last offense.

d. There has been a substantial previous period in custody on other sentence(s) or the prisoner faces a substantial period of time on additional committed sentences.

e. There has been substantial cooperation with the Government that has not been otherwise rewarded.

f. There has been a change in the availability of community resources leading to better parole prognosis or the prisoner has exceptional community resources available.

g. There is a poor medical prognosis.

h. There have been other changes in circumstances.

i. The offender has put forth maximum effort to participate in assigned programs, but opportunities for programming were not available.

**B.   Set-offs When Parole is Revoked**                                    4

1.  When the Board revokes parole for any offender due to a noncriminal parole violation, or a new misdemeanor charge or conviction, or a new felony charge or conviction, a reconsideration hearing date shall ordinarily be set within the prescribed set-offs unless certain factors support imposition of an alternative set-off.   The set-off is based on the nature of the violation(s) (noncriminal parole violation, new misdemeanor charge or conviction, or new felony charge or conviction), and the number of years remaining on the maximum sentence for the offense(s) on which parole was granted, provided the set-off does not exceed the date on which release from incarceration becomes mandatory.

2.   The Board, in its discretion, may schedule a reconsideration date later than the prescribed set-off for a violation of parole if one or more aggravating factors are present.  The aggravating factors considered by the Board include but are not limited to the following:

   a.  There has been repeated failure under parole supervision on this sentence, or a past history of failure under community supervision (probation, parole, bond, diversion programs).

   b.   The violation involved ongoing criminal behavior while on parole supervision.

   c.  The violation involved unusual cruelty to the victim(s) or involved especially vulnerable victims (e.g., children or elderly victims of assaultive or fraudulent behavior)

   d.  The violation involves a history of repetitive sophisticated criminal behavior.

   e.  There is an unusually extensive or serious prior record (at least five felony convictions).

   f.  The offender poses a serious threat to self or others and adequate resources are not available in the community.

   g.   The violation involved serious new felony behavior committed soon after release.

   h.  The parolee absconded from supervision for an extended period of time or otherwise frustrated all attempts at meaningful parole supervision.

5

3.   The Board, in its discretion, may schedule a reconsideration date prior to the prescribed set-off for violation of parole if one or more mitigating factors are present.  The mitigating factors considered by the Board include but are not limited to the following:

a.   There is ongoing and exceptional program participation and/or achievement in the community.

b.  There has been a substantial violation-free period on parole.

c.  Community resources leading to a better prognosis are or will be available prior to the end of the prescribed set-off.

d.  There is a poor medical prognosis.

e.   The prescribed set-off for noncriminal violation, or a new misdemeanor charge or conviction would terminate otherwise consistently stable community adjustment.

## VII. PROCEDURES

### A.   Establishing Reconsideration Dates

1.  Where the Board denies parole and establishes a date for reconsideration that is outside of the prescribed set-offs, each aggravating or mitigating factor applicable to the decision shall be specified in writing.

2.  Where the Board revokes parole and establishes a date for reconsideration that is outside of the prescribed set-offs, each aggravating or mitigating factor applicable to the decision shall be specified in writing.

Adopted by the D.C. Board of Parole on April 27, 1992.

Erias A. Hyman
Chairman

### 501   CODE OF OFFENSES:   GENERAL POLICY

501.1   No resident shall engage in any conduct established as an offense by §§501 through 504.

501.2   The following general classes of offenses are established for the purpose of grading the relative seriousness of prison offenses and for determining the appropriate severity of the penalties to be imposed for each offense if an accused is found guilty.

(a) Class I - Serious Offenses (§502)

(b) Class II - Major Offenses (§503)

(c) Class III - Minor Offenses (§504)

501.3   Any resident found guilty of an offense under this chapter shall receive only the punishment authorized under §505 (maximum penalties) and the less severe actions authorized in §§515(a) and (b).

### 502   CLASS I OFFENSES

502.1   The offenses set forth in this section shall be classified as serious offenses.

502.2   Any of the offenses set forth in this section alleged to have been committed in the institution may be referred for prosecution.

502.3   The following Class I offenses shall be defined by the laws of the applicable jurisdiction:

(a) Murder;

(b) Manslaughter;

(c) Kidnapping;

(d) Armed robbery; and

(e) Burglary - first degree.

502.4   The Class I offense of assault shall be defined as follows:

(a) Willfully causing serious bodily injury to any person;

(b) Shooting, stabbing, or cutting another person, or willfully causing bodily injury to another person with a weapon or by any means; or

(c) Forcibly assaulting, resisting, opposing, impeding, or interfering with any correctional official or other employee of the District.

## D.C. GUIDELINE WORKSHEET/PHRASES

**dccs** ___ **(Exclusively D.C. Code Sentence - departure not warranted)** - You have a score of ___ points under the District of Columbia parole guidelines. See attached point assignment grid. Those guidelines indicate that parole should not be granted at this time. After consideration of all factors and information presented, a departure from the guidelines at this consideration is not found to be warranted.

**dccs2** ___ **(Exclusively D.C. Code Sentence - departure warranted)** - You have a score of ___ points under the District of Columbia parole guidelines. See attached point assignment grid. Those guidelines indicate that parole should be granted at this time. However, a departure from the guidelines at this consideration is found to be warranted because _____

_____

_____

_____

**dcrpl** ✓ ___ **(D.C. Reparole Guidelines)** - The guidelines of the D.C. Board of Parole call for a review hearing in 6-9 months. After consideration of all factors and information presented, a _Not_ departure from the reparole guidelines at this consideration is found to be warranted~~ because~~

_____

_____

_____

_____

**mfdc** ___ **(Mixed Federal & D.C. Sentences)** - Commence application of the District of Columbia parole guidelines on _____ after service of ___ months for your federal offense. Parole effective _____, after the service of ___ additional months for your District of Columbia offense.

**dccn** ___ **(Federal guideline date has passed, but not DC minimum guideline AND Federal guideline date has not passed)** - Commence application of the District of Columbia parole guidelines on _____, after service of ___ months for your federal offense.

K. W.
NDT

:dp   ___ (Federal guideline date has passed but not DC minimum guidelines) - The above parole decision was made strictly on the basis of your federal crimes and sentences. You have not yet served sufficient time consecutive to your federal release date to satisfy the minimum term contemplated by your District of Columbia parole guidelines (___ months), which establishes minimum accountability for your District of Columbia crimes. An initial hearing under the District of Columbia parole guidelines will be conducted for you 4 months before you have completed the service of your District of Columbia minimum guideline, which will be on _____. At that time, the U.S. Parole Commission will determine, pursuant to District of Columbia guidelines, whether you should be released to the community.

:dnp   ___ (Federal guideline date has not passed) - The above parole decision was made strictly on the basis of your federal crimes and sentences. After the application of the District of Columbia parole guidelines commences, you will be given an initial hearing for consideration of your District of Columbia crimes 4 months before completion of the minimum time contemplated by those guidelines. At that time, the U.S. Parole Commission will determine, pursuant to the District of Columbia parole guidelines, whether you should be released to the community.

# Exhibit 12

RE:_____
      **Inmate's Name**                    _____       _____
                                            **DCDC#**          **PDID#**


## <u>REASON FOR DENIAL</u>

### <u>PAROLE VIOLATION REHEARING</u>


<u>Anl</u>    <u>HQ</u>

56      56      The offender has engaged in repeated or extremely serious negative institutional behavior.

58      58      The offender had the opportunity, but made little or no effort toward rehabilitation or preparation for remaining crime-free if released to the community.

59      59      The offender needs programs and/or rehabilitative services to minimize risk to the community when actually released to parole.

60      60      The offender failed to comply with special instructions for programs and/or other requirements ordered by the Board.


PDS.203 11/16/94                    7

# Exhibit 13

SIH
## PREHEARING ASSESSMENT

Institution: Terre Haute

Name: ████████████
Two-thirds date: n/a                    Reg. No.: ████████████
Hearing type: Re-Hearing – D.C. Case    Full term: Life
Reviewer: WAGNER
                                        Review date: 9-19-89
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## I.   PREVIOUS COMMISSION ACTION:

At the prisoner's last consideration, his parole was revoked, he was
denied credit for any of the time spent on supervision and he was denied
parole.  A Re-Hearing was scheduled for 10-89.  The basis for the action
was the prisoner's involvement in an armed robbery, his failure to report
and a violation of his special aftercare condition (DAPS).

In terms of the prisoner's original offense behavior, he was convicted of
Armed Robbery, Assault With a Deadly Weapon and Burglary.  In 1969, he
received a life sentence and was paroled approximately 10 years later in
1979.  On at least three occasions, his parole supervision has been
revoked.

The prisoner's prior record is extensive and his SFS is "0".

## II.   INSTITUTIONAL ADJUSTMENT & RELEASE PLANS:

No current information is available.

## III.   MISCONDUCT DETAILS:

No current information is available.

## IV.   CODEFENDANTS:

None.

## V.   EVALUATION:

The D.C. Rules indicate that it is the current practice of the D.C. Board
to grant parole at the Re-Hearing if the violator has a good institutional
record and has participated in institutional programs.  For good reasons,
however, the Commission may exceed this schedule.  A repeat parole
violator may be considered an exceptional case.  Reparole may be denied at
the Re-Hearing for any good reason and another Reconsideration Hearing is
then scheduled.

As of 10-30-89, the prisoner will have served 24 months since his return
to custody.


RW:njw
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# Exhibit 14

Tape _A_ at _224_

### DISTRICT OF COLUMBIA BOARD OF PAROLE
### PAROLE DETERMINATION RECORD
### PAROLE HEARING
### ADULT

RE: ▬▬▬▬▬▬▬▬▬▬
    Inmate's Name         DCDC# ▬▬▬▬     PDID# ▬▬▬▬

BIRTHDATE: ▬▬▬▬▬     BOP DOCKET # ▬▬▬▬

LOCATION: _Occ_       CONSIDERATION DATE: _4-1-93_

TYPE OF CONSIDERATION: ☐ Initial    ☑ Reconsideration

LAST BOARD ACTION, DATED _11-23-92_ : _USPC. Revoke/Reh. 4/93_

ANALYST: _____ PREPARATION DATE: _____

HEARING OFFICIALS: _Clemons_

OTHERS PRESENT: _____

☐ HEARING NOT HELD, REASON: _____

     ☐ Reschedule by _____    ☐ Do Not Reschedule

INSTANT OFFENSE AND SENTENCE IMPOSED: _Burg II ; QSP_

_Owes 2,631 days on 15 years_

SUBSEQUENT OFFENSES: _____

### QUALITY ASSURANCE

ANALYST: _M.J. Wms._       DATE: _4-23-93_

PDS.200 1/22/93        1

RE: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ _____ ▓▓▓▓▓▓ ▓▓▓▓▓▓▓

Inmate's Name                                              DCDC#            PDID#

DATES SENTENCES BEGAN: _____12-7-84_____

FULL TERM DATE: _____10-6-99_____

MANDATORY RELEASE DATE: _____11-14-97_____

PAROLE ELIGIBILITY/RECONSIDERATION DATE: ___PV___

CONTINUALLY INCARCERATED SINCE: _____7-21-92_____

NUMBER OF PAROLE CONSIDERATIONS THIS SENTENCE: ___1___

POINT ASSIGNMENT GRID SCORE AT LAST HEARING: ___N/A___

DETAINERS, PENDING CASES, SPLIT OR CONSECUTIVE SENTENCES: ___none___

_____

_____

INSTITUTIONAL RECOMMENDATION AT THIS CONSIDERATION: _Deny._

_____

ANY SPECIAL INSTRUCTIONS FROM PRIOR CONSIDERATION: _Participate_
_in drug treatment_

_____

HO:_____

_____

_____

OTHER PROGRAM RECOMMENDATIONS (Note Source):_____

_____

_____

HO:_____

_____

_____

PDS.200 1/22/93                    2

RE:_____          _____          _____
        **Inmate's Name**                      **DCDC#**              **PDID#**

DESCRIBE PROGRAMMING COMPLETED, OR OTHER COMMENTS:_____

_____

_____

_____

_____

_____

   HO:_____

_____

_____

_____

FACTS OF INSTANT OFFENSE:_____

_____

_____

_____

   HO:_____

_____

_____

_____

FACTS OF NEW CRIMINAL OFFENSES OR DISCIPLINARY REPORTS:_____

_____

_____

_____

   HO:_____

_____

_____

_____

PDS.200 1/22/93                    3

RE: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓      DCDC# ▓▓▓▓▓▓▓     PDID# ▓▓▓▓▓▓▓

**Inmate's Name**

ANALYSIS OF CRIMINAL HISTORY, SUBSTANCE ABUSE, MENTAL HEALTH
PROBLEMS, AND TREATMENT ATTEMPTS:

Subject stated he started using marijuana at seventeen and recently used crack cocaine. There have been no treatment other that the St. Eves. Outpatient Drug Program. No mental health problems. Subject reports having been arrested approx 6 times as a juvenile & twice as an adult.

HO: _____

_____

_____

_____

_____

_____

_____

PERFORMANCE UNDER ANY TYPE OF COMMUNITY SUPERVISION: Subject's parole was revoked on 11-23-92 for usedf dangerous drugs & violation of his special condition.

HO: _____

_____

_____

_____

_____

PDS.200  1/22/93        4

RE: _____      
  **Inmate's Name**                      DCDC#              PDID#

### ANALYSIS AND CONCLUSIONS
#### REGARDING INMATE'S INSTITUTIONAL ADJUSTMENT AND PAROLE POTENTIAL

In today's hearing subject stated that he filled out two applications for enrollment in the intensive drug program. He has yet to be called because of the number of people ahead of him. In the interim he has attended NA/AA and has maintained a satisfactory detail in his assigned dorm. There is a positive progress report from the Education dept' indicating the subject attends school daily. The institution is recommending a denial. That recommendation however, is based on the same information on which his parole was revoked; use of drugs while at Shaw III.

HO: There are no D's nor are there any positive urines during the service of this set off period.

PDS.200 1/22/93                                         5

RE: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮            ▮▮▮▮▮▮▮▮        ▮▮▮▮▮▮▮▮
   **Inmate's Name**                    **DCDC#**        **PDID#**

## SALIENT FACTOR SCORE
### Initial Hearing Only

<u>Anl</u>   <u>HO</u>

_____  _____  **Prior Convictions or Adjudications (Adult or Juvenile):**
                  <u>Year</u>                    <u>Offense</u>                          <u>Sentence</u>

              1._____       _____       _____

              2._____       _____       _____

              3._____       _____       _____

              4._____       _____       _____

              5._____       _____       _____

              OTHERS:_____

                  None..3     One..2      Two-three..1      Four or more..0
_____  _____  **Prior Commitments Longer than Thirty Days (Adult or Juvenile)**
                  None..2     One-two..1    Three-four..0     Five or more..0
_____  _____  **Prior Commitments in the Three Years Preceding Current Offense**
                  None..1     One or more..0
_____  _____  **Status at Time of Current Offense**
                  Not on probation, parole, confinement or escape status..1
                  On probation, parole, confinement, or escape status..0
_____  _____  **Age at Current Offense (in Years)**
                  26 or more..2    20-25..1    19 or younger..0
                  Regardless of age, five or more prior commitments..0
_____  _____  **History of Heroin/Opiate Dependence**
                  No..1    Yes..0

_____  _____  **TOTAL SCORE**   | 10-9(Low Risk)= 0 Points   8-6(Fair Risk)= 1 Point |
                               | 5-4(Moderate)= 2 Points   3-0(High Risk)= 3 Points |

N/A
PV

[ ]   [ ]   **INITIAL POINTS**

## NEGATIVE INSTITUTIONAL BEHAVIOR
### INITIAL

☐   ☐   1 Class I murder, manslaughter, kidnapping, armed robbery
☐   ☐   1 Class offense other than above during last ½ of minimum
         sentence, except not less than 12 months or more than 3 years
         preceding hearing
☐   ☐   2 Class II offenses
### RECONSIDERATION
☐   ☐   1 Class I offense (since last consideration)
☐   ☐   2 Class II offenses (since last consideration)

## SUSTAINED PROGRAM OR WORK ASSIGNMENT ACHIEVEMENT

☐   ☐   1 or 2 educational or vocational programs, or program levels which
         enabled offender to develop an academic or job-related skill, or
         progress to higher level of difficulty or skill in program area
☐   ☐   Received G.E.D.
☐   ☐   Received A.A. or B.A.
☐   ☐   1+ short-term special needs programs for an identified problem
         (e.g., drug treatment, psychological counseling)--<u>not</u> 2-day DAATP
☐   ☐   1+ work details for at least 1/3 of this period of incarceration

RE: ████████████████   DCDC# ████████   PDID# ████████
   **Inmate's Name**

## POINT ASSIGNMENT GRID

| INITIAL PAROLE HEARING | | | | | RECONSIDERATION |
|---|---|---|---|---|---|
| Salient Factor Score | 10-9 | 8-6 | 5-4 | 3-0 | Point Assignment Grid Score Total From Previous Consideration |
| Degree of Risk | +0 Low | +1 Fair | +2 Mod. | +3 High | |

| | Anl | HO | Anl | HO | Anl | HO | Anl | HO | Anl | HO |
|---|---|---|---|---|---|---|---|---|---|---|
| Current or 2+ Prior Felony Convictions Where Offense Involved Violence, Weapons, or Drug Trafficking | +1 | +1 | +1 | +1 | +1 | +1 | +1 | +1 | | |
| Negative Institutional Behavior | +1 | +1 | +1 | +1 | +1 | +1 | +1 | +1 | +1 | +1 |
| Sustained Achievement | -1 | -1 | -1 | -1 | -1 | -1 | -1 | -1 | -1 | -1 |

*N/A*

**TOTAL POINTS THIS CONSIDERATION:** _____   _____
                                      Analyst   Hearing Official

☐   **Initial**   **Reconsideration**   DECISION GUIDELINE RECOMMENDATION
☐   0-2          0-3                    Grant parole
    3-5          4-5                    Deny parole, schedule reconsideration

☐   Less than five years remain   SETOFF GUIDELINE RECOMMENDATION
☐   Five or more years remain     reconsider within 6 mos. of hearing
                                  reconsider within 12 mos. of hearing

ANALYST'S RECOMMENDED DISPOSITION: _____

_____

    Disposition Codes: _____ - _____     _____ - _____

SPECIAL INSTRUCTIONS/CONDITIONS:

    Code:_____   _____

    Code:_____   _____

    Code:_____   _____

    Disposition is Inside Guidelines   ☐ Yes   ☐ No
    Setoff is Inside Guidelines        ☐ Yes   ☐ No

COUNTERVAILING FACTOR CODES: _____   _____   _____

    SUPPORTING FACTS_____

    _____

    _____

PDS.200 1/22/93                7

RE: _____ ███████████ _____          ██████████        ████████
      **Inmate's Name**                    **DCDC#**          **PDID#**

**OTHER REMARKS:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

PDS.200 1/22/93                    8

RE: 
**Inmate's Name**                    DCDC#            PDID#

## COUNTERVAILING FACTORS

### FAVORING PAROLE

| Anl | HO | |
|-----|-----|---|
| 01 | 01 | Exceptional program achievement |
| 07 | 07 | Maximum effort to participate in assigned programs, but opportunities for programming were not available |
| 09 | 09 | Change in community resources available leading to better parole prognosis |
| 02 | 02 | Record of exclusively trivial offenses |
| 03 | 03 | Substantial crime-free period since the last offense |
| 04 | 04 | Substantial previous period in custody or substantial time on additional committed sentences |
| 05 | 05 | Substantial cooperation with the government that has not been otherwise rewarded |
| 08 | 08 | Poor medical prognosis |
| 06 | 06 | Other changes in circumstances:_____ |
| 00 | 00 | None applicable |

### FAVORING INCARCERATION

| | | |
|-----|-----|---|
| 59 | 59 | Needs program and rehabilitative services to minimize risk to the community when actually released on parole |
| 58 | 58 | Opportunity but little effort made toward rehabilitation or preparation for remaining crime-free if returned to the community |
| 50 | 50 | Repeated failure under any form of community supervision (e.g., probation, parole, bail, diversion program) |
| 52 | 52 | Lengthy history of criminally-related alcohol abuse |
| 57 | 57 | Lengthy history of criminally-related substance abuse |
| 53 | 53 | History of repetitive sophisticated, assaultive, or fraudulent criminal behavior |
| 54 | 54 | Unusually extensive or serious prior record |
| 51 | 51 | Instant offense involved ongoing criminal behavior or leadership role in an organized venture |
| 55 | 55 | Instant offense involved unusual cruelty to victims or involved especially vulnerable victims |
| 56 | 56 | Repeated or extremely serious negative institutional behavior |
| 00 | 00 | None applicable |

RE: ████████████████████          ███████████     ████████████
    **Inmate's Name**                   DCDC#            PDID#

## SPECIAL INSTRUCTIONS FOR NEXT CONSIDERATION

| Anl | HO | | Anl | HO | |
|-----|-----|-----|-----|-----|-----|
| 17 | 17 | Complete Adult Basic Ed. | 15 | 15 | Maintain Alcohol Abstinence |
| 01 | 01 | Complete GED | 14 | 14 | Attend Alcoholics Anonymous |
| 03 | 03 | Complete College Course | 04 | 04 | Complete 30-Day DAAPT |
| 02 | 02 | Complete Vocational Program | 13 | 13 | Maintain Drug Abstinence |
| 18 | 18 | Complete ETAP | 12 | 12 | Attend Narcotics Anonymous |
| 06 | 06 | Work Detail | 20 | 20 | Intensive Drug Program |
| 23 | 23 | Work Training | 16 | 16 | Complete Substance Abuse Program |
| 05 | 05 | Program Participation | | | |
| 07 | 07 | No New Disciplinary Infractions | 19 | 19 | Psychological Evaluation |
| 11 | 11 | Notify Board of Disposition of Pending Charges | 09 | 09 | Psychological Counseling |
| 08 | 08 | Pay VVCC of $_____ | 21 | 21 | Sex Offender Therapy |
| 22 | 22 | Electronic Monitoring | 49 | 49 | No Special Instructions |
| XX | XX | Other: _____ | | | |

## SPECIAL CONDITIONS OF PAROLE

| Anl | HO | | Anl | HO | |
|-----|-----|-----|-----|-----|-----|
| 63 | 63 | Intensive Supervision | 53 | 53 | Alcohol Abstinence |
| 67 | 67 | Voc Rehab.--Community Based | 71 | 71 | Alcoholics Anonymous |
| 68 | 68 | Voc Rehab.--Residential | 54 | 54 | Alcohol Trtmt--Outpatient |
| 65 | 65 | Special Needs--Community Prog. | 55 | 55 | Alcohol Trtmt--Inpatient |
| 66 | 66 | Special Needs--Residential | 50 | 50 | Narcotics Surveillance |
| 59 | 59 | Halfway Back | 71 | 71 | Narcotics Anonymous |
| 60 | 60 | Parole Initiative #1: PPRC | 51 | 51 | Drug Trtmt--Outpatient |
| 61 | 61 | Parole Initiative #2:_____ | 52 | 52 | Drug Trtmt--Inpatient |
| 62 | 62 | Parole Initiative #3:_____ | 58 | 58 | FPO |
| 64 | 64 | Pay VVCC $_____ | 56 | 56 | Mental Health--Outpatient |
| 99 | 99 | No Special Conditions | 57 | 57 | Mental Health--Inpatient |
| XX | XX | Other:_____ | 69 | 69 | Sex Offender Therapy |
| | | | 72 | 72 | Shoplifters Anonymous |

RE: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    **Inmate's Name**                    ▆▆▆▆▆▆▆▆      ▆▆▆▆▆▆▆▆
                                         **DCDC#**         **PDID#**

## HEARING OFFICIAL'S RECOMMENDATION

☐ ACCEPT ANALYST'S RECOMMENDATION (on Page 7)

☐ OTHER RECOMMENDED DISPOSITION: *Grant p reparole through work release to supervision on or after 7-1-93*

   Disposition Codes: *BR - OA - 93* ____  __ - __

SPECIAL INSTRUCTIONS/CONDITIONS:

   Code: *50*    *NarC. Surv*

   Code: *51*    *OPDCP*

   Others: _____

   Disposition is Inside Guidelines   ☐ Yes   ☐ No
   Setoff is Inside Guidelines        ☐ Yes   ☐ No

COUNTERVAILING FACTOR CODES: ____  ____  ____  ____

STAFF FOLLOWUP ACTIONS: _____

BY: *Stanley B. Clemons*                    DATE: *4/1/93*
    Hearing Official

CONCURRENCE: Based on examination of the relevant information in this case, the Board concurs with the disposition recommended by the Hearing Official, and hereby orders the issuance of the appropriate implementing documents.

Board Member: _____   Date: *4-8-93*

Board Member: *Margaret Quick*             Date: *4/9/93*

Board Member: _____   Date: *4/13/93*

### NONCONCURRENCE--See Page 12

☐ Erias Hyman       ☐ Willie Hasson        ☐ Polly Nelson

☐ Margaret Quick    ☐ Enrique Rivera-Torres

PDS.200 1/22/93                    11

RE: ███████████████████         ███████████         ███████████
    **Inmate's Name**                    **DCDC#**              **PDID#**

## CONCURRING BOARD MEMBERS' COMMENTS

_____

_____

_____

_____

_____

## NONCONCURRING MEMBERS' COMMENTS AND ALTERNATIVE DISPOSITIONS

**#1 BOARD MEMBER:**_____   Date:_____

_____

_____

_____

Alternative Disposition:_____

_____

Codes:    _____ - _____    _____ - _____

Special Instructions/Conditions:_____

Countervailing Factors:_____


**#2 BOARD MEMBER:**_____   Date:_____

☐  Agree with #____   _____

_____

_____

_____


**#3 BOARD MEMBER:**_____   Date:_____

☐  Agree with #____   _____

_____

_____

_____

RE: ████████████ _____          ████████         ████████

     **Inmate's Name**                          **DCDC#**            **PDID#**

**#4 BOARD MEMBER:**_____   Date:_____

☐ Agree with #___   _____

_____

_____

_____

_____


## FINAL DISPOSITION OF DISPUTED CASE

DISPOSITION:_____

_____

_____

    Disposition Codes:   _____-___-_____   ____-___-____

    Special Instructions/Conditions:

    Code:_____   _____

    Code:_____   _____

    Code:_____   _____

    Decision is Inside Guidelines   ☐ Yes   ☐ No

    Setoff is Inside Guidelines   ☐ Yes   ☐ No

COUNTERVAILING FACTORS:

    Code:_____   _____

    Code:_____   _____

    Other:_____

    _____

    Staff Followup:_____

    _____

PDS.200  1/22/93                    13

# Exhibit 15

 

## REVIEW SUMMARY

**NAME:** ███████████████

**CASSETTE NUMBER:** 58992

**HEARING TYPE:** _DC REVIEW_

**REGISTER NO:** ████████

**TWO-THIRDS OR STATUTORY MR DATE:** _12-8-2001_

**INSTITUTION:** _FCI, MCKEAN_

**FULL TERM DATE:** _MAY 20, 2007_

**HEARING DATE:** _JUNE 25, 1991_

**PANEL:** _KOSTBAR/PINNER_

**************************************************************************

### PREVIOUS COMMISSION ACTION:

Subject is a DC Parole violator case serving 6,055 days. ██████████ was originally sentenced on August 19, 1977 in the District of Columbia Superior Court for an aggregate 26 1/2 year sentence for armed robbery/attempted armed robbery and carrying a pistol without a license. ██████████ was paroled on March 28, 1985 from the FCI Otisville. The Parole Commission issued a warrant on October of 1988 and executed it on March 27, 1989 for failure to report as directed, failure to submit supervision reports, failure to maintain required employment and violation of special condition, DAPS. By Notice of Action dated July 14, 1989 Subject's parole was revoked and he was granted a re-parole after service of eight months on November 27, 1989. A Notice of Action dated November 27, 1989 Subject parole was retarded due to DHO actions. By Notice of Action dated February 16, 1990 Subject was granted a parole effective date of March 27, 1990. Subject then violated that parole by Notice of Action dated February 21, 1991 and was granted a re-hearing of June of 1991 after service of nine additional months. Subject's guidelines for the re-hearing were 6/9 months.

### CODEFENDANTS:

N/A.

### INSTITUTIONAL ADJUSTMENT AND RELEASE PLANS:

Subject's institutional adjustment during this new violator period has been excellent. He received outstanding work reports in the food service department and he is consider an excellent worker. He maintains clear conduct.

### FINES AND RESTITUTION:

N/A.

### REPRESENTATIVE:

None.



PAGE NO. 2

## EVALUATION:

Under DC guidelines Subject should receive a release date between 0/2 months.  The need for release planning creates a situation where the panel is recommending a re-release after service of 90 days.  Subject does need the drug aftercare condition.

## RECOMMENDATION:

Reparole effective September 25, 1991 with the Special Drug Aftercare Condition.

**********************************************************************
NO INFORMATION REGARDING THIS PRISONER SHALL BE DISCUSSED WITH ANY PERSON OTHER
THAN AUTHORIZED REPRESENTATIVES OF THE DEPARTMENT OF JUSTICE.

I hereby certify the foregoing to be a true and correct transcript of the recording made on the occasion so indicated:

signed _Maria Kiklauski_          date   July 12, 1991        mn

US Parole Commission
Customs House, Room 702
2nd & Chestnut Streets
Philadelphia, PA 19106

Subject:

Date:

NAME: ████████████████

REG. NO. ██████████████                    7/29/91

TO:

FROM:                           JUL 31 1991
                                U.S. Parole Commission

NATIONAL COMMISSIONERS
Chevy Chase, MD                 Acting Regional Commissioner
                                NERO

This case is referred pursuant to 28 CFR, Section 2.24(a) to
comply with the District of Columbia Parole Board's two-member
concurrence requirement applicable to Second Circuit D.C. cases.
There is not disagreement between the panel, reviewer, or myself
in Subject's case.



## D.C. GUIDELINE WORKSHEET/PHRASES

**(Exclusively D.C. Code Sentence - departure not warranted) - You have a score of __ points under the District of Columbia parole guidelines.   See attached point assignment grid.   Those guidelines indicate that parole should not be granted at this time..  After consideration of all factors and information presented, a departure from the guidelines at this consideration is not found to be warranted.**

accs2 ____ **(Exclusively D.C. Code Sentence - departure warranted) - You have a score of __ points under the District of Columbia parole guidelines.   See attached point assignment grid.   Those guidelines indicate that parole should be granted at this time. However, a departure from the guidelines at this consideration is found to be warranted because**

_____
_____

X **(D.C. Reparole Guidelines)** *release* - The guidelines of the D.C. Board of Parole call for a 'review *hearing* in 0 - 2 months.   After consideration of all factors and information presented, a departure from the reparole guidelines at this consideration is found to be warranted because *of the need for*

*release planning*

_____
_____

____ **(Mixed Federal & D.C. Sentences) - Commence application of the District of Columbia parole guidelines on __ after service of __ months for your federal offense.   Parole effective _____, after the service of __ additional months for your District of Columbia offense.**

Jecn ____ **(Federal guideline date has passed, but not DC minimum guideline AND Federal guideline date has not passed) - Commence application of the District of Columbia parole guidelines on _____, after service of __ months for your federal offense.**

*JK*

*KAP*

**U.S. Department of Justice**
United States Parole Commission
Chevy Chase, MD 20815

**Notice of Action**

| Name | | |
|------|---|---|
| **Register Number** | | **Institution**   McKean |

In the case of the above-named parole action, was ordered:

Reparole effective on September 25, 1991, with the special drug aftercare condition.

Appeals Procedure:

—— The above decision is appealable to the National Appeals Board under 28 C.F.R. 2.26.

—— The above is an original jurisdiction decision, and is appealable to the Commission under 28 C.F.R. 2.27.

—— THE ABOVE DECISION IS NOT APPEALABLE.

August 21, 1991
(Date of Notice)                    (Region)                    X
                                                        (National Commissioners)                    (Docket No.)

Inmate   ( ) Institution      ( ) Admin. Systems Manager      ( ) U.S. Probation Officer      ( ) Commission      ( ) FOIA

D.C. ADMINISTRATIVE REVIEW

# U.S. Department of Justice
# United States Parole Commission

### Chevy Chase, Maryland 20815



**REPAROLE**

# Certificate of Parole

*Know all Men by these Presents:*

It having been made to appear to the United States Parole Commission that

███████████████ , *Register No.* ███████████ , a prisoner in the

FCI, McKEAN

_____ is eligible to be PAROLED, and in that said prisoner substantially observed the rules of the institution, and in the opinion of the Commission said prisoner's release would not depreciate the seriousness of this offense or promote disrespect for the law, and would not jeopardize the public welfare, it is ORDERED by the said United States Parole Commission that said prisoner be PAROLED on

SEPTEMBER 25 , 19 91 ; and that said prisoner is to remain within the

limits of _____ CC _____ until _____ MAY 20 _____ A.D. 2001;

Given under the hands and the seal of the United States Parole Commission this 24th

of _____ SEPTEMBER _____ , nineteen hundred and 91 day

UNITED STATES PAROLE COMMISSION

By *Judith L. Speller* , SOCIAL SCIENCE TECH

Initial Risk Category _____ SFS 9 _____

Advisor _____

Probation Officer CUSPO, EUGENE WESLEY JR., DISTRICT OF COLUMBIA

I have read, or had read to me, the conditions of release printed on the reverse of this certificate and received a copy thereof, I fully understand them and know that if I violate any, I may be recommitted. I also understand that the law requires the Parole Commission to revoke my parole if I am found by the Commission to have possessed any illegal controlled substance. I also understand that special conditions may be added or modifications of any condition may be made by the Parole Commission upon notice required by law.

WITNESSED _____    _____
                    *(Name)*                              *(Register Number)*

_____    _____
          *(Title)*                                *(Date)*

UNITED STATES PAROLE COMMISSION

The above-named person was released on the _____ , day of _____ , 19 _____

with a total of _____ days remaining to be served.

_____
*(Chief Executive Officer)*

**5. FILE COPY**

PAROLE FORM II-8
JAN 90

# Exhibit 16

9-1-92

DCox

75113

## REVIEW SUMMARY

**Name:** ▮▮▮▮▮▮▮▮
**Reg.**
**Institution:** FPC Ashland
**Hearing Date:** 8-11-92
**cassette # NCRO**

**Hearing Type:** D. C. Reveiw
**Mandatory Release Date:** Life

**Full Term Date:** Life
**Hearing Panel:** Robertson/Bartee

************************************************************

## I.   PREVIOUS COMMISSION ACTION:

Note this case was not prereviewed.

Subject was originally convicted of manslaughter while armed receiving a 5 year Life DC Code sentence on 2-21-80.

The initial hearing in this case occurred on 12-18-80 at FCI Butner resulting in a decision via NOA dated 1-13-81 to:   Continue to presumptive parole after the service of 60 months, 11-5-84 with the special mental health aftercare condition.

The offense severity was rated as Greatest I as it involved voluntary manslaughter.   The Greatest I severity with a SFS of 6 produced youth guidelines of 40-50 months.   The decision to parole after the service of 60 months was above the guidelines and predicated on the fact that the subject had to serve 60 months to his minimum term.

By NOA dated 8-14-84, the presumptive parole date of 11-5-84 was retarded 30 days for misconduct.   The new PP date became 2-3-85.   The misconduct involved Fighting With Another Inmate.

The subject was initially paroled from his 5 year to life sentence on 2-3-85 to the District of Columbia with a FTD of Life.

The subject was denied termination after 5 years on supervision.   The 5 year in-person termination hearing occurred on 4-15-91.   The subject was continued on supervision via NOA dated 7-9-91 as he used drugs while on supervision, failed to report to his USPO and incurred arrest for simple assault and possession of weapon.

The first warrant in this case was issued on 1-28-92 charging violation of daps and use of drugs.   The revocation hearing from this warrant occurred on 4-24-92 at FCI Danbury resulting in a decision via NOA dated 5-28-92:   Revoke parole.   No time on parole to be credited. Schedule review hearing 11-1992.

The subject had 5 or more years remaining on supervision and with technical violations of parole, DC guidelines provided for a review hearing in 6-9 months.

D.C. Review Hearing
Page 2

## II.   CODEFENDANTS:

No dictation.

## III.   INSTITUTIONAL ADJUSTMENT AND RELEASE PLANS:

A progress report dated 6-25-92 was available at this hearing. The report indicated that the subject had maintained clear conduct since commitment on this violator term.

The subject obtained his GED during the period of his original commitment on this sentence. Currently, subject is participating in the institution substance abuse program. He is assigned to the AM Food Service Detail receiving good work reports. Supervisors also indicate that he has a positive attitude, displays initiative and is a reliable inmate worker.

Upon release, the subject will reside in Washington, DC with his wife and indicates that he has been offered employment with a firm involved in hazardous waste removal.

There are no known detainers filed or charges pending in this case and there are no issues of health or psychiatric treatment and the subject has no financial obligations to the government.

SFS:

The subject's SFS under DC procedures would be 7 points based on one prior conviction, his instant; one prior commitment, his instant; his age at the commencement of the current parole violation behavior, 29 without 5 prior commitments; the fact that subject was last released on parole more than 3 years prior to commencing the current parole violation behavior; the fact that subject is a parole status violator and finally, that subject did not have a history of heroin or opiate dependence.

The subject would have been scored based on the SFS of 7 as having a point for risk. As his offense involve weapons and assault, he would have incurred another point. As the subject had maintained clear conduct, he would not have been assessed under this item, moreover, he is participating in some programming substance abuse treatment.

## IV.  MISCONDUCT DETAILS:

None.

## V.   FINES/RESTITUTION:

No dictation.