# Exhibit 31



Government of the District of Columbia
**DEPARTMENT OF CORRECTIONS**
Industries Division
P.O. Box 730
Lorton, Virginia 22199

· NOVEMBER 3, 2000

<u>MEMORANDUM</u>

TO WHOM IT MAY CONCERN:

THIS LETTER IS TO SERVE AS A FORMAL REFERENCE ON BEHALF OF MR. THADDEUS FLETCHER. DCDC# 191-841. MORE THAN (27) MONTHS AGO, I BECAME ACQUAINTED WITH MR. FLETCHER. DURIN THAT TIME WHICH I HAVE KNOWN HIM, I HAVE HAD THE OPPORTUNITY TO OBSERVE HIM AS AN IN-MATEWORKER IN THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS INDUSTRIAL SERVICES IN THE METRO SHOP AT LORTON.

AS ONE OF MR. FLETCHER PRIMARY SUPERVISOR'S IN THE METRO SHOP, I HAVE BEEN ABLE TO WATCH MR. FLETCHER PROGRESS. TODAY HE IS THE METRO SHOP CLERK AND HE IS ONE OF THE METRO SHOP ASST. TO THE SQUAD LEADER, AND FABRIC CUTTER. OVER THE YEARS, I SAW AS HE WORKED HIS WAY TO THE CURRENT POSITION, HOW HE HAS MATURED--BOTH IN HIS WORK ETHICS AND PERSONAL CHARACTER. HE IS VERY CONSCIENTIOUS REGARING HIS JOB, WORKING HARD IN ALL OF HIS DUTIES AND ASSIGNMENTS THAT HE ROUTINELY DOES FOR THE METRO SHOP. HE IS AN ASSE TO THE SQUAD.

IT APPEARS THAT MR. FLETCHER IS READY TO BE REPAROLED INTO THE COMMUNITY AND BE A PRODUCTIVE MEMEBER OF OUR SOCIETY.

SINCERELY,

DANNY MINTER, GENERAL FOREMAN-METRO SHOP

# Exhibit 32

## Rehearing Following Revocation by D.C. Parole Board
## (Adult Revocation Hearing prior to 8/5/2000)
## Prehearing Assesment

**Original Offense of Conviction:**  RAPE

**Violation Behavior:** ASSAULT WITH INTENT TO COMMIT LMURDER, USE OF A HANDGUN.
Sentenced to 10 yrs. + 5 Yrs. Conc.

| | | | |
|---|---|---|---|
| DCDC Number......: | 191-841 | PDID Number......................: | 281-366 |
| Name...............: | FLETCHER Thaddus | Prehearing Date.....................: | 09/18/2000 |
| Reg. No...............: | 00191+841 | Short Term Date....................: | 08/25/2014 |
| Birth Date...........: | 10/23/1959 | Full Term Date.....................: | 06/27/2022 |
| Examiner. ..........: | Beale Dorothy A. | Fines/Court Assessment.............: | $0 |
| Institution ...........: | Central D.C. Facility | | |

Detainer:  None.

Additional Text:  None.

**Previous Parole Action:**  On 3/25/80 subject was sentenced to 12-36 years after convicted of Rape.

DESCRIPTION OF OFFENSE BEHAVIOR:  On 8/13/78 at approximately 1:00 a.m. three females were about to get into their parked car in the unit block of K Street, S.E. when they were approached by subject another male. One was armed with a knife and the other was armed with a sawed off shotgun. The victims were ordered to get into the car and hand over their money, approximately $150. The suspects repeatedly threatened to kill them if they did not cooperate, and then drove theym to the rear of the Phelps School at 14th and Benning Rd., NE.   Two of the victims were then raped by both suspects while the thir complainant was ordered to remain in the back seat with her eyes closed.  After raping two of the girls subject and his accomplice forced them into the trunk of the car.  The suspects then drove around for approximately an hour and argued over whether or not they should kill them.  The suspects decided to let them out of the trunk and drove around some more before releasing the girls in the area of South Capitol and I Sts., S.W.   Before releasing the girls the suspects wrote down their names and addresses and warned them not to report the incident to the police.

An initial hrg. was conducted on 2/9/89. S. had a SFS of 3. S. also had a total point score of 3. On 2/15/89 DCPB ordered: Continue case pending report from attending psychologist. On 3/8/89 a psy. report was prepared. BY NOA dated 5/3/89 it was ordered: Deny Paole; Reconsider 9/a 2/15/90.

On 6/19/90 s. received a DC Rehrg. and on 6/25/90 DCPB ordered:  Grant Parole to an Approved Plan w/special conditions of  Narcotic surveillance and out-patient mental health counseling.

On 3/1/90 subject was transferred from Central Facility to CCC #4. On 8/20/90 s. signed out of the CCC to 1366 Central Place, NE. for work. He was scheduled to return by 4:00 p.m. on the same date. He was placed on escape status when he failed to return by 11:00 a.m. on 8/30/90.

On 10/23/90 subject was paroled w/FTD of 8/22/2014.

On 8/12/94 subject was arrested in PG Co., Md and was charged with Assault With Intent to Commit Murder Case No. CT-941427X. On 1/19/95 s. pled guilty and was sentenced to 10 yrs. for Assault WITC Murder and to 5 yrs. for the Use of A Handgun.

On 5/10/95 DCPB ordered: Issue a Detainer Warrant Based on Allegations of Criminal and Noncriminal Violations of Parole. On 7/22/97 the DCPB ordered: Maintain Detainer Warrant #28032-95 issued on allegations of criminal and noncriminal violations of parole. This warrant was executed on 8/29/98.

On 10/6/98 a Revocation hrg. was conducted. On 10/27/98 it was ordered: Revoke Parole for Criminal and Noncriminal Violations; Consider for Reparole By 829/2000.

**Instant Warrant Information:** None.

**Review of Charges:**

CHARGE NUMBER: 1 - Assault with intent to kill or with high likelihood of causing death.
Violation Behavior....: On or about 718/94 at approximately 12:30 p.m. subject drove past his ex-girlfriend and her male friend who were walking in the 4900 block of Chester Street, Oxon Hill, Md. Subject fired several shots at them. The shots did not strike the victims because they ran away. One bullet did strike the driver's side of a 1991 Nissan Pick-up truck. The bullet was found inside of the truck by its owner. The damage to truck included door, inside door panel, and dash board wa estimated to be $400.
Finding..............: Finding of Violation
Basis..............: Subject convicted in Court:

CHARGE NUMBER: 2 - LAW VIOLATION; Illegal Used a Firearm
Violation Behavior....: On or about 7/18/94 subject illegally used a firearm as is evident by his arrest on 8/12/94 and charged with Assault With Intent to Murder.
Finding..............: Finding of Violation
Basis..............: Subject convicted in Court: 227/95 convict. in USDC, D/MD

CHARGE NUMBER: 3 - LAW VIOLATION; Assault With Intent to Commit Murder/Use of a Firearm
Violation Behavior....: On or about 7/18/94 subject attempted to murder his ex-girlfriend and her male companion. On 8/12/94 he was arrested and charged with this offense by PG Co. Md.
Finding..............: Finding of Violation
Basis..............: 2/27/95 conviction as well as subject's admission.

CHARGE NUMBER: 4 - Failure to Report Arrest.
Violation Behavior....: On or about 8/12/94 subject was arrested by PG Co., Md police and was charged with AWITC Murder and Use of a Firearm in a Crime of Violence.
Finding..............: Finding of Violation
Basis..............: Subject admits charge.

CHARGE NUMBER: 5 - Failure to Report PO as Directed.
Violation Behavior....: Subject failed to cooperate with those responsible for his supervision as is

evident by his failure to report for office visits after 12/7/94.

Finding..............................:   Finding of Violation

Basis................................:   Subject admits charge.

**Institutional Adjustment and Release Plans:**   Information in the current progress report dated 6/15/2000 indicates that subject is currently working as a Clerk in the Metro Shop; he has completed his requirements in Urban Studies and has received a Bachelor of Arts Degree from the Univ. of D.C.; completed all phases of the Alternatives of Violence Project in 1999; has completed Life Skills; and the Employment Techniques and Awareness Program. He has also participated in an assaultive behavior group w/Institutional Psy. He has also attended NA & AA.

Upon release subject indicates that he will reside w/a friend Ethel Burney who resides at 3907 Martin Luther King Ave., S.E., Wash., D.C.  (202) 561-4309.

## SALIENT FACTOR SCORE   (SFS-98)

| Date | Offense | Disposition of 5 most significant prior convictions: |
|------|---------|------------------------------------------------------|
| 07/24/1974 | Armed Robbery | PG Co. court system placed on probation w/sup. transferred to Juvenile Branch of Ct. |
| 01/23/1975 | Simple Assault | Sentenced to Probation |
| 03/25/1980 | Rape | Sentenced to 12-36 yrs.  Paroled on 10/23/90. |

SFS Item A  =  0    Subject has 5 prior convictions/adjudication.

SFS Item B  =  1    Subject has 2 commitments of more than 30 days that were imposed prior to the last overt act of the current offense.

SFS Item C  =  3    Subject was 34 years old at the commencement of the current offense and had 2 prior commitments.

SFS Item D  =  1    08/12/1994 - Commencement of present offense.
10/23/1990 - Release to the community from last commitment.

SFS Item E  =  0    Subject is a Parole status violator.

SFS Item F  =  0    Sum of Items A-E = 5 and the offender was 34 years old at the commencement of the current offense.

Salient Factor Score  =  5

**Severity:** Eight

**Violation Type:** Administrative and Criminal, involving: 0 - Drug, 0 - Absconding, 1 - Other violation(s)

Re-parole Guidelines (range in moths): 150 - 999

---

**Conduct Warranting Rescission Guidelines:** None

Number and Type of Offense

**Conduct Description:** None.

Rescission Guidelines (range in months): 0 - 0

Aggregate Guidelines (range in months): 150 - 999

**Risk:** Subject is a more serious risk than is indicated by his SFS of 5 due to his criminal history which involves violence. His base offense involved Kidnap, Robbery, and Rape. His violation behavior involved subject firing several shots at his ex-girlfriend and her male friend.

**Summary:**   The parole violation behavior is rated as Category Eight severity because it involved attempted murder. The reparole guideline range is 150+ months. Subject has been in continuous custody for 74 months. Part of the custody was in PG Co. Dept. of Corrections.

Since returning to custody subject has maintained clear conduct and has participated in several educational/vocational programs.

At his Mandatory Release date subject will have served about 240 months.

# Exhibit 33

United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: FLETCHER, Thaddeus                    Institution: Central Facility

Register Number: 00191+841              DCDC No.: 191-841

---

In the case of the above-named, the following parole action was ordered:

Continue to a presumptive parole (October 29, 2010) after the service of 194 months, with release through a CCC recommended for up to 120 days prior to the parole date, and with the highest level of supervision following your release to the community. In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

A presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. Prior to release, your case will be subject to review to ascertain that these conditions have been fulfilled. **NOTE:** Pursuant to 28 C.F.R. §2.14-03, the Commission has issued a presumptive parole date in your case. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

**REASONS**:

Your parole violation behavior is rated as Category Eight severity because it involved attempted murder. Your salient factor score (SFS-98) is 5. You have been in confinement as a result of your behavior for a total of 74 months as of November 6, 2000. Guidelines established by the Commission for revocation behavior indicate a customary range of 150+ months to be served for cases with a good institutional adjustment and program achievement. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

As required by Commission rules, you have also been scheduled for a review hearing during November 2002.

THE ABOVE DECISION IS NOT APPEALABLE.

See the attached sheet for your individual item points and explanation for the Salient Factor Score.

Date: December 12, 2000                          Clerk: mdd

cc:    D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W.
       Suite 2134
       Washington, D.C.  20001

| Your Pts | Item Explanation | SALIENT FACTOR SCORE |
|---|---|---|

**0** .... **A - Prior convictions/adjudications (adult or juvenile)**
   None = 3; One = 2; Two or three = 1; Four or more = 0

**1** .... **B - Prior commitments of more than thirty days (adult or juvenile)**
   None = 2; One or two = 1; Three or more = 0

**3** .... **C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile)**

**1** .... **D - Recent commitment free period (three years)**
   No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

**0** .... **E - Probation/parole/confinement/escape status violator this time**
   Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

**0** .... **F - Older offenders**
   If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
|  | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

**Date: December 12, 2000**

Clerk: mdd

FLETCHER.191

# Exhibit 34

ISSUMCODE-DCREVREH_SUM>                                                      CREV

# D.C. REVOCATION REHEARING HEARING SUMMARY
## (ADULT REVOCATION HEARING PRIOR TO 8/5/2000)

**Original Offense of Conviction - Rape**

**Violation Offense Behavior - Assault with Intent to Commit Murder, Use of a Handgun Sentenced to 10 Years plus 5 Years Concurrent**

| | | |
|---|---|---|
| **Name**         :FLETCHER, Thaddus | **Institution**      :Central Facility | |
| **Reg No**         :00191+841 | **Projected MR Date: 8/25/2014** | |
| **Date of Birth: 10/23/59** | **Full Term Date: 6/27/2022** | |
| **Data Dictated: 11/6/2000** | Fines/Restitution/Court Assessment: None | |
| | Reviewer      :Otis Thomas | |

## I.   PREVIOUS COMMISSION ACTION:

Please see Pre-review dated 9/18/2000.

This examiner reviewed description of offense behavior, and he agreed to the sequence of events that occurred as reported in the Pre-review dated 9/18/2000.

## II.   REVIEW OF CHARGES:

Charge No. 1 - Assault With Intent to Kill or With Likelihood of Causing Death.

On or about 7/18/94 at approximately 12:30 p.m., the subject drove past his ex-girlfriend and her male friend who were walking in the 4900 block of Chester Street, Oxon Hill, MD. Subject fired several shots at them. The shots did not strike the victims because they ran away. One bullet did strike the driver's side of a 1991 Nissan pick-up truck. The bullet was found inside of the truck by its owner. The damage to truck included door, inside door panel and dashboard was estimated to be $400. DC Superior Court made a finding of violation, and subject was convicted in court. The subject admitted to this examiner that the above cited violation is true. He stated that his female friend was his girlfriend. He stated that he felt used and abused in that he was seeing another guy behind his back. The subject stated that he became very angry and actually shot at them only to scare them.

He stated that he thanks God every day that no one got hurt. He also expressed remorse regarding his involvement in this offense.

Charge No. 2 - Law Violation: Illegally Used a Firearm.

FLETCHER.191

TF001954

(REV.

On or about 7/18/94, subject illegally used a firearm as is evident by his arrest on 8/12/94 and charged with assault with intent to murder. DC Parole Board made a finding of violation. It is also noted that the subject was convicted in court on 2/27/95 in US District Court for the District of Maryland.

The subject admitted to this examiner that the above cited violation is true. He reiterated his reason for this involvement in this offense as noted above.

Charge No. 3 - Law Violation: Assault With Intent to Commit Murder, Use of a Firearm.

On or about 7/18/94, the subject attempted to murder his ex-girlfriend and her male companion. On 8/12/94 he was arrested and charged with this offense by P.G. County, Maryland.

DC Parole Board made a finding of this violation. In addition, the subject admitted to this violation.

The subject admitted to this examiner that the above cited violation is true. He reiterated his reasons for involvement in this offense as noted above.

Charge No. 4 - Failure to Report Arrest.

On or about 8/12/94, subject was arrested by P.G. County Maryland Police and was charged with assault with intent to commit murder and use of a firearm in a crime of violence.

DC Parole Board made a finding of this violation. This was based on the subject's own admission.

The subject admitted to this examiner that the above cited violation is true. Again, the subject expressed remorse and stated that he felt used and abused by his girlfriend. He stated that he became very angry and his intentions were not to kill his girlfriend and her friend, but only to scare them.

Charge No. 5 - Failure to Report to PO as Directed.

The subject failed to cooperate with those responsible for his supervision as is evident by his failure to report for office visits after 12/7/94. DC Parole Board made a finding of violation, this was based on subject's own admission.

This examiner makes a finding on all above noted violations. This is based on the subject's own admission.

## II.   INSTITUTIONAL ADJUSTMENT AND RELEASE PLANS:

FLETCHER.191

CREV

The subject is currently working as a clerk in the Metro Shop, he is also Supervisor in the Fabric Industry, as a Cutter and receives excellent reports. The subject has obtained his Bachelor of Arts Degree from the University of the District of Columbia in the Urban Studies, completed all phases of the Alternative of Violence Project in 1999, completed Life Skills, completed the Employment Techniques and Awareness Program, and has participated in a Assaultive Behavior Group with Institutional Psychiatrist.

Upon release the indicates that he will reside with a friend, Ethel Burney who resides at 890 Martin Luther King Avenue, SE, Washington, DC.

## IV.   SALIENT FACTOR SCORE:

A • 0      Subject has five or more prior conviction(s).

B • 1      Subject has two prior commitments of more than 30 days that were imposed prior to the last overt act of the current offense (see dispositions listed above).

C • 3      Subject was 34 years old at the commencement of the current offense. Subject has two prior commitments.

D • 1      Subject was in community 3 years.  Date of last release: 10/23/90.

E • 0      Subject is a parole status violator.

F • 0      Subject was not 41 years of age or more at the commencement of the current offense.

5.   TOTAL SCORE

## V.   RISK:
The subject is a more serious risk than is indicated by his SFS of 5 due to his criminal history which involves violence.  His base offense involved kidnapping, robbery and rape.  His violation behavior involves subject firing several shots at his girlfriend and her male friend.

## VI. EVALUATION:
The Parole Violation Behavior is rated as Category Eight severity because it involved attempted murder.  The reparole guideline range is 150 + months.  Subject has been in continuous custody for 74 months, part of the custody was however in P.G County Department of Corrections.

Since returning to custody subject has maintained clear conduct and has participated in several Educational and Vocational Programs, namely, receiving his Bachelor of Arts Degree in Urban Studies from the University of the District of Columbia.

FLETCHER.191

The subject expressed remorse and stated that he thanks God every day for not hurting the (REV
victims.   The subject stated that he continues to support his three daughters and receives
strong family support from his mother and other family members.

## VII.   RECOMMENDATION:

Continue to a persumptive parole after the service of 194 months, on 10/29/2010, with the
highest level of supervision , and with placement in a CCC for up to 120 days prior to the
parole date.  In addition, you shall be subject to drug aftercare condition.

## VIII. REASONS:

After review of all relevant factors and information presented a decision outside the guidelines
at this consideration is not found warranted.

PAH
November 10, 2000

FLETCHER 191

# Exhibit 35

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland   20815-7201

**Notice of Action**

Name: FLETCHER, Thaddeus A.                    DCDC Number: 191-841

Register Number: 07133-007          Institution:  Estill FCI

In the case of the above-named, the following parole action was ordered:

Continue to a presumptive parole after the service of 158 months (October 29, 2007). You shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment. **In addition,** you shall reside in and participate in a program of a Community Corrections Center as instructed by your Supervision Officer until discharged by the Center Director, but no later than 120 days from admission.

**REASONS:**

Your parole violation behavior has been rated as new criminal conduct of Category Eight severity because it involved Attempted Murder. Your new salient factor score (SFS-98) is 6. As of your hearing date of July 2, 2002, you have been in confinement as a result of your violation behavior for a total of 95 months. Guidelines established by the Commission indicate a customary range of 120+ months to be served before release.

Your guidelines are recalculated as follows. Your offense severity remains as Category Eight because it involved assault with intent to commit murder. Your salient factor score risk is recalculated as 6 (old score 5; new score 6). Your salient factor score decreases your guideline range from 150+ to 120+ months.

After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

As required by Commission rules, you have also been scheduled for a review hearing during July 2004.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your Supervision Officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

Date: August 14, 2002

Clerk: adc

BOP-Estill FCI                    Page 1 of 3                    FLETCHER.713

See the attached  sheet for your  individual  item points and explanation  for the New Salient  Factor Score.

cc:     CSS Management  Group
        Attn: Sharon Barnes-Durbin,  SCSA
        300 Indiana  Avenue,  NW
        Second Floor, Suite 2149
        Washington,  DC 20001

        Lisa  C. Guffey,  Esq.
        Assistant  Federal  Public Defender
        District  of Columbia
        Special  Proceedings  Division
        633 Indiana  Avenue,  N.W.
        Washington,  D.C.  20004



Date: August  14, 2002

BOP-Estill  FCI                      Page  2 of 3

Clerk:  adc

FLETCHER.713

| Your Pts | Item Explanation | NEW SALIENT FACTOR SCORE |

**Your Pts   Item Explanation**                    NEW SALIENT FACTOR SCORE

1 .... **A - Prior convictions/adjudications**   (adult or juvenile)
   None = 3; One = 2; Two or three = 1; Four or more = 0

1 .... **B - Prior commitments** of more than thirty days (adult or juvenile)
   None = 2; One or two = 1; Three or more = 0

3 .... **C - Age at commencement** of the current offense/prior commitments of more than thirty days (adult or juvenile)

1 .... **D - Recent commitment free period (three years)**
   No prior commitment of more than thirty days (adult or juvenile) or released to the community from last such commitment
   at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0 .... **E - Probation/parole/confinement/escape** status violator this time
   Neither on probation, parole, confinement or escape status at the time of the current offense; nor committed as a
   probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0 .... **F - Older offenders**
   If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above
   is 9 or less) = 1; Otherwise = 0



| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
|  | 0-1 | 2-4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 1 | 0 |
| 0-19 | 0 | 0 | 0 |

# Exhibit 36

TO:    OFFICE OF THE CHAIRMAN
       U.S. PAROLE COMMISSION
       5550 FRIENDSHIP BLVD., SUITE 420
       CHEVY CHASE, MD 20815

From: THADDEUS A. FLETCHER          April 25, 2003
      REG. NO.:  07133-007
      FCI ESTILL
      P.O. BOX 699
      ESTILL, SC 29918-699

### RE: 28 C.F.R. 2.60(A)(b)(c)(e),
### 28 C.F.R. 2.14(A)(2)(ii)(1)

Office Of The Chairman:

Because of new and significant information regarding Thaddeus Fletcher, he request, on his behalf, that the hearing conducted on or about November 6, 2000 and July 2, 2002, be reopened pursuant to 28 C.F.R. 2.28 and 2.75.  Pardon my interruption of your very busy schedule. I'm writing to your office in hopes that you can resolve the injustice which has been caused by Otis Thomas, a parole examiner under your super-vision.

On or about November 6, 200, a parole hearing was held at the Lorton Central Facility in which your office appointed Parole Examiner Otis Thomas to reside over the hearing.  Subsequently, I received a 194 month set-off.  Based on my record and by my outstanding institutional accomplishments it is evident that the 194 month set-off was not justi-fied.   I then filed a Civil Action in the matter, one of the defendants named in the Civil Action is Parole Examiner Otis Thomas, in which said suit is still before the court. (Exhibit: A)

On or about July 2, 2002, I was scheduled for another hearing. By this date, the Civil Action against defendant Parole Examiner Otis Thomas was "still pending." On July 2, 2002, when I made my appearance at

- 1 -

TF001959

another parole hearing. Parole Examiner Otis Thomas (whom I have a pending civil action against) was present. Parole Examiner Otis Thomas informed me that he had again been appointed to reside over my hearing.  I informed him that he should not have been appointed to reside over my hearing because I have a civil action pending against him.  Subsequently, I re- cieved a 158 month set-off based on the same facts and information that was used in the November 6, 2000 hearing held by Parole Examiner Otis Thomas.  The only exception is that now Examiner Otis Thomas states that said factors consists of "new criminal conduct". This was stated even though the offense of behavior convictions has already been through the revocation process by the D.C. Board of Parole.  This hearing is the same as the first "unjustified" set-off, despite the fact that my insti- tutional accomplishments had increased even further than the last hearing held November 6, 2000.  Parole Examiner Otis Thomas failed to award me a reduction for superior program achievement under 28 C.F.R. 2.60(A)(3)(e) (e), 2.14(A)(2)(ii)(1), at the November 6, 2000 and July 2, 2002 hearing. (Exhibit: B,C,D).

I cannot comprehend why I was given a set-off the second time, when the D.C. Board of Parole had already Revoked my parole for "criminal and noncriminal violations", and a 24 month set-off, with special instructions for reconsideration "program participation". Let alone the second and third time when there was no new information to be considered, because all of the information to be considered had already been through the revocation process by the D.C. Board of parole to render a 24 month set- off.  Therefore, their was nothing new, the only thing that was left to be considered was have I complied with the D.C. Board of Parole Order for Reconsideration, "program participation". (Exhibit: F).  I complied with this order, I enrolled in college receiving my B.A. Degree in Urban Studies from UDC College, I was employed in Industry (Metro Shop), grade: 1-3, Vocational classes (Re-upholsery Furniture Repair Shop), and numerous other behavior counseling programs, no displinary reports, good conduct with outstanding institutional record.  I was in good faith that

TF001960

I have satisfied all of the requirements the D.C. Board of Parole ordered me to do" program participation". I had at that time been in- carcerated 74 months, I was expecting to be reparoled.

The U.S. Commission and Parole Examiner Otis Thomas "never" informed me that the allegations of criminal and noncriminal violations of my parole listed on the parole detainer warrant application and notice of action revocation order will be changed to "Attempted Murder". To do so the U.S. Commission and Parole Examiner Otis Thomas "must" conduct a Revocation Hearing, see 28 C.F.R. 2.21(A)(2), with all its accompanying regulatory and due process protections under Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972) and the pertinent Federal Regulations, 28 C.F.R. 2.101-105, which it did not provide in this case, [1]/ and violated 28 C.F.R. 2.55(A)(g) of their own rules and regulations.

The D.C. Board of Parole had already made an assessment of the State of Maryland conviction, issued a detainer warrant for "criminal and noncriminal violations" based on the facts and circumstances of the State of Maryland conviction to revoke my parole, and a 24 month set-off for the allegation, State of Maryland conviction listed on the parole detainer warrant application. This is a clear violation of my due process rights when the Commission and Parole Examiner Otis Thomas selectively prose- cuted me for attempted murder, without the accompanying regulatory and due process protections under Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972) and pertinent Federal Regulations, 28 C.F.R. 2.101-105 which it did not provide in this case in violation of the First, Eighth and Four- teenth Amendments.

---

[1]/ In Morrissey, the Supreme Court included the following in the minimum requirements of due process in the Parole Revocation context:

(A) written notice of the claimed violations of parole;

(B) disclosure to the parole evidence against him;

(C) opportunity to be heard in person and present witnesses and documentary evidence;

(D) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);

- 3 -

It is evident from the three attached notice of actions (Exhibit:- B,C,D), the facts presented that the commission has went out of the norm to use the parole guidelines punishment provisions against me in an arbitrary and capricious vindictive manner ignoring the favorable provisons of the guidelines that would in fact promote good behavior and assist me in being paroled.  Since I have been incarcerated all I have been doing is spending my prison time in an exceptionally constr- uctive manner, staying displinary free (good conduct) and devoting all of my time to higher education, vocational, industry, food service and counseling programs.  My institutional conduct has had a significant positive impact upon the operation of the institution and has provided an outstanding example of the constructive use of prison time.

The Commission and Parole Examiner Otis Thomas didn't even consider 28 C.F.R. 2.60(A)(b)(c)(e), 2.14(A)(2)(ii)(1),[2/] which speaks about superior program achievement.  I have participated in and completed a wide variety of programs successfully in educational, vocational, in- dustry, food service and counseling programs in the State of Maryland (DOC), District of Columbia (DOC), and the Federal (BOP) (Exhibit: E,F,G). Had this information been considered or taken into account by the Com- mission and Parole Examiner Otis Thomas (instead of the Commission and Parole Examiner Otis Thomas using discriminatory arbitrary and capricious vindictive procedures to keep me incarcerated longer) I would have been released on parole, and my daughter would not be at her home crying her eyes out worrying whether or not her father will be at her high school graduation next summer.

---

1/ cont.

   (E) a 'neutral and detached' hearing body such as a traditional
       Parole Board, Members of which need not be Judicial Officals
       or Lawyers; and

   (F) a written statement by the fact finders as to the evidence
       relied on and reasons for revoking parole, 408 U.S. at 489.
       The regulations provided similar protections. see, e.g. 28
       C.F.R. 2.98(F) (requiring a warrant application must accompany
       a warrant, stating the changes against the parolee); 28 C.F.R.
       2.101(c) (requiring a preliminary interview with officer who
       shall review the violation charges, apprise the parolee of the

TF001063

The Commission and Parole Examiner Otis Thomas have spent more time concentrating on the use of arbitrary and capricious vindictive procedures to keep me incarcerated longer instead of applying the guidelines in a fundamental fairness manner to consider whether I was rehabilitated in deciding to release me on parole.   Since the Commission and Parole Examiner Otis Thomas did not consider whether I had been sufficiently rehabilitated, but rather seems to have considered only the severity of the offense (which had already been considered by the D.C. Board of Parole through the parole revocation process). [3]/

If the Commission and Parole Examiner Otis Thomas considered and used the severity of the offense of attempted murder, they "must" conduct a revocation hearing, 28 C.F.R. 2.21(A)(2), with all its accompanying regulatory and due process protection under <u>Morrissey v. Brewer</u>, 408 U.S. 471, 488-89 (1972) and the pertinent Federal Regulations, 28 C.F.R. 2.101-105, which it did not provide in this case.   Without the benefits of the guidelines the Commission and Parole Examiner Otis Thomas unfairly arbitrary and capriciously denied me a parole date as well as denied me the benefits of 28 C.F.R. 2.60(A)(b)(c)(e), 2.14(A)(2)(ii)(1), which gives them the authority to advance a presumptive release date for

---

[1]/cont. evidence against him, and obtain a response from the parolee about each charge); 28 C.F.R. 2.102(b) (requiring that "parolee shall also be given a local revocation hearing if he admits (or has been convicted of) one or more charged violations, but denies at least one unadjudicated charge that may be determinative of the commission's decision regarding revocation and/or reparole, and requests the presence of one or more adverse witnesses regarding that contested charge); 28 C.F.R. 2.103(b) (permitting parolee at local revocation hearing to present voluntary witnesses for cross-examination); 28 C.F.R. 2.103(d) (starting that "[a]ll evidence upon which the finding of violation may be based shall be disclosed to the alleged violator at or before revocation hearing").   "Superior Program Achievement may be demonstrated in areas such as educational, vocational, industry, or counseling programs, and is to be considered in light of the specifics of each case" 28 C.F.R. 2.60(b).   Prisoner who demonstrate superior program achievement may be considered for a limited advance of their presumptive parole date. See 28 C.F.R. 2.14(A)(2)(ii)(1), 2.60(A), 2.60(c).

-5-

TF001963

superior program achievement.  This violation only effects me because
I am the one who will have to suffer for being incarcerated longer than
I should because the Commission and Parole Examiner Otis Thomas failed
to honor their own rules and regulations.

I am entitled to 36 months, [13 months, plus up to 1 additional
month for each 6 months, by which the original date exceeds 96 months].
I'm serving a 158 month set-off; I have been incarcerated 104 months con-
tinuously ; if the Commission and Parole Examiner Otis Thomas had awarded
me a 36 month reduction for superior program achievement my parole effec-
tive date would have been June 29, 2004. [3/]  The Commission and Parole Ex-
aminer Otis Thomas cannot say they awarded me this reduction because the
commission rules and regulations states that the following procedures
apply to all types of considerations: Initial Hearings (where the pri-
soner has been in custody for the required period).  Interm Hearings,
pre-release review, etc. and that whenever credit for superior program
achievement is given, the following wording will be added to the Notice
of Action: "The above decision includes a [] month credit for superior
program achievement, specifically: (describe the nature, extent and du-
ration of superior program achievement".  I have 3 Notice of Actions,
there is no mention of awarding a reduction for superior program achive-
ment in compliance with the commission own rules and regualtions.
(Exhibits: B,C,D).

---

[2/] The board relied on noncriminal and criminal violations for the
offense behavior of assault W/I to Murder [no one was shot, hurt or
injured in the case")

---

[3/] I have demonstrated documented superior program achievement in educa-
tional, vocational industry, food service, and counseling programs with
good conduct starting from 8/12/94 to the present. The Commission and
Parole Examiner Otis Thomas have once again failed to honor, recognized
and award me a reduction for superior program achievement. A violation
of their own rules and regulations that give the U.S. Commission this
authority, 28 C.F.R. 2.60(A)(b)(c)(e), 2.14(A)(2)(ii)(1). The Commission
should order my effective release, since the Commission and Parole Ex-
aminer Otis Thomas is more concern with using discriminatory arbitrary
and capricious vindictive procedures to keep me incarcerated longer.
The Commission and Parole Examiner Otis Thomas failed to use these guide-
lines in a fundamental fairness manner to see whether I have been reha-
bilitated. I'm asking with respect to be awarded 36 months reduction for
superior program achievement for the 9 years of spending my prison time

TE001964

I'm respectfully asking that my hearing be reopened and the commission award me the 36 months for superior program achievement that I truly deserve. I support this claimed entitlement with (Exhibits: E,F,G) and the statue 28 C.F.R. 2.60(A)(b)(c)(e) and 28 C.F.R. 2.14(A)(2)(ii)(1) that authorize the U.S. Commission to grant and award me this advancement which the U.S. Commission and Parole Examiner Otis Thomas failed to do so and once again abused its discretion for failure to articulate the standards of eligibility for a government benefit is an indicim of a denial of due process.

This is one of many legal errors that have occurred in all of my parole hearings held by the U.S. Commission and Parole Examiner Otis Thomas. They have continuously violated my constitutional rights and still continue to make abusive decisions in my case, violating my constitutional rights and their own rules and regulations. How many times will the Commission and Parole Examiner Otis Thomas be entitle to keep violating my constitution rights and making these abusive decisions. Congress has charged the parole commission with conducting parole hearings and thereafter determining whether a given prisoner is eligible for parole, 18 U.S.C. 4201 et seq. In order to ensure that a prisoner's due process rights are respected throughout the parole determination, congress both (A) codified certain procedural statutes to guide the commission, e.g. 18 U.S.C. 4206, and (b) authorized the commission to promulgate rules and regulations in a fair manner. 18 U.S.C. 4203 (A)(1). The commission, in response established 28 C.F.R. 2.70 et seq. authority and functions of the U.S. Parole Commission with respect to District of Columbia Code Offenders. The Parole Commission's handling of my parole

---

3/cont. in an exceptionally constructive manner, staying disciplinary free (good conduct) and devoting all of my time to rehabilitation, my institution conduct has had a significant positive impact upon the operation of the institution and has provided an outstanding example of the constructive use of prison time, in the State of Maryland (DOC) (educational,counseling programs, with good conduct), District of Columbia (DOC) (educational, vocational, industry and counseling programs, with good conduct) and the Federal (BOP) (educational, vocational, food service and counseling programs, with good conduct). This reduction for superior

hearing demonstrates a disregard of these rules and regulations, the sum total of which is a denial of my due process rights.

First, I did not receive an opportunity at my initial parole hearing to rebut allegations of attempted murder until <u>after</u> the hearing examiner had ruled on my parole eligibility. This action on the part of the parole commission constituted a violation of 28 C.F.R. 2.55(A) by failing to provide a hearing complying with 28 C.F.R. 2.19(c).

Secondly, after the hearing, the commission may deny parole but it must explain with particularity the reason for the denial and include a summary of the information relied on in making this determination. I was denied proper notice of the factual allegations supporting the parole commission's determination that I was convicted of attempted murder. The commission violated 18 U.S.C. 4206(c) when it did not inform me of an essential piece of information upon which it relied when it determined that I was convicted of attempted murder.

Either of these two of many legal errors that have occured in all of my parole hearings conducted by the parole commission is serious enough to warrant a reversal of the District Court and a remand to the parole commission for a new parole hearing. <u>Patterson v. Gunnell</u>, 753 F.2d 253 (2nd Cir. 1985) (remanding for a new parole hearing upon finding of commission's failure to comply with 2.19(c)'s notice provision); <u>Marshall v. Lansing</u>, 839 F.2d 933, 943 (recognizing that setting aside the commission's action and remanding for a new hearing is appropriate where agency fails to comply with its own regulations) (3rd Cir. 1988).

---

3/cont.
        program achievement is calculated according to the commission's own rules and regulations 28 C.F.R. 2.60(e), the total months required by original presumptive date 158 months - 13 months reduction, plus 1 additional month for each 6 months by which the original date exceeds 96 months. My set-off is 13 years and 2 months is 158 months, I'm respectfully asking to be awarded the 36 months reduction under 28 C.F.R. 2.60, because the Commission and Parole Examiner Otis Thomas use the same rules and regulations to give me a set-off of 158 months to keep me incarcerated, they should use the same rules and regulations to award me the 36 months reduction for the 9 years of superior program achievement and to grant the effective release date June 29, 2004, (included in this effective release date is the 120 days halfway house-
    The Commission and Parole Examiner Otis Thomas Committed clear error and abuse of discretion for not considering, recognizing and awarding me superior program achievement reduction in the November 6, 2000 and July 2, 2002 hearings.

-3-

TE001066

I have tried to communicate with your office concerning this injustice that I've received, I got no response, my family and I have suffered through this ordeal and want to know what must I do to regain my free-dom, my family "need and want" me home, my presence is needed. My son is 24 years old, and my daughter is 17 years old, my wife is the same age I am, trying to keep my house, the kids and a job is not an easy task when your by yourself. I know its not easy and I am doing every-thing thats right to be granted parole. I'm 43 years old, I've been incarcerated for 104 months continuously. I understand that I violated my parole, I take full responsibility, but to continue to incarcerate me after I have done everything that was asked of me is cruel and un-sual punishment to any human being, in violation of the eighth and four-teenth amendments. I am only a parole violator doing everything I can to rehabilitate myself to return to our society. Still that's not en-ough for the Commission and Parole Examiner Otis Thomas. I have no other choice but to seek legal action because of the score or egregious violations of my constitutional rights and vindictiveness the Commission and Parole Examiner Otis Thomas has done at virtually every stage of each one of the proceedings.

## CONCLUSION

'New and significant information' which warrants reopening of the parole hearing includes:

1) The conduct of Parole Examiner Otis Thomas have violated both State and Federal Constitutions. When the commission knew I have a civil action pending against him, and still ap-pointed him to be the hearing examiner residing over my hearing;

2) 28 C.F.R. 2.60(A)(b)(c)(e), 2.14(A)(2)(ii)(1);

3) The hearing was conducted as a revocation hearing and revo-cation set-off guidelines were utilized without affording me my right to an attorney, to confront adverse witnesses and examine the evidence used against me as required under the Constitution of the United States;

4) The Commission and Parole Examiner Otis Thomas violated the due process clause of the fourteenth amendment, both State and Federal Constitutions and the fundamental fairness doc-trine through its administration of his parole and its sub-sequent application for its "late" accelerated parole revo-cation;

5) The Commission and Parole Examiner Otis Thomas violated both the due process and equal protection clause of the fourteenth amendment when it twice stayed the order of the D.C. Board of Parole the reconsider me for parole in 24 months, not 158 months;

6) The Commission and Parole Examiner Otis Thomas decision to impose a 158-month future eligibility term (FET) beyond the usual statutory D.C. Board of Parole maximum 24 months guidelines was arbitrary, capricious and a violation of due process;

7) The Commission and PArole Examiner Otis Thomas selectively prosecuted me for attempted murder in violation of the first, eighth and fourteenth amendments.

8) The Commission and Parole Examiner Otis Thomas affirmance of the D.C. Board of Parole revocation as a justification and imposition of the (FET);

9) The Commission and Parole Examiner Otis Thomas decision not to parole me and to continue incarceration is cruel and unusual punishment in violation of the eighth and fourteenth amendments;

10) The D.C. Board of Parole in revoking my parole, 24 month set-off and the Commission and Parole Examiner Otis Thomas imposition of 158 months (FET) outside the D.C. parole guidelines, acted impermissibly and in violation of my substantive due process rights.

The new information discussed herein is of "substantial significance favorable to the prisoner" thus requiring that his parole hearing be re-opened.  28 C.F.R. 2.28 and 2.75.

Please accept this letter as my explanation of what has already taken place (regarding Otis Thomas actions) as well as my attempt to resolve this matter via a new parole hearing.  Otherwise, I have no other choice but to allow certain well known public organizations (news-papers & television stations) who have been contacting my family and I to make the matter public.

Because I have been arbitrary and capriciously incarcerated for 9 years on the abusive decisions stated above and failure of the Commission and PArole Examiner Otis Thomas to apply their rules and regulations in a fundamental fairness manner, a response is required in writing no later than this day of ___May 12, 2003___.  Your failure to address these issues with results for proper redetermination of my effective parole date or immediate release will result in a

-10-

civil action being filed in the matter as well as a writ of habaes corpus. I have been denied equal protection of law by your office and I deserve compensation (Exhibit H) consist of a synopsis which carifies that I have been treated <u>differently</u> than similarly situated prisoners.

My civil action will be filed on May 13, 2003                    .

Respectfully submitted,

*Thaddeus A. Fletcher #07133-007*

CC: Civil Rights & Civil Liberties
    Complaints Office Of The
    Inspector Genereral
    U.S. Department Of Justice
    900 Pennsylvania Ave., NW Rm 4322
    Washington, D.C. 20530

    Washington Post
    Washington Times
    60 Minutes I & II
    Dateline
    20/20
    CNN
    PBS-Frontline
    Niteline
    Family

News Channels 4,5,7,9

The Center For Public Intergrity

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by first class mail to:

Office Of The Chairman
U.S. Parole Commission
5550 Friendship Blvd., Ste. 420
Chevy Chase, MD 20815

Thaddeus A. Fletcher #07133-007

-12-

# Exhibit 37

# HEARING SUMMARY

**Name: Fletcher, Thaddeus**

Reg No: **07133-007**

**Hearing Parameters**

Hearing Type ...............................: **Statutory Interim**

Hearing Date ...............................: 5/6/04

Examiner .....................................: Rob Haworth

Institution ....................................: Estill FCI

**Sentence Parameters**

Sentence Type ..............................: **DC Parole Eligible**

MR/Statutory Release .................: 8/28/2014

Full Term Date .............................: 6/27/2022

Months in Custody.......................: 117 as of 5/28/04

Fines/Restitution/Assessment ......: None

Detainer........................................: None

**Additional text regarding the above parameters:** The subject has been in custody on the violator term since the warrant was executed 8/29/98. He was given credit on the reparole guidelines for time spent in the State of Maryland on a new offense committed while on parole. For reparole guideline purposes, he has been in custody for 117 months as of 5/28/04.

---

## Prior Action & Institutional Factors

**Prior Action:** See the Prehearing Review dated 3/26/04. The subject was on parole when he committed the new offense in the State of Maryland. He was sentenced on that offense and he was released to the parole violator warrant 8/29/98. The USPC set a parole date after 158 months, 10/29/07.

This is subject's regularly scheduled Statutory Interim Hearing.

**Codefendants:** None.

**Representative & Representative's Statement:** Case Manager Sidney Rose attended the hearing and made very positive statements about this prisoner's program accomplishment, respect for staff and excellent work reports. The subject had planned to have his work supervisor present but the supervisor was unable on the date of the hearing. The subject decided to proceed with his hearing. Case Manager Rose presented this examiner with two memorandums, which are now in the file. There will be more information on those later in this summary.

**Prisoner's Statement:** The subject expressed what appeared to be sincere remorse for his mistakes in the past. He stated that following his last parole he worked hard to get his family back together and to try and keep his life on track. He stated during the hearing that he can hardly believe he allowed himself to get in a situation that led to a new criminal offense and a new sentence. He stated that he is now more committed than ever to live his

life in a way that will allow him to remain free in the community. He feels committed to his family, especially his daughter. He feels ready for release and hopes that his program accomplishments will show the kind of person he really is.

**Discipline:** None.

**Program Achievement:** This prisoner has completed a phenomenal amount of programs. It is rare to see a case with this many accomplishments. It was noted that subject had already accomplished quite a bit when he had his earlier hearings before the USPC. Those accomplishments included completing a BA Degree, Vocational Training and Self-Improvement Counseling Programs. Subject consistently received excellent work reports and has also received numerous commendations for work in prison contributions.

After the last hearing that was held 7/2/02, subject continued his program participation. He has accumulated a new list of accomplishments and they are follows:

Vocational Training as a Cook, subject completed 4000 hours and is receiving his certificate this month. Woodworking Technology, subject completed 662 hours and completed a certificate in this Vocational Course 10/30/04. Food/Plant Pesticide, subject completed 104 hours in this Vocational Training Program and received his certificate 2/25/03. Pesticide Technology, subject completed 104 hours in this Vocational Training Program and completed a certificate 11/21/02. FCI Serve Safe (a Food Service Special Program) subject completed 100 hours in this Program and received his certificate 8/14/02.

Additionally, subject has received certificates in Business Math, Computer Technology, Word 2000, Office Procedures, College Keyboarding, Computer Fundamentals, Pre Release, Character Building, HIV/AIDS Awareness, Character Building II and Pre Release.

In addition to the above a Memorandum dated 3/29/04 from Dr. Higginbotham was presented during the hearing. The memorandum shows that subject has completed Stress Management, Anger Management, Values Development, Divorce Recovery, Family Reunification and Communication Skills. Also, the memo mentions subject's excellent participation in groups and his sincere interest in improving himself.

A Memorandum dated 4/26/04 from Vocational Instructor Colson was also presented at the hearing. That memorandum shows the subject's excellent participation in the Residential Construction Course, which he completed, 10/30/03. Subject's positive attitude and hard work are mentioned as highlights of his program accomplishment. This prisoner qualifies for 24 months superior program achievement. This is based on the last decision that required him to serve 158 months to his presumptive parole date. This examiner is recommending the maximum be allowed in this case. This prisoner literally could not have done any more than he has done. The 24 months has been earned.

**Superior Program Achievement Award Recommendation:** This recommendation includes a 24-month credit for Superior Program Achievement; specifically, please see Program Achievement listed above.

**Release Plans:** Subject will live at the home of his mother in Hyattsville, MD. He will have no difficulty finding employment.

## Guideline Parameters, Evaluation & Recommendation

**Evaluation:** This prisoner is serving for very serious crimes. He is aware of the seriousness of his past behavior and seems to be genuinely remorseful and committed to showing how he has changed. This examiner believes that, in this case, subject's performance over the last 10 years is probably a better gage of how he will perform after release than his past record.

The prisoner has earned his superior program achievement award. He should receive that award at this time.

**Recommendation:** Reopen and continue to a presumptive parole date of 10/29/05 after 134 months.

**Conditions:** Drug Aftercare.

**Statutory Interim Hearing:** None.

**Guideline Use: None.**

**Additional Text:** None.

**Executive Reviewer's Comments:** Pinner: 06/01/04: I disagree with the examiner's recommendation for an SPA award of 24 months. When the Commission heard S. at a reconsideration hearing after revocation in July 2002, no award fro SPA was ordered by the Commission. Therefore, I do not believe that the examiner can now go back and consider programming about which the Commission was aware in 2002 and chose not to award a reduction for superior programming. I do recognize, however, S's positive programming since his last hearing, and recommend that the inmate receive an award of 6 months, to include 2 months based on 24 months of positive programming and 4 months for the completion of the 4,000-hour Cook Vocational Training program.

REASONS: Since your last hearing, you have completed 104 hours in the Food/Plant Pesticide VT program, 662 hours in the Woodworking Technology VT program and a memorandum dated 04/26/04 from Vocational Instructor Colson describes your excellent participation in the Residential Construction Course. In addition, you completed the Cook Vocational Training program.

JRH/PAH
May 9, 2004

# Exhibit 38

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: FLETCHER, Thaddeus
Register Number: 07133-007
DCDC No: 191-841

Institution: Estill FCI

Date:    June 5, 2004

In the case of the above-named, the following parole action was ordered:

Reopen and advance presumptive parole date of October 29, 2007. Continue to a presumptive parole on April 29, 2007. This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

You shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

In addition, you shall reside in and participate in a program of a Community Corrections Center as instructed by your Supervision Officer until discharged by the Center Director, but no later than 120 days from admission.

**REASONS:**

Retroactivity does not apply. Neither your recalculated severity rating (old Category Eight; new Category Eight) nor your recalculated salient factor risk category (old Category Good, old score 6; new Category Good, new score 6) is more favorable. This statement means that a finding has been made by the Parole Commission at your hearing that no regulatory or procedural changes have been made by the Parole Commission since your last hearing which would positively affect your case in terms of offense severity or salient factor scoring.

You have been granted a reduction of 6 month(s) from your Total Guideline Range for superior program achievement. This was granted because since your last hearing, you have completed 104 hours in the Food/Plant Pesticide VT program, 662 hours in the Woodworking Technology VT program and a memorandum dated 04-26-2004 from Vocational Instructor Colson describes your excellent participation in the Residential Construction Course. In addition, you completed the Cook Vocational Training program.

In addition, you have also been scheduled for a review hearing during May 2006.

The above decision is not appealable.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.



cc:     Sharon Barnes-Durbin, SCSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C. 20001

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: FLETCHER, Thaddeus
Register Number: 07133-007
DCDC No: 191-841

Institution: Estill FCI

Date:      March 1, 2005

As a result of the review conducted on February 26, 2005, the following action was ordered:

## Correct Notice of Action Dated June 5, 2004 as Follows:

The above decision includes a 6-month credit for Superior Program Achievement.

All other information contained in the Notice of Action remains unchanged.

THE ABOVE DECISION IS NOT APPEALABLE.

cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

# Exhibit 39

U.S. Department of Justice                                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | |
|---|---|
| Name: FLETCHER, Thaddeus | Institution: Estill FCI |
| Register Number: 07133-007 | |
| DCDC No: 191-841 | Date:      August 14, 2006 |

In the case of the above-named, the Commission orders pursuant to 28 C.F.R. §2.82 and 2.85:

No Change in presumptive parole date of April 29, 2007 and parole effective April 29, 2007 with the Sex Offender Aftercare Condition.

**With the special condition(s) as indicated below:**

You shall be subject to the Special Sex Offender Aftercare Condition. You shall participate in an in-patient or out-patient mental health program as directed by your Supervision Officer, with special emphasis on long-term sex offender testing and treatment. You are expected to acknowledge your need for treatment and to participate in good faith in achieving the program goals that will be established for you.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

In addition, you shall reside in and participate in a program of a Community Corrections Center as instructed by your Supervision Officer until discharged by the Center Director, but no later than 120 days from admission.

**REASONS**:

The Commission has determined, based upon a progress report from the Bureau of Prisons, that you have substantially maintained good institutional adjustment. The Commission has also determined, that the Sex Offender Aftercare Condition be added as a special condition because of your Rape conviction.

The decision to add the special Sex Offender Aftercare condition is APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001



U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: FLETCHER, Thaddeus | Institution: Estill FCI |
| Register Number: 07133-007 | |
| DCDC No: 191-841 | Date:   August 17, 2006 |

In the case of the above-named, the Commission orders pursuant to 28 C.F.R. §2.82 and 2.85:

## Correct Notice of Action Dated August 14, 2006 to Read:

No Change in presumptive parole date of April 29, 2007 and parole effective April 29, 2007 with the Sex Offender Aftercare Condition.

**With the special condition(s) as indicated below:**

You shall be subject to the Special Sex Offender Aftercare Condition. You shall participate in an in-patient or out-patient mental health program as directed by your Supervision Officer, with special emphasis on long-term sex offender testing and treatment. You are expected to acknowledge your need for treatment and to participate in good faith in achieving the program goals that will be established for you.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

In addition, you shall reside in and participate in a program of a Community Corrections Center as instructed by your Supervision Officer until discharged by the Center Director, but no later than 120 days from admission.

## REASONS:

The Commission has determined, based upon a progress report from the Bureau of Prisons, that you have substantially maintained good institutional adjustment. The Commission has also determined, that the Sex Offender Aftercare Condition be added as a special condition because of your Rape conviction.

**This decision may not be appealed to the Commission.**

**The Notice of Action dated August 14, 2006 was corrected to remove the statements regarding your opportunity to appeal the decision to the Commission. The Commission only permits appeals by D.C. offenders of decisions made directly after revocation hearings.**

cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C.  20001

# Exhibit 40

# ORIGINAL

1

1        UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
2      - - - - - - - - - - - - - - - -X
       THADDEUS FLETCHER,                    :
3
              Plaintiff,                     :   Case No.
4
         V.                                  :   01-CV-0601 (JDB)
5
       U.S. PAROLE COMMISSION, et al.,       :
6
              Defendants.                    :
7      - - - - - - - - - - - - - - - -X
       THADDEUS FLETCHER,                    :
8
              Plaintiff,                     :   Case No.
9
         V.                                  :   01-CV-2508 (JDB)
10
       EDWARD R. REILLY, JR., Chairman,      :
11
       United States Parole Commission       :
12
              Respondent.                    :
13     - - - - - - - - - - - - - - - -X

14                          Washington, D.C.
                            Thursday, July 20, 2006
15

16              Deposition of MARGARET QUICK, a witness
       herein, called for examination by counsel for the
17     Plaintiff in the above-entitled matter, pursuant to
       subpoena, the witness being duly sworn by PENNY M.
18     DEAN, a Notary Public in and for the District of
       Columbia, taken at the offices of The Public Defender
19     Service, 633 Indiana Avenue, N.W., Satellite Office,
       Washington, D.C., at 10:18 a.m., Thursday, July 20,
20     2006, and the proceedings being taken down by
       Stenotype by PENNY M. DEAN, RPR, and transcribed
21     under her direction.

22

23          ELLEN GRAUER COURT REPORTING CO. LLC
                126 East 56th Street, Fifth Floor
24               New York, New York 10022
                       212-750-6434
25                    REF: 81222

1              QUICK

2        Q.    In reviewing Mr. Fletcher's file, did you

3   review a hearing summary by Mr. Haworth, a hearing

4   examiner with the Parole Commission?

5        A.    Repeat that question.

6        Q.    When you reviewed Mr. Fletcher's file, did

7   you review -- did you have an opportunity to review a

8   hearing summary from Mr. Haworth, Rob Haworth, a

9   hearing examiner with the United States Parole

10  Commission?

11       A.    I had an opportunity, I doubt -- no, I

12  didn't read it because I know Mr. Haworth and I would

13  remember that.

14                  (Exhibit No. 11 was marked for

15                  identification.)

16            BY MS. SANDOVAL:

17       Q.    I'm going to ask you to familiarize

18  yourself with Exhibit 11.  In a case like this, where

19  I'm quoting from Mr. Haworth's summary, a "prisoner

20  has completed a phenomenal amount of programs and

21  this prisoner literally could not have done anything

22  more than he has done," what would the Parole Board

23  have done in a case like this, where someone has done

24  this amount of programming?

25            MS. RUSSELL:  Objection, calls for

1                            QUICK
2      speculation.
3              THE WITNESS:  I don't know what the Board
4      would have done.
5              BY MS. SANDOVAL:
6          Q.    What more would you have recommended be
7      done?
8              MS. RUSSELL:  Objection, lacks foundation.
9              THE WITNESS:  I would have recommended
10     that he be released.  I don't know what the Board
11     would have done based on my recommendation, but that
12     would have been my recommendation.  There's nothing
13     else he could do in an institution to change his
14     behavior or risk level.  He's just doing time now.
15             BY MS. SANDOVAL:
16         Q.    Just in reviewing my notes, I want to go
17     back to one question I had asked you earlier relating
18     to the PARIS documents.  That seems like days ago.
19         A.    It wasn't.
20         Q.    The case management system, was that
21     program offered to the Parole Commission?
22         A.    I don't know, but probably.
23             MS. SANDOVAL:  Off the record.
24             (Discussion off the record.)
25             MS. SANDOVAL:  We have nothing further.